IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 13-cr-00392-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. GEORGE THOMAS BROKAW,
2. JOHN J. PAWELSKI,
**3. MIMI M. VIGIL**, and
4. CLARA M. MUELLER,

       Defendants.

---

**DEFENDANT VIGIL'S UNOPPOSED MOTION TO EXCLUDE 180 DAYS FROM THE OTHERWISE APPLICABLE SPEEDY TRIAL CALCULATION IN THIS ACTION, TO CONTINUE CURRENTLY SCHEDULED TRIAL DATE, AND TO EXTEND MOTIONS FILING DEADLINES**

---

       Defendant Mimi Vigil by counsel John S. Tatum, P.C., moves this Court for an unopposed Order excluding one hundred eighty days from the otherwise applicable speedy trial calculation commencing from the date the Court rules on this Motion.  We further request a corresponding continuance of the currently scheduled trial date and motions filing deadlines and that further proceedings be scheduled consistent with any such speedy trial exclusion that may be authorized.  In support of this Motion, Defendant Vigil states as follows:

       1.     Ms. Vigil is charged in a multi-defendant, eighteen count Indictment with serious offenses sounding in the nature of conspiracy to defraud the United States Department of the Treasury through the Internal Revenue Service and a further

conspiracy to obstruct and impede the administration of Internal Revenue laws by thwarting the collection of taxes owed to the Government.  See, Indictment, Counts 1 & 14 (Doc. #1, filed 9/23/13).

2. Undersigned counsel was appointed to represent Ms. Vigil on or about October 4, 2013.  She was arraigned on October 7, 2013.  A multi-week jury trial is scheduled to commence on or about December 2, 2013 with the final trial preparation conference set for November 25, 2013.  The current seventy-day speed trial limit is December 11, 2013 (see, Doc. #39, *Discovery Conference Memorandum and Order*, p. 8).

3. Government counsel have diligently arranged for defense counsel to obtain the Grand Jury transcripts and exhibits  which were received on or about October 16, 2013 and consist of approximately 564 pages.  Although we have yet to receive further discovery, we are informed by Assistant US Attorney Matthew Kirsch that the Government has identified some 15,000 pages of evidence that the Government may use in the prosecution of these conspiracies.  Mr. Kirsch further advises that the full body of materials from which the Government culled the referenced 15,000 pages exceeds two terabytes of digital data on various computer hard drives.  The Government is prepared to arrange for defense counsel to have copies of the digital materials for independent review.  Undersigned counsel is something of a computer dinosaur; but we are given to understand that this is a significant amount of data and material to independently review to determine whether portions of this additional material may be relevant and/or exculpatory to the defense.

2

4.      Aside from the sheer volume of materials, it is apparent from the Indictment that the alleged criminal activities spanned several years dating back to 2008.  Further, although not specifically referenced in the Indictment, our preliminary review of the discovered Grand Jury evidence and other preliminary investigation indicates that it may be the Government's theory that Ms. Vigil is or was a member of some type of anti-government tax protestor organization bent upon at least obstructing if not replacing the Government of the United States.  Again, this is preliminary information, but we have seen references to persons or groups who teach this anti-government ideology to persons such as Ms. Vigil.  It is quickly becoming apparent that defense counsel will have to come to understand the workings of such movements and corresponding ideologies in order to comprehend what these alleged conspiracies are really all about.  Further, it will be necessary for defense counsel to employ investigators to assist in determining what information was provided to Ms. Vigil by whom and under what circumstances and influences in order to ascertain whether culpable mental state issues are involved in the case.  Other potentially complex legal issues are apparent from the Indictment, Grand Jury evidence and our preliminary investigation which we are as yet unable to articulate, but which will take time to investigate and research.

5.      Our initial review indicates that the Court may expect to see significant motions practice in the case, including but not limited to search and seizure issues, co-conspirator statements, severance issues, and evidentiary disputes related to admissibility of anti-government/tax protestor conspiracy evidence.  In short, not only are we dealing with multiple defendants in multiple conspiracies with thousands of pages of materials and terabytes of digital data, there are significant legal issues to be

3

researched and analyzed in order to properly prepare to defend the allegations against our client.

      6.      The request for an exclusion of one hundred eighty days from the otherwise applicable speedy trial calculation contemplates such factors including the following:

    a. Undersigned counsel does not contemplate any major complex trials on his calendar during the next several months, however he does have his normal caseload with corresponding deadlines and responsibilities and has plans to be out of state to visit family for two weeks during the upcoming holiday season.  Eric Klein, Esq., counsel for Defendant Brokaw has asked us to inform the Court that he is involved in a large drug case, 13-cr-161-REB, which also has vast amounts of discovery materials which will require a significant amount of his time during the next several months.

    b. Given the volume of anticipated discovery, the vast majority of which has not yet been provided, counsel estimates that an exclusion of one hundred fifty days would be necessary to secure and utilize necessary investigative resources to review and analyze the discovery, conduct our independent investigation and sort out anticipated legal and factual issues.

    c. Counsel estimates that an additional thirty day exclusion would be necessary to research and draft anticipated motions.

4

    d. Depending upon the posture of the case after the Court considers and rules upon anticipated motions, additional excludable time may be necessary for trial preparation.  At this time we are unable to comment specifically on such an eventuality given the early stage of proceedings and lack of detailed information regarding the eventual status of the case.

  7. We have consulted with Assistant United States Attorneys Matthew Kirsch and Martha Paluch and are authorized to state that the Government does not object to the relief requested herein.  We have also consulted with co-defendants' counsel Eric Klein, Richard Stuckey and Miller Leonard and are authorized to state that Defendants Brokaw, Pawelski and Mueller join in the relief requested herein.

  8. 18 U.S.C. § 3161(h)(7) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(B) authorizes a continuance where a failure to grant such a continuance in the proceeding would be "likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice", and "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161 (h)(7)(B)(i),(iv).  Further, for the reasons set forth in this motion, this case should be deemed complex within the meaning of Title 18, United States Code, Section 3161(h)(7)(B)(ii) in that it would be unreasonable to expect adequate preparation for pre-trial and trial proceedings within the normal time limits prescribed by law.

9.     As is evidenced by the severity of the charges facing Ms. Vigil, the complexity of the case, and the sheer volume of materials to be reviewed and analyzed, an exclusion of one hundred eighty days from the otherwise applicable speedy trial calculation would serve the best interests of the defendant and the public by permitting defense counsel to properly prepare and file appropriate motions, taking into account the exercise of due diligence.

10.    Under the factors set out in *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987), as well as the teachings of *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009) and *United States v. Medrano*, 2009 WL 4547801 *1-3 (08-1273)(C.A. 10th Circuit, December 7, 2009), even with due diligence expended by involved counsel, a reasonable amount of excluded time is necessary to provide adequate time for investigation and to provide effective motions practice and trial preparation to the defendant herein.

WHEREFORE, Ms. Vigil, with the joinder of all named co-defendants and the absence of objection by the Government, respectfully requests that the Court issue an Order granting the following relief:

a. Excluding one hundred eighty days from the otherwise applicable speedy trial calculation under 18 U.S.C. 3161, said period of exclusion to commence on the date that the Court rules upon this Motion;

b. Continuing the currently scheduled trial date of December 2, 2013 and corresponding trial readiness conference date.

c. Extending the currently scheduled motions filing date of October 22, 2013 and currently scheduled response filing date of October 31, 2013.

Respectfully submitted this 21st day of October, 2013.

                                                  Respectfully submitted,

                                                  JOHN S. TATUM, P.C.

                                                  s/ John S. Tatum
                                                  John S. Tatum
                                                  12351 East Cornell Avenue
                                                  Aurora, Colorado  80014
                                                  Telephone: (303) 750-6888
                                                  Facsimile: (303) 750-8279
                                                  Email:  john@johntatumlaw.com
                                                  Attorney for Defendant Mimi Vigil

## CERTIFICATE OF SERVICE

       I hereby certify that on this 21st day of October, 2013, a true and correct copy of the foregoing **DEFENDANT VIGIL'S UNOPPOSED MOTION TO EXCLUDE 180 DAYS FROM THE OTHERWISE APPLICABLE SPEEDY TRIAL CALCULATION IN THIS ACTION, TO CONTINUE CURRENTLY SCHEDULED TRIAL DATE, AND TO EXTEND MOTIONS FILING DEADLINES** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew T. Kirsch, Esq.
Martha A. Paluch, Esq.
Assistant United States Attorneys
matthew.kirsch@usdoj.gov
martha.paluch@usdoj.gov

Eric K. Klein, Esq.
eklein@jbk-law.com
Attorney for George Thomas Brokaw

Richard N. Stuckey, Esq.
dick@richardstuckeylaw.com
Attorney for John J. Pawelski

Miller Leonard, Esq.
miller@themillerleonardlawfirm.com
Attorney for Clara M. Mueller

                                                  s/ Mary Unrein