IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  13-cr-00392-CMA

United States of America,

      Plaintiff,

v.

1.  George Thomas Brokaw,
2.  John J. Pawelski,
3.  Mimi M. Vigil, and
4.  Clara M. Mueller,

      Defendants.

---

**FIRST SUPERSEDING INDICTMENT**
**Count 1: 18 U.S.C. § 286**
**Counts 2-13:  18 U.S.C. § 287**
**Count 14:  18 U.S.C. § 371**
**Counts 15-18:  26 U.S.C. § 7212(a)**

---

The Grand Jury charges that:

## COUNT 1

**George Thomas Brokaw, John J. Pawelski,**
**Mimi M. Vigil, and Clara M. Mueller**
**(18 U.S.C. § 286 – Conspiracy to File False Claims for Refund)**

### A.  Introduction

1.    Defendants George Thomas Brokaw, John J. Pawelski, Mimi M. Vigil, and

Clara M. Mueller, during the time periods charged in this Indictment, were all residents

of Colorado Springs, Colorado, within the District of Colorado.

2.      The Internal Revenue Service ("IRS") was and is an agency of the United States Department of the Treasury responsible for administering and enforcing the tax laws of the United States of America.

3.      IRS Forms 1099 are used to report, among other things, interest income and associated withholding to the IRS.  "Original Issue Discount" (OID) income is a form of interest income typically realized on debt instruments that were issued at a discount or purchased for less than the ultimate redemption value of the debt instrument.

## B.  The Conspiracy

4.      Beginning in or about October 2008, and continuing until in or about May of 2009, the exact dates being unknown to the Grand Jury, in the State and District of Colorado, defendants George Thomas Brokaw, John J. Pawelski, Mimi M. Vigil, and Clara M. Mueller, and others known and unknown to the Grand Jury, agreed, combined, and conspired with each other to defraud the United States by attempting to obtain and aiding in attempts to obtain the payment and allowance of false, fictitious and fraudulent claims on behalf of themselves and others by submitting false claims for income tax refund to the United States Department of Treasury through the Internal Revenue Service.

## C.  Manner and Means of the Conspiracy

5.      The conspiracy was accomplished, in part, through the following manner and means:

6.      Defendants George Thomas Brokaw, John J. Pawelski, Mimi M. Vigil, and Clara M. Mueller, filed or caused to be filed false, fictitious and fraudulent Form 1040 tax

returns containing false claims for refunds in their names, including the following returns:

| Defendant | Date Filed | Tax Year | Refund Claimed |
|-----------|-----------|----------|----------------|
| Pawelski | 10/23/08 | 2004 | $40,598.92 |
| Pawelski | 10/23/08 | 2005 | $5,797,182.70 |
| Pawelski | 10/23/08 | 2006 | $9,189,983.58 |
| Pawelski | 10/23/08 | 2007 | $7,933,781.70 |
| Vigil | 12/10/08 | 2005 | $372,169 |
| Mueller | 1/6/09 | 2005 | $382,530 |
| Brokaw | 5/1/09 | 2003 | $68,063 |
| Brokaw | 5/1/09 | 2004 | $55,185 |
| Brokaw | 5/1/09 | 2005 | $48,131 |
| Brokaw | 5/1/09 | 2006 | $71,858 |
| Brokaw | 5/1/09 | 2007 | $52,374 |
| Brokaw | 5/1/09 | 2008 | $62,607 |

7.    In connection with these false tax returns, Brokaw, Pawelski, Vigil, and Mueller submitted or caused to be submitted false Forms 1099-OID.  These Forms 1099-OID falsely reported that financial institutions, lenders, or other entities had withheld and paid over to the IRS interest income from accounts which did not generate such interest income and from which no such withholdings were made, including mortgages, credit card accounts, and checking accounts.  The returns claimed false refunds based on these false claims of withholdings.

8.    Various defendants worked together, and/or with unindicted co-conspirator C.M., in the filing of these false tax returns.  For example:

A.  On or about February 25, 2009, Brokaw submitted to the IRS false hand-written Forms 1099-OID claiming false OID income for the years 2003-2008. Mueller mailed these forms to the IRS for Brokaw.

B.  On or about May 1, 2009, Brokaw submitted to the IRS false Form 1040 tax returns and Forms 1099-OID claiming false OID income for the years 2003-2008.  Vigil signed an "Affidavit of Notary Presentment" certifying that Brokaw appeared before her on May 1, 2009, with the false tax returns and Forms 1099-OID for the years 2003-2008, and that she mailed these false claims to the IRS for Brokaw.

C.  On or about May 15, 2009, Vigil submitted to the IRS a 2005 Form 1040 tax return that claimed false 1099-OID income.  Mueller certified that she mailed to the IRS Vigil's 2005 Form 1040 tax return.  Mueller also notarized Vigil's signature on a document entitled "Power of Attorney" that was submitted with Vigil's 2005 Form 1040 tax return.

D.  On March 24, 2010, Brokaw hand-delivered to the IRS a number of documents, including Brokaw's 2007 Joint Form 1040 return that claimed false 1099 OID income. Pawelski signed a Certification of Delivery as a witness to the fact that Brokaw hand-delivered these documents to the IRS, and Vigil signed the same Certification of Delivery as a notary verifying that Brokaw hand-delivered these documents to the IRS.

9.      Brokaw, Pawelski, Vigil, Mueller, and C.M. and others communicated between themselves via email about using these Form 1099-OIDs to avoid their tax

responsibilities and to obtain fraudulent tax refunds.

All in violation of Title 18, United States Code, Section 286.

## COUNTS 2 – 7

**George Thomas Brokaw**
**(18 U.S.C. § 287 – False Claim for Refund)**

10.     The Grand Jury realleges and incorporates paragraphs 1-3 herein.

11.     On or about May 1, 2009, in the State and District of Colorado, Defendant George Thomas Brokaw, made and presented to the United States claims for payment of fraudulent tax refunds in the amounts enumerated for each count listed below with the knowledge that such claims were false, fictitious, and fraudulent.  Brokaw made the false claims by mailing and causing to be mailed joint U.S. Individual Income Tax Return, Forms 1040 with attached fictitious Forms 1099-OID, for the years and amounts listed below to the United States Department of the Treasury through the Internal Revenue Service.

| Count | Date Filed | Tax Year | Refund Claimed |
|-------|-----------|----------|----------------|
| 2 | 05/01/09 | 2003 | $68,063 |
| 3 | 05/01/09 | 2004 | $55,185 |
| 4 | 05/01/09 | 2005 | $48,131 |
| 5 | 05/01/09 | 2006 | $71,858 |
| 6 | 05/01/09 | 2007 | $52,374 |
| 7 | 05/01/09 | 2008 | $62,607 |

All in violation of Title 18, United States Code, Section 287.

<u>**COUNTS 8-11**</u>

**John J. Pawelski**
**(18 U.S.C. § 287 – False Claim for Refund**)

12.     The Grand Jury realleges and incorporates paragraphs 1-3 herein.

13.     On or about October 23, 2008, in the State and District of Colorado,

Defendant John J. Pawelski, made and presented to the United States claims for

payment of fraudulent tax refunds in the amounts enumerated for each count listed

below with the knowledge that such claims were false, fictitious, and fraudulent.

Pawelski made the false claims by mailing and causing to be mailed U.S. Individual

Income Tax Return, Forms 1040, for the years and amounts listed below to the United

States Department of the Treasury through the Internal Revenue Service.  Between

October 15, 2008, and April 15, 2009, in support of these false claims, Pawelski mailed

and caused to be mailed separately fictitious Forms 1099-OID for years 2004, 2005 and

2006.

| Count | Date Filed | Tax Year | Refund Claimed |
|-------|-----------|----------|----------------|
| 8 | 10/23/08 | 2004 | $40,598.92 |
| 9 | 10/23/08 | 2005 | $5,797,182.70 |
| 10 | 10/23/08 | 2006 | $9,189,983.58 |
| 11 | 10/23/08 | 2007 | $7,933,781.70 |

All in violation of Title 18, United States Code, Section 287.

## COUNT 12

**Mimi M. Vigil**
**(18 U.S.C. § 287 – False Claim for Refund)**

14.     The Grand Jury realleges and incorporates paragraphs 1-3 herein.

15.     On or about December 10, 2008, in the State and District of Colorado,

Defendant Mimi M. Vigil, made and presented to the United States a claim for payment

of a fraudulent tax refund in the amount of **$372,169** with the knowledge that such claim

was false, fictitious, and fraudulent.  Vigil made the false claim by mailing and causing

to be mailed a 2005 U.S. Individual Income Tax Return, Form 1040, to the United

States Department of the Treasury through the Internal Revenue Service.

All in violation of Title 18, United States Code, Section 287.

## COUNT 13

**Clara M. Mueller**
**(18 U.S.C. § 287 – False Claim for Refund)**

16.     The Grand Jury realleges and incorporates paragraphs 1-3 herein.

17.     On or about January 6, 2009, in the State and District of Colorado,

Defendant Clara M. Mueller, made and presented to the United States a claim for

payment of a fraudulent tax refund in the amount of **$382,530,** with the knowledge that

such claim was false, fictitious, and fraudulent.  Mueller made the false claim by mailing

and causing to be mailed a 2005 U.S. Individual Income Tax Return, Form 1040, for the

year 2005, to the United States Department of the Treasury through the Internal

Revenue Service.  On November 11, 2008, in support of this false claim, Mueller mailed

and caused to be mailed separately a fictitious Form 1099-OID.

All in violation of Title 18, United States Code, Section 287.

### COUNT 14

**George Thomas Brokaw, John J. Pawelski,
Mimi M. Vigil, and Clara M. Mueller
(18 U.S.C. § 371 – Conspiracy to
Corruptly Endeavor to Obstruct or Impede the Due
Administration of the Internal Revenue Laws)**

#### A.  The Conspiracy

18.     The Grand Jury realleges and incorporates paragraphs 1-2 herein.

19.     From on or about sometime in March 2008, and continuing through on or about sometime in April 2012, the exact dates being unknown to the Grand Jury, in the State and District of Colorado, Defendants George Thomas Brokaw, John J. Pawelski, Mimi M. Vigil, and Clara M. Mueller did unlawfully, voluntarily, intentionally, knowingly and willfully conspire, combine, confederate, and agree together with each other and other individuals both known and unknown to the Grand Jury to corruptly endeavor to obstruct and impede the due administration of the Internal Revenue laws by attempting to thwart the legitimate collection of taxes owed to the IRS by them and others and to reduce their tax liability and the tax liability of others to the IRS, all in violation of Title 26, United States Code, Section 7212(a).

#### B.  Manner and Means of the Conspiracy

20.     The conspiracy was accomplished, in part, through the following manner and means:

21.     Defendants George Thomas Brokaw, John J. Pawelski,

Mimi M. Vigil, and Clara M. Mueller submitted and caused to be filed or submitted to the IRS a variety of false, fraudulent, or illegitimate documents which purported to constitute payments of taxes owed to the IRS.  These documents included "Private Registered Bonds for Setoff," "Private Registered Indemnity Bonds," "Registered Private Offset and Discharge Bonds," and "Registered Bonded Promissory Notes."  The defendants also used other similar documents for this purpose, including IRS documents on which they added handwritten text such as "money order" or "accepted for value," as well as purported electronic funds transfer (EFT) instruments drawn on closed bank accounts.

22.     Defendants George Thomas Brokaw, John J. Pawelski, Mimi M. Vigil, and Clara M. Mueller filed, submitted, and caused to be filed or submitted a variety of false and fraudulent liens or other documents which falsely claimed that IRS employees, who were engaged in legitimate tax collection efforts against one or more of the defendants, owed one or more of the defendants amounts of money ranging from tens of millions of dollars to billions of dollars.

### C.  Overt Acts of the Conspiracy

23.     In furtherance of the conspiracy, defendants Brokaw, Pawelski, Vigil and Mueller acted interdependently and committed one or more overt acts, including but not limited to the following:

24.     On or about March 25, 2008, in an attempt to thwart legitimate tax collection attempts, Pawelski submitted or caused to be submitted to the IRS a packet of documents, including a 2004 U.S. Nonresident Alien Income Tax Return, along with copies of notices of federal tax liens filed against him on which he had hand-written

"accepted for value." Pawelski also claimed that he earned no income on this tax return. Vigil certified that she mailed this packet of documents to the IRS on March 25, 2008.

25.    On or about April 1, 2009, in an attempt to reduce his tax liability, Brokaw signed and submitted or caused to be submitted to the Department of the Treasury a document entitled "Private Registered Bond for Setoff," dated March 12, 2009, payable to the Department of Treasury, in the amount of $100 Billion.  Pawelski signed this document as a surety and Mueller signed as a witness.  Vigil certified that she mailed this document, among others, to Timothy Geithner, Secretary of the Treasury, for Brokaw.

26.    On or about April 1, 2009, in an attempt to reduce his tax liability, Pawelski signed and submitted or caused to be submitted to the Department of the Treasury a document entitled "Private Registered Bond for Setoff," dated March 12, 2009, payable to the Department of Treasury, in the amount of $100 Billion.  Brokaw signed this document as a surety.  Vigil certified that she mailed this document, among others, to Timothy Geithner, Secretary of the Treasury, for Pawelski.

27.    On or about April 10, 2009, in an attempt to reduce her tax liability, Vigil signed and submitted or caused to be submitted to the Department of the Treasury a document entitled "Private Registered Bond for Setoff," dated April 2, 2009, payable to the Department of Treasury, in the amount of $100 Billion.  Brokaw and Pawelski signed this document as sureties.  Mueller certified that she mailed this document, among others, to Timothy Geithner, Secretary of the Treasury, for Vigil.

28.    On or about April 20, 2009, in an attempt to thwart legitimate tax collection attempts and to reduce her tax liability, Vigil signed and submitted or caused to be submitted to Timothy Geithner, Secretary of the Treasury, a document entitled "Private Registered Indemnity Bond," in the amount of $300 Million.  Brokaw and Pawelski signed this document as sureties and Mueller certified mailing this document to Geithner for Vigil.

29.    On or about June 2, 2009, in an attempt to thwart legitimate tax collection attempts and to reduce her tax liability, Vigil signed and submitted or caused to be submitted to Timothy Geithner, Secretary of the Treasury, a document entitled "Registered Private Offset and Discharge Bond" in the amount of $300 Million.  Brokaw and Pawelski signed this document as sureties and Mueller certified mailing this document to Geithner for Vigil.

30.    On or about June 2, 2009, in an attempt to thwart legitimate tax collection attempts and to reduce her tax liability, Vigil signed and submitted or caused to be submitted to Eric Thorson, United States Treasury, Inspector General, a document entitled "Private Registered Bond for Setoff," dated April 2, 2009, in the amount of $100 Billion.  Brokaw and Pawelski signed this document as sureties and Mueller certified mailing this document, and others, to Thorson for Vigil.

31.    On or about November 16, 2009, in order to thwart legitimate tax collection attempts and to reduce the tax liability of W.R., Brokaw and Pawelski signed as sureties on a "Private Registered Bond for Setoff" in the amount of $100 Billion

submitted to the Department of the Treasury by W.R. in purported settlement of the tax debt of W.R.

32.     On or about December 2, 2009, in an attempt to thwart legitimate tax collection attempts and to reduce her tax liability, Vigil submitted or caused to be submitted a packet of documents including a $62,435.95 "Registered Bonded Promissory Note" to IRS Revenue Officer T.P. and an IRS Form 56 appointing Timothy Geithner, Secretary of the Treasury, as her fiduciary.  Mueller certified that she mailed these documents to the IRS for Vigil.

33.     On or about December 7, 2009, in an attempt to thwart legitimate tax collection attempts and to reduce N.B.'s tax liability, Pawelski submitted or caused to be submitted a packet of documents including a "Registered Bonded Promissory Note" for $767,551.15 and an IRS Form 56 naming Timothy Geithner, Secretary of the Treasurer, as Pawelski's fiduciary to the personal residence of IRS Revenue Officer G.W. to settle the tax liability of N.B.  Vigil certified mailing these documents for Pawelski to G.W.'s personal residence.

34.     On or about February 5, 2010, in an attempt to thwart legitimate tax collection attempts, Brokaw signed and submitted or caused to be submitted to IRS employee M.G. a "Final Notice of Default and Demand for Payment" in the amount of $72,000,000 based on M.G.'s alleged libel of Brokaw.  Mueller certified that she mailed the Notice of Default for Brokaw and notarized Brokaw's signature on it.

35.     On or about March 24, 2010, in an attempt to thwart legitimate tax collection attempts, Brokaw, accompanied by Pawelski and Vigil, hand-delivered to the

IRS copies of Notices and Maritime liens against IRS employees M.P. and M.G.  The lien against M.P. claimed damages, interest, penalties and fees in the amount of $1,126,650,000.  The lien against M.G. claimed damages, interest, penalties and fees in the amount of $2,232,000,000.  Mueller notarized Brokaw's signatures on these liens.

36.    Between on or about May 2, 2011, and May 16, 2011, in an attempt to thwart legitimate tax collection attempts and to reduce his tax liability, Brokaw submitted or caused to be submitted a packet of documents to the IRS: 11 IRS payment vouchers addressed to him stating the amounts he owed to the IRS, and one life insurance policy statement.  Brokaw wrote over each of these documents, labeling them as "Money Orders" payable to the IRS to be credited to his tax liability.  Mueller notarized Brokaw's signature on the letter Brokaw submitted with these documents.

37.    On or about January 13, 2012, in an attempt to thwart legitimate tax collection attempts and to reduce his tax liability, Pawelski submitted a letter to the IRS claiming that his tax debts had been discharged by an enclosed, purported EFT instrument dated December 5, 2011, in the amount of $132,000 drawn on a closed bank account.

38.    On or about February 24, 2012, in an attempt to thwart legitimate tax collection attempts and to reduce her tax liability, Mueller submitted a letter to the IRS claiming that her tax debts had been discharged by an enclosed, purported EFT instrument dated February 24, 2012, in the amount of $16,489.25 drawn on a closed bank account.

39.     On or about March 13, 2012, in an attempt to thwart legitimate tax collection attempts and to reduce his tax liability, Brokaw mailed or caused to be mailed a letter to the IRS in which he referenced and enclosed earlier filings with the IRS and claimed that his tax debts had been discharged by an enclosed, purported EFT instrument dated November 20, 2011, in the amount of $522,692.48.  This EFT instrument was drawn on a closed bank account.

40.     On or about April 26, 2012, in an attempt to thwart legitimate tax collection attempts and to satisfy a civil tax judgment against C.L., Brokaw signed and submitted or caused to be submitted to the United States District Court for the District of Colorado a purported EFT instrument dated April 26, 2012, in the amount of $5,978,973.  This EFT instrument was drawn on a closed bank account.

All in violation of Title 18, United States Code, Section 371.

## COUNT 15

### George Thomas Brokaw
### (26 U.S.C. § 7212(a) -- Corrupt Endeavor to Obstruct or Impede the Due Administration of the Internal Revenue Laws)

41.     The Grand Jury realleges and incorporates paragraphs 1-2 herein.

42.     Beginning on or about April 1, 2009, and continuing through on or about April 26, 2012, in the State and District of Colorado, Defendant George Thomas Brokaw did corruptly endeavor to obstruct and impede the due administration of the Internal Revenue laws by attempting to thwart the legitimate collection of taxes owed to the IRS by him and others and to reduce his tax liability and the tax liability of others to the IRS, by the following means, among others:

14

43.     Brokaw committed the acts described in paragraphs 25, 26, 27, 28, 29, 30, 31, 34, 35, 36, 39, and 40, which are realleged and incorporated here.

All in violation of 26 U.S.C. § 7212(a).

## COUNT 16

**John J. Pawelski**
**(26 U.S.C. § 7212(a) -- Corrupt Endeavor to Obstruct or Impede the Due**
**Administration of the Internal Revenue Laws)**

44.     The Grand Jury realleges and incorporates paragraphs 1-2 herein.

45.     Beginning on or about March 25, 2008, and continuing through on or about January 13, 2012, in the State and District of Colorado, Defendant John J. Pawelski did corruptly endeavor to obstruct and impede the due administration of the Internal Revenue laws by attempting to thwart the legitimate collection of taxes owed to the IRS by him and others and to reduce his tax liability and the tax liability of others to the IRS, by the following means, among others:

46.     Pawelski committed the acts described in paragraphs 24, 25, 26, 27, 28, 29, 30, 31, 33, 35, and 37, which are realleged and incorporated here.

All in violation of 26 U.S.C. § 7212(a).

## COUNT 17

**Mimi M. Vigil**
**(26 U.S.C. § 7212(a) -- Corrupt Endeavor to Obstruct or Impede the Due**
**Administration of the Internal Revenue Laws)**

47.     The Grand Jury realleges and incorporates paragraphs 1-2 herein.

48.     Beginning on or about March 25, 2008, and continuing through on or about March 24, 2010, in the State and District of Colorado, Defendant Mimi M. Vigil did

corruptly endeavor to obstruct and impede the due administration of the Internal

Revenue laws by attempting to thwart the legitimate collection of taxes owed to the IRS

by her and others and to reduce her tax liability and the tax liability of others to the IRS,

by the following means, among others:

49.     Vigil committed the acts described in paragraphs 24, 25, 26, 27, 28, 29,

30, 32, 33, and 35, which are realleged and incorporated here.

All in violation of 26 U.S.C. § 7212(a).

## COUNT 18

### Clara M. Mueller
### (26 U.S.C. § 7212(a) -- Corrupt Endeavor to Obstruct or Impede the Due Administration of the Internal Revenue Laws)

50.     The Grand Jury realleges and incorporates paragraphs 1-2 herein.

51.     Beginning on or about April 1, 2009, and continuing through on or about

February 24, 2012, in the State and District of Colorado, Defendant Clara M. Mueller did

corruptly endeavor to obstruct and impede the due administration of the Internal

Revenue laws by attempting to thwart the legitimate collection of taxes owed to the IRS

by her and others and to reduce her tax liability and the tax liability of others to the IRS,

by the following means, among others:

52.     Mueller committed the acts described in paragraphs 25, 27, 28, 29, 30, 32,

34, 35, 36, and 38, which are realleged and incorporated here.

All in violation of 26 U.S.C. § 7212(a).

Dated this 21st day of October, 2013.


       A TRUE BILL


       <u>Ink signature on file in the clerk's office</u>
       FOREPERSON


JOHN F. WALSH
United States Attorney


By: <u>*s/Matthew T. Kirsch*</u>
MATTHEW T. KIRSCH
MARTHA A. PALUCH
Assistant United States Attorneys
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0404
E-mail:<u>matthew.kirsch@usdoj.gov</u>
      <u>martha.paluch@usdoj.gov</u>
Attorneys for the United States

<u>DEFENDANT</u>: GEORGE THOMAS BROKAW

<u>DOB</u>:  1945

<u>ADDRESS</u>:

    Colorado Springs, CO 80918

<u>COMPLAINT FILED?</u>    _____ YES  X\_\_\_NO

| <u>OFFENSE</u>: | **Count 1:** | 18 U.S.C. § 286 - Conspiracy to File False Claims for Refund |
| | **Counts 2 – 7:** | 18 U.S.C. § 287 – False Claim for Refund (Form 1099-OID) |
| | **Count 14:** | 18 U.S.C. § 371 – Conspiracy to Corruptly Endeavor to Obstruct or Impede the Due Administration of the Internal Revenue Laws |
| | **Count 15:** | 26 U.S.C. § 7212(a) – Corrupt Endeavor to Obstruct or Impede the Due Administration of the Internal Revenue Laws |

<u>LOCATION OF OFFENSE</u>:    El Paso County, Colorado

| <u>PENALTY</u>: | **Count 1:** | NMT 10 years imprisonment; NMT $250,000 fine, or both; NMT 3 years supervised release; and $100 Special Assessment |
| | **Counts 2 – 7:** | NMT 5 years imprisonment; NMT $250,000 fine, or both; NMT 3 years supervised release; and $100 Special Assessment |
| | **Count 14:** | NMT 5 years imprisonment; NMT $250,000 fine, or both; NMT 3 years supervised release; and $100 Special Assessment |
| | **Count 15:** | NMT 3 years imprisonment; NMT $250,000 fine, or both; NMT 1 year supervised release; and $100 Special Assessment |

<u>AGENT</u>:    Special Agent Adam Rutkowski, IRS CI
    Special Agent Klaton Knabb, TIGTA

<u>AUTHORIZED BY:</u>  Matthew T. Kirsch Assistant U.S. Attorney

<u>ESTIMATED TIME OF TRIAL:</u>
_____ five days or less
_____X___ over five days
_____ other


<u>THE GOVERNMENT</u>
_____ will seek detention in this case
_____X____ will not seek detention in this case

The statutory presumption of detention **is not** applicable to this defendant.

<u>OCDETF CASE:</u>   _____   Yes   ____X____   No

<u>DEFENDANT</u>: JOHN J. PAWELSKI

<u>DOB</u>:  1948

<u>ADDRESS</u>:

    Colorado Springs, CO 80923

<u>COMPLAINT FILED?</u>    _____ YES   X___ NO

| | | |
|---|---|---|
| <u>OFFENSE</u>: | **Count 1:** | 18 U.S.C. § 286 - Conspiracy to File False Claims for Refund |
| | **Counts 8-11:** | 18 U.S.C. § 287 – False Claim for Refund (Form 1099-OID) |
| | **Count 14:** | 18 U.S.C. § 371 – Conspiracy to Corruptly Endeavor to Obstruct or Impede the Due Administration of the Internal Revenue Laws |
| | **Count 16:** | 26 U.S.C. § 7212(a) – Corrupt Endeavor to Obstruct or Impede the Due Administration of the Internal Revenue Laws |

<u>LOCATION OF OFFENSE</u>:    El Paso County, Colorado

| | | |
|---|---|---|
| <u>PENALTY</u>: | **Count 1:** | NMT 10 years imprisonment; NMT $250,000 fine, or both; NMT 3 years supervised release; and $100 Special Assessment |
| | **Counts 8-11:** | NMT 5 years imprisonment; NMT $250,000 fine, or both; NMT 3 years supervised release; and $100 Special Assessment |
| | **Count 14:** | NMT 5 years imprisonment; NMT $250,000 fine, or both; NMT 3 years supervised release; and $100 Special Assessment |
| | **Count 16:** | NMT 3 years imprisonment; NMT $250,000 fine, or both; NMT 1 year supervised release; and $100 Special Assessment |

<u>AGENT</u>:    Special Agent Adam Rutkowski, IRS CI
    Special Agent Klaton Knabb, TIGTA

AUTHORIZED BY:  Matthew T. Kirsch, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL:
_____ five days or less
_____X__ over five days
_____ other


THE GOVERNMENT
_____ will seek detention in this case
_____X____ will not seek detention in this case

The statutory presumption of detention **is not** applicable to this defendant.

OCDETF CASE:   _____   Yes        ___X____ No

<u>DEFENDANT</u>: MIMI M. VIGIL

<u>DOB:</u>  1951

<u>ADDRESS:</u>

Colorado Springs, CO 80916

<u>COMPLAINT FILED?</u>     _____ YES   X____NO

| | | |
|---|---|---|
| <u>OFFENSE:</u> | **Count 1:** | 18 U.S.C. § 286 - Conspiracy to File False Claims for Refund |
| | **Count 12:** | 18 U.S.C. § 287 – False Claim for Refund (Form 1099-OID) |
| | **Count 14:** | 18 U.S.C. § 371 – Conspiracy to Corruptly Endeavor to Obstruct or Impede the Due Administration of the Internal Revenue Laws |
| | **Count 17:** | 26 U.S.C. § 7212(a) – Corrupt Endeavor to Obstruct or Impede the Due Administration of the Internal Revenue Laws |

<u>LOCATION OF OFFENSE:</u>     El Paso County, Colorado

| | | |
|---|---|---|
| <u>PENALTY:</u> | **Count 1:** | NMT 10 years imprisonment; NMT $250,000 fine, or both; NMT 3 years supervised release; and $100 Special Assessment |
| | **Count 12:** | NMT 5 years imprisonment; NMT $250,000 fine, or both; NMT 3 years supervised release; and $100 Special Assessment |
| | **Count 14:** | NMT 5 years imprisonment; NMT $250,000 fine, or both; NMT 3 years supervised release; and $100 Special Assessment |
| | **Count 17:** | NMT 3 years imprisonment; NMT $250,000 fine, or both; NMT 1 year supervised release; and $100 Special Assessment |

<u>AGENT:</u>          Special Agent Adam Rutkowski, IRS CI
Special Agent Klaton Knabb, TIGTA

<u>AUTHORIZED BY:</u>  Matthew T. Kirsch, Assistant U.S. Attorney

<u>ESTIMATED TIME OF TRIAL:</u>
_____   five days or less
___X_  over five days
_____   other


<u>THE GOVERNMENT</u>
_____   will seek detention in this case
_____X___  will not seek detention in this case

The statutory presumption of detention **is not** applicable to this defendant.

<u>OCDETF CASE:</u>   _____   Yes   ___X____  No

<u>DEFENDANT:</u> CLARA M. MUELLER

<u>DOB:</u>  1950

<u>ADDRESS:</u>

Colorado Springs, CO 80920

<u>COMPLAINT FILED?</u>         _____ YES    <u>X   </u>NO


<u>OFFENSE:</u>   **<u>Count 1:</u>**          18 U.S.C. § 286 - Conspiracy to File False Claims for Refund

**<u>Count 13:</u>**          18 U.S.C. § 287 – False Claim for Refund (Form 1099-OID)

**<u>Count 14:</u>**          18 U.S.C. § 371 – Conspiracy to Corruptly Endeavor to Obstruct or Impede the Due Administration of the Internal Revenue Laws

**<u>Count 18:</u>**          26 U.S.C. § 7212(a) – Corrupt Endeavor to Obstruct or Impede the Due Administration of the Internal Revenue Laws


<u>LOCATION OF OFFENSE:</u>        El Paso County, Colorado

<u>PENALTY:</u>   **<u>Count 1:</u>**           NMT 10 years imprisonment; NMT $250,000 fine, or both; NMT 3 years supervised release; and $100 Special Assessment

**<u>Count 13:</u>**          NMT 5 years imprisonment; NMT $250,000 fine, or both; NMT 3 years supervised release; and $100 Special Assessment

**<u>Count 14:</u>**          NMT 5 years imprisonment; NMT $250,000 fine, or both; NMT 3 years supervised release; and $100 Special Assessment

**<u>Count 18:</u>**          NMT 3 years imprisonment; NMT $250,000 fine, or both; NMT 1 year supervised release; and $100 Special Assessment


<u>AGENT:</u>          Special Agent Adam Rutkowski, IRS CI
Special Agent Klaton Knabb, TIGTA

AUTHORIZED BY:  Matthew T. Kirsch, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL:
_____ five days or less
___X__ over five days
_____ other


THE GOVERNMENT
_____ will seek detention in this case
____X___ will not seek detention in this case

The statutory presumption of detention **is not** applicable to this defendant.

OCDETF CASE:   _____   Yes   ___X___ No