IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 13-cr-00392-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **George Thomas Brokaw,**
2. John J. Pawelski,
3. Mimi M. Vigil, and
4. Clara M. Mueller,

    Defendants.

---

## MOTION TO WITHDRAW AS COUNSEL AND TO PERMIT MR. BROKAW TO REPRESENT HIMSELF

---

    Undersigned counsel, Eric K. Klein of Johnson, Brennan & Klein, PLLC, hereby respectfully moves the Court to permit Mr. Klein to withdraw as counsel of record, to allow Mr. Brokaw to represent himself, and to appoint Mr. Klein in a standby or advisory capacity.  The Court has already set a hearing on this matter for March 17, 2014, at 10:30 a.m.

    Mr. Brokaw is before the Court on a Superseding Indictment charging him with one count of Conspiracy to File False Claims for Refund, six counts of False Claim for Refund, one count of Conspiracy to Corruptly Endeavor to Obstruct or Impede the Due Administration of the Internal. Revenue Laws, and one count of Corrupt Endeavor to Obstruct or Impede the Due Administration of the Internal Revenue Laws.  (Doc. 53.)

Mr. Brokaw has filed multiple documents stating his desire that undersigned counsel be removed from the case and that Mr. Brokaw be permitted to act as counsel. (*See* Docs. 92, 98, 110.)  Mr. Brokaw has stated to undersigned counsel that he desires to exercise his constitutional and statutory right to represent himself in this matter.  *See* 28 U.S.C. § 1654; *Faretta v. California*, 422 U.S. 806 (1975); *United States v. Tucker*, 451 F.3d 1176 (10th Cir. 2006); *see also* D.C.COLO.LCrR. 44.1 (permitting unrepresented parties to appear before the court).

It was previously unclear to undersigned counsel if Mr. Brokaw did desire to represent himself in this matter.  Accordingly, counsel requested a hearing to determine that issue.  Mr. Brokaw has recently made it clear that he does wish to exercise his constitutional and statutory rights to represent himself.  Accordingly, undersigned counsel requests permission to withdraw as counsel of record in this matter and asks the Court to allow Mr. Brokaw to represent himself.

Undersigned counsel and Mr. Brokaw further request that the Court appoint undersigned counsel as standby or advisory counsel.  As standby counsel, undersigned counsel would be available to assist Mr. Brokaw in complying with procedural rules, filing documents, requesting subpoenas, and preparing for hearings and trial.  Counsel would further be of assistance in communicating with the government and with other counsel and Mr. Pawelski.  Counsel would also be of assistance generally in helping Mr. Brokaw protect his rights.  *See Padilla*, 819 F.2d at 959 (pro se defendant's concerns for the protection of his rights "might have been assuaged by the appointment of standby counsel").  Additionally, undersigned counsel has been in charge of coordinating expert assistance for document conversion for all defendants.  The

discovery produced to date has been well over 20,000 pages, and undersigned counsel has been the point person for obtaining approval for expert assistance and for coordinating with the expert.  For ease of future coordination of such efforts, it makes sense to keep undersigned counsel as standby counsel.  Of course, as standby counsel, undersigned counsel will not need to review the tens of thousands of pages of discovery himself and will thus save significant CJA funds that would otherwise be expended on counsel.

The Tenth Circuit has recognized that while there may not be a right to advisory or standby counsel, it is the preferred practice.  *See*, *e.g.*, *United States v. Padilla*, 819 F.2d 952, 959 (10th Cir. 1987) (holding that while not mandatory, appointment of standby counsel is the preferred practice).   Indeed, the Supreme Court has held that the preference for standby counsel is so strong that standby counsel can be appointed even over a *pro se* defendant's objection.  *E.g.*, *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) (holding that a defendant's Sixth Amendment rights are "not violated when a trial judge appoints standby counsel—even over the defendant's objection . . ."); *Faretta*, 422 U.S. at 834 n.46 (holding that "a State may—even over objection by the accused—appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary").

Standby counsel is preferred not only because it is usually of assistance to the defendant who represents himself but also because it is of assistance to the courts:

> A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel—even over the defendant's objection—to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine

3

> obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals. Participation by counsel to steer a defendant through the basic procedures of trial is permissible even in the unlikely event that it somewhat undermines the *pro se* defendant's appearance of control over his own defense.

*McKaskle*, 465 U.S. at 184. In holding that a court can appoint standby counsel even over a defendant's objection, the Supreme Court was cognizant of trial courts not becoming overly involved in assisting a *pro se* defendant and pointed out, "A defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure." *Id.* at 183. The appointment of standby counsel also serves to keep proceedings moving in the event that a defendant who elects to represent himself later changes his mind and voices a desire for the assistance of counsel. *See Faretta*, 422 U.S. at 834 n.46.

Mr. Brokaw has no legal training and has never previously proceeded through a criminal case. In the event this case goes to trial, he will be completely without experience. The Supreme Court has recognized that the standard for the ability to represent oneself at trial is a higher standard than the standard for the ability to waive counsel generally. *Indiana v. Edwards*, 554 U.S. 164, 174-77 (2008). The availability of standby counsel will serve a valuable function in assisting Mr. Brokaw and protecting his rights.

For all of the aforementioned reasons, undersigned counsel and Mr. Brokaw ask this Court to permit undersigned counsel to withdraw as counsel of record, allow Mr. Brokaw to represent himself, and appoint undersigned counsel in a standby or advisory capacity.

WHEREFORE, undersigned counsel and Mr. Brokaw ask that the Court grant this motion.

DATED this 14th day of March 2014.

Respectfully submitted,

JOHNSON, BRENNAN & KLEIN, PLLC

 s/  Eric K. Klein 
Eric K. Klein, #42185
1470 Walnut Street, Suite 101
Boulder, CO  80302
Telephone: (303) 444-1885
Facsimile:   (866) 340-8286
eklein@jbk-law.com
*Attorney for George Thomas Brokaw*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March 2014, I electronically filed the foregoing **MOTION TO WITHDRAW AS COUNSEL AND TO PERMIT MR. BROKAW TO REPRESENT HIMSELF** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

All counsel of record.

John Pawelski (pro se) by separate email

                                                   *s/ Philip Lieder*
                                                  Philip Lieder