UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION

Case Number 13-cr-00392

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | C | **FILED** |
| Plaintiff | C | UNITED STATES DISTRICT COURT |
| | C | DENVER, COLORADO |
| v. | C | APR - 8 2014 |
| | C | |
| John Pawelski | C | JEFFREY P. COLWELL |
| Defendant/Petitioner | C | CLERK |

**MOTION TO DISMISS BASED ON VIOLATION OF THE FAIR WARNING DOCTRINE**

**Fair warning doctrine** invokes due process rights and requires that criminal statute issue be sufficiently definite to notify persons of reasonable intelligence that their planned conduct is criminal. *United States v. Nevers*, 7 F.3d 59 (5th Cir. 1993). See *United States ex. Rel. Clark v. Anderson*, 502 F.2d 1080 (3d Cir. 1974) (The notice requirements of Due Process would not permit a state, after ruling one of its criminal statutes was overly vague, to apply that statute's superseding predecessor statute in the very case which ruled the successor statute unconstitutional).

In *United States ex. Rel. Clark v. Anderson*, 502 F.2d 1080 (3d Cir. 1974), 502 F.2d 1080, 1081-1082, the court found that at the time the offense occurred and the accused was indicted, "the state of Delaware had published and was holding out the new [statute] as its only proscription of such misconduct as the indictment charged." The crime was also not a crime at common law. The court ruled the new statute unconstitutional. *And by definition, an unconstitutional statute is one that fails to give fair notice that particular conduct is proscribed by the state.* See *United States v. Harris*, 1954, 347 U.S. 612, 617, 98 L.Ed. 989, 74 S.Ct. 808; *Connally v. General Construction Co.*, 1926, 269 U.S. 385, 391, 70 L.Ed. 322, 46 S.Ct. 126. Thus, the state's own interpretation of the new statute and its rejection of that section as a statutory basis for Clark's prosecution caused the court to hold that the new statute did not provide constitutionally adequate notice.

The *Clark* court determined that the defendant's conviction **could be upheld only if** the old statute, the supercession of which had been legislatively declared and publicly announced, could continue to serve as notice of the criminality of defendant's conduct. In order to reach that conclusion the court decided that one would

have to reason, first that the new statute on its face gave adequate notice of its own invalidity, and second, that the public, thus informed, was then put on further notice that the officially announced statutory repeal or supercession of the old statute was legally ineffective. Id.

The court concluded that such reasoning was "too tortured and too far removed" from reality to satisfy the due process requirement that, at the time of the alleged offense, the accused shall have been on notice that his conduct was proscribed by the criminal law. The court could not even surmount the first hurdle that the new statute could serve as notice of its own invalidity. Without that notice, no occasion was available to consider the old statute as possibly relevant.

As in the *Clark* case, and its Supreme Court precedents, to meet Due Process, any delegation of authority related to 1099OIDs, which is the leading part of this case, would have had to give adequate public notice on their faces of their own invalidity and the public would have to have been put on further notice that the officially announced statutory repeal or supercession of the old statutes was legally effective. The court can not even reach the first hurdle, much less the second one. The court obtained its jurisdiction to prosecute crimes pursuant to 18 U.S.C. § 3231. Without proper notice of the invalidity of the statute, defendant's indictment and conviction can not be upheld and the court has only one choice, to order dismissal of defendant's indictment and conviction ab initio.

According to standing precedent, this court had absolutely no jurisdiction to prosecute Defendant under either 18 U.S.C. § 3231 or the prior enactment. Its conclusory argument is incorrect as a matter of law. Its charges cannot stand under the Fair Warning Doctrine and Due Process.

## INVALIDITY OF PRIOR STATUTE

That same day President Truman signed into law Public Law 80-773 enacting into positive law Title 28, United States Code. Act of June 25, 1948, Ch. 646, § 1, 62 Stat. 869. That Act positively repealed the former criminal jurisdiction granted to the district courts. id., § 39 *et seq.*, 62 Stat. 991 *et seq.* (positive repeal listing former 28 U.S.C. § 41, ¶ 2 in schedule of repealed statutes).

## LACK OF JURISDICTION

"Federal courts are courts of limited jurisdiction ... Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction." Insurance Corp. of Ireland Ltd. v. Compagnie des Bauxite de Guinea, 456 U.S. 694, 701 (1982); Kline v. Burke Constr. Co., 260 U.S. 226, 234 (1922) (all lower federal courts "derive[] [their] jurisdiction wholly from the authority of Congress"); United States v. Hudson & Goodwin, 11 U.S. 32, 33 (1812) (federal courts "possess no jurisdiction but what is given to them by the power that creates them."). United States v. Hall, 98 U.S. 343, 345 (1879) (federal "courts possess no jurisdiction over crimes and offenses ... except what is given to them by the power that created them"); Hudson & Goodwin, 11 U.S. at 33-34. See also, e.g., United States v. Wiltberger, 18 U.S. 76, 95-105 (1820) ("the power of punishment is vested in the legislative, not the judicial department," criminal statutes are to be construed strictly, "probability" cannot serve to "enlarge a statute" and an offense not clearly within the terms of a statute precludes federal court jurisdiction).

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Fair Warning Doctrine was delivered to the Clerk of Court by Federal Express Overnight delivery April 7, 2014. Clerk of the Court will send notification of such filing to all counsel of record.

John Joseph Pawelski
6432 Rockville Drive
Colorado Springs, Colorado