IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Criminal Action No. 13-cr-00392-CMA

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR -8 2014

JEFFREY P. COLWELL
CLERK

UNITED STATES OF AMERICA,
Plaintiff,
v.
**John J. Pawelski**,
Defendant

## DEFENDANT JOHN J PAWELSKI'S MOTION TO SUPPRESS EVIDENCE – ILLEGAL SEARCH OF HOME

Petitioner John Joseph Pawelski respectfully moves for an Order suppressing and barring for use as evidence in trial seized in an unconstitutionally unreasonable search as follows:

1. JOHN J PAWELSKI is charged in a multi count Indictment with offenses sounding in the nature of filing false claims for tax refunds, obstructing the Internal Revenue Service and with conspiracies to commit said offenses. See, Indictment, Counts 1, 8-11, 14 & 16 (Doc. #1, filed 9/23/13).

2. In the course of what appears to be an extensive investigation, agents obtained and executed a warrant for the search of defendant's home. The warrant was issued by United States Magistrate Judge Michael Watanabe on or about September 13, 2011. See, Doc. # 5, filed September 22, 2011, Search And Seizure Warrant, Case No. 11-sw-05439-MJW, In the Matter of the Search of 513 Shady Crest Circle, Colorado Springs, CO 80916. Numerous documents and other items of physical evidence were seized.

3. While reviewing discovery provided by the Government in this case, petitioner found among the materials seized by agents during the search many items outside of the search and seizure warrant.
    1. Books and records of Crystal Waters Trust
    2. Books and records of Tiger Trading Company
    3. Books and records of Bafongoo Trust.
    4. Certificate of live birth for John Joseph Pawelski
    5. 2 Certificates of birth for John J Pawelski
    6. 2 books relating to court procedures and questions to be used in court
    7. 8 pocket constitutions
    8. Foreclosure documents
    9. hand written customer lists
    10. business cards of customers and William Frankel
    11. documents from mortgage claim center

5. The petitioner has no evidence of bad faith upon the part of the investigating agents nor the United States Attorney's Office with respect to the seizure of the above stated documents.

6. Petitioner requests that the Court take judicial notice that the Warrant issued by Magistrate Judge Watanabe did not authorize the Government to seize the above stated materials.

7. Accordingly, the above stated documents should be suppressed as evidence in this case, the original of said documents returned and all paper and digital copies of said documents in the possession of the Government or any other party should be destroyed because:
    (1) the above stated documents were seized in violation of defendants 4th Amendment right to be free from unreasonable searches and seizures in that the seizure exceeded the scope of the Warrant and may not be seized absent some legally recognized exception thereto.

## APPLICABLE LAW

The Fourth Amendment Warrant Clause "categorically prohibits the issuance of any warrant except one particularly describing the place to be searched and the persons or things to be seized." Maryland v. Garrison, 480 U.S. 79, 84 (1987).

The Court has held that the purpose of this "particularity requirement" is to prevent mere general searches designed to fish out evidence through harassment. "By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit."

The Tenth Circuit's case law against exploratory rummaging is particularly strong. "As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." U.S. v. Janus Industries, 48 F.3d 1548, 1553-54 (10th Cir. 1995). See, also, U.S. v. Foster, 100 F.3d 846, 849-50 (10th Cir. 1996). This is because grossly exceeding the scope of the warrant undermines its validity by destroying the particularity requirement and transforming the warrant into a general search.

WHEREFORE, Petitioner John Joseph Pawelski requests that the evidence seized in the search of September 23, 2011 be suppressed and for such other and further relief as the Court deems fit.

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Motion to Suppress Evidence was delivered via Federal Express Overnight on this 7th day of April 2014 to the Clerk of the Court, which will send notification of such filing to all counsel of record.

Respectfully Submitted,

John Joseph Pawelski
6432 Rockville Drive
Colorado Springs, Colorado