IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   13-cr-00392-CMA-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **George Thomas Brokaw,**
2. John J. Pawelski,
3. Mimi M. Vigil, and
4. Clara M. Mueller,

    Defendants.

---

### GOVERNMENT'S RESPONSE TO PRO SE DEFENDANT GEORGE THOMAS BROKAW'S MOTION FOR THE RETURN OF PROPERTY [# 137]

---

Pro Se Defendant George Thomas Brokaw ("defendant") seeks an order from this Court directing the return of property seized from his home at 2260 Palm Drive, Colorado Springs, Colorado, pursuant to a search and seizure warrant executed on September 20, 2011.  (Doc. # 137).   Defendant alleges his property was seized in violation of the Fourth Amendment and that the search warrant and affidavit were invalid.   *Id.* at 2.  These allegations have no basis, and the Court should deny the motion.

While defendant cites no authority to support his request, a motion for the return of property is typically governed by Rule 41(g) of the Federal Rules of Criminal Procedure.  This Rule provides in relevant part:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. . . .   The court

1

> must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The extant authority on this issue fully supports the government's retention of all of the seized items until the conclusion of the criminal case.

The Advisory Committee Notes to the 1989 Amendments to Rule 41 indicate that the general test for returning property is reasonableness under all of the circumstances. "If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable."  *Id.*   The defendant bears the burden of establishing under Rule 41(g) that "the retention of the property by the government is unreasonable . . . ."  *In re Matter of Search of Kitty's East,* 905 F.2d 1367, 1375 (10th Cir. 1990).

Published cases addressing Rule 41(g) motions generally recognize that the United States is entitled to retain property seized pursuant to a search warrant until the conclusion of a criminal case.   *See, e.g.*, *United States v. Shigemura,* 664 F.3d 310, 312 (10th Cir. 2011); *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212-13 (10th Cir. 2001) ("the date on which a claimant can reasonably be expected to inquire after property that has been seized by the United States in conjunction with criminal proceedings . . . is the date on which the criminal proceedings against the claimant have concluded").   Even after a conviction, a defendant bears the burden under Rule 41(g) of demonstrating that the government's retention of property is unreasonable.   *In re Matter of Search of Kitty's East,* 905 F.2d at 1375.

The defendant's motion should be denied because he failed to make any showing

2

to demonstrate that the retention of this evidence through completion of his criminal case is unreasonable.

An additional basis for denial of defendant's motion is the fact it is more properly viewed as one brought pursuant to Fed. R. Crim. P. 12(b)(3)(C).   The Tenth Circuit and other courts have held that, when criminal charges are pending, a Rule 41 motion for return of property should be treated as a Rule 12 motion to suppress.   *In re Search of the Premises Known as 6455 South Yosemite,* 897 F.2d 1549 (10th Cir. 1990); *United States v. A Building Housing a Business Known as Machine Products Co. Inc.,* 139 F.R.D. 111, 118 n.11 (W.D. Wisc. 1990) ("[w]hen formal charges have been filed, the appropriate vehicle for the resolution of [motions for return or suppression of property] is a motion to suppress under Fed. R. Crim. P. 12(b)(3))"; *United States v. Wallace,* 12-CR-00230, 2013 WL 1707904, at *8 (N.D. Ga Mar. 21, 2013) ("if there is a pending criminal prosecution, courts should view Rule 41(g) motions as tied to a criminal prosecution governed by Rule 12") (citation omitted)).

Accordingly, the government has construed this pro se defendant's motion as one brought pursuant to Rule 12(b)(3)(C), and submits that it should be denied.   Defendant has not identified a single, specific piece of evidence seized outside the scope of the warrant.   A motion to suppress "must raise factual allegations that are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact . . . are an issue."   *United States v. Sandoval,* 390 F.3d 1294, 1301 (10th Cir. 2004) (citations omitted); *United States v. Barajas-Chavez,* 358 F.3d 1263, 1266 (10th Cir. 2004) (same).

3

Defendant asserts the search of his residence violated the Fourth Amendment, however, he offers only unsupported allegations to support this claim. The defendant "bears the burden of 'proving a factual nexus' between the Fourth Amendment violation and the seizure of the evidence sought to be suppressed." *United States v. Tisdale*, 248 F.3d 964, 970 (10th Cir. 2001). In general, searches conducted "pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *United States v. Leon,* 468 U.S. 897, 922 (1984); *United States v. Ellis,* 6 F.3d 1447, 1454 (10th Cir. 1993). The defendant's motion contains nothing to prompt a deeper inquiry into the reasonableness of the search of his house.

Finally, defendant challenges the validity of the search warrant and affidavit, first claiming that the search warrant lacks an "affidavit or complaint from an attorney from the government," as required by Rule 4. (Doc. #137 at 2). Federal Rule of Criminal Procedure 4 pertains to an arrest warrant or summons obtained on a complaint, and is therefore inapplicable here. Instead, Fed. R. Crim. P. Rule 41 applied to this search and seizure. It required that the application and affidavit both be signed by the agent, and the warrant signed by the magistrate judge. Because those signatures appear on the appropriate documents, *see* Case No. 11-sw-05438-MJW (Docs. # 1 and # 5), they were valid and therefore properly authorized a reasonable search.

For these reasons, defendant's motion should be denied.

Respectfully submitted this 18th day of April, 2014.

                JOHN F. WALSH
                United States Attorney


                s/ Martha A. Paluch
                MARTHA A. PALUCH
                MATTHEW T. KIRSCH
                Assistant U.S. Attorneys
                1225 17th Street, Suite 700
                Denver, CO 80202
                Telephone 303-454-0100
                Facsimile 303-454-0402
                Email: martha.paluch@usdoj.gov
                        matthew.kirsch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

John S. Tatum, Esq.
john@johntatumlaw.com
Attorney for Mimi M. Vigil

Miller Leonard, Esq.
miller@themillerleonardlawfirm.com
Attorney for Clara M. Mueller

I hereby certify that on this 18th day of April, 2014, I emailed the foregoing to the following e-mail addresses:

George Thomas Brokaw, Pro Se
Tombrokaw33@msn.com

John J. Pawelski, Pro Se
Johnski9999@gmail.com

                                              s/ Deborah Sisung
                                              Deborah Sisung
                                              Legal Assistant
                                              United States Attorney's Office
                                              1225 17th Street, Suite 700
                                              Denver, CO 80202
                                              303 454-0100
                                              Fax: 303 454-0402
                                              Deborah.Sisung@usdoj.gov