**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.   13-cr-00392-CMA-02

UNITED STATES OF AMERICA,

     Plaintiff,

v.

    1.     George Thomas Brokaw,
    2.     **John J. Pawelski**,
    3.     Mimi M. Vigil, and
    4.     Clara M. Mueller,

     Defendants.

---

**GOVERNMENT'S RESPONSE TO PRO SE DEFENDANT JOHN JOSEPH PAWELSKI'S MOTION FOR THE RETURN OF PROPERTY [# 104] and 2nd MOTION TO RETURN PROPERTY [# 153]**

---

In his first motion for the return of property, filed February 26, 2014, Pro Se Defendant John Joseph Pawelski ("defendant") requested an order from this Court directing agents of the Internal Revenue Service (IRS) and Treasury Inspector General for Tax Administration (TIGTA) to return property seized from his home pursuant to a search and seizure warrant executed on September 20, 2011.   (Doc. # 104.)   Defendant filed a "2nd Motion to Return Property" on April 7, 2014, which motion is identical to his first motion.   (Doc. # 153.)   The only basis defendant cites for the relief he seeks is that "[t]hese organizations have had ample time to evaluate and copy the material taken." (Docs. # 104 and # 153 at 1.)   These motions are groundless and should be denied.

While defendant cites no authority to support his request, a motion for the return of

1

property is typically governed by Rule 41(g) of the Federal Rules of Criminal Procedure.

This Rule provides in relevant part:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. . . .   The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The extant authority on this issue fully supports the government's retention of all of the

seized items until the conclusion of the criminal case.

The Advisory Committee Notes to the 1989 Amendments to Rule 41 indicate that

the general test for returning property is reasonableness under all of the circumstances.

"If the United States has a need for the property in an investigation or prosecution, its

retention of the property generally is reasonable."   *Id.*   The defendant bears the burden

of establishing under Rule 41(g) that "the retention of the property by the government is

unreasonable . . . ."   *In re Matter of Search of Kitty's East,* 905 F.2d 1367, 1375 (10th Cir.

1990).

Published cases addressing Rule 41(g) motions generally recognize that the

United States is entitled to retain property seized pursuant to a search warrant until the

conclusion of a criminal case.   *See, e.g.*, *United States v. Shigemura,* 664 F.3d 310, 312

(10th Cir. 2011); *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212-13 (10th Cir.

2001) ("the date on which a claimant can reasonably be expected to inquire after property

that has been seized by the United States in conjunction with criminal proceedings . . . is

the date on which the criminal proceedings against the claimant have concluded").   Even

after a conviction, a defendant bears the burden under Rule 41(g) of demonstrating that

2

the government's retention of property is unreasonable.   *In re Matter of Search of Kitty's East,* 905 F.2d at 1375.

Accordingly, the defendant's motion should be denied because he failed to make any showing to demonstrate that the retention of this evidence through the completion of his criminal case is unreasonable.

An additional basis for denial of defendant's motion is the fact it is more properly viewed as one brought pursuant to Fed. R. Crim. P. 12(b)(3)(C).   The Tenth Circuit and other courts have held that, when criminal charges are pending, a Rule 41 motion for return of property should be treated as a Rule 12 motion to suppress.   *In re Search of the Premises Known as 6455 South Yosemite,* 897 F.2d 1549 (10th Cir. 1990); *United States v. A Building Housing a Business Known as Machine Products Co. Inc.,* 139 F.R.D. 111, 118 n.11 (W.D. Wisc. 1990) ("[w]hen formal charges have been filed, the appropriate vehicle for the resolution of [motions for return or suppression of property] is a motion to suppress under Fed. R. Crim. P. 12(b)(3))"; *United States v. Wallace,* 12-CR-00230, 2013 WL 1707904, at \*8 (N.D. Ga Mar. 21, 2013) ("if there is a pending criminal prosecution, courts should view Rule 41(g) motions as tied to a criminal prosecution governed by Rule 12") (citation omitted)).   This is true, even where here, defendant does not seek suppression of the evidence.   *In re Search of the Premises Known as 6455 South Yosemite,* 897 F.2d at 1554 (even where motion is filed "solely" for the return of property, the court must determine whether the Rule 41(g) motion is in any way "tied to a criminal prosecution *in esse* against the movant").

3

Accordingly, the government has construed this pro se defendant's motion as one brought pursuant to Rule 12(b)(3)(C), and submits that it should be denied.   Defendant has not identified a single, specific piece of evidence seized outside the scope of the warrant.   A motion to suppress "must raise factual allegations that are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact . . . are an issue."   *United States v. Sandoval,* 390 F.3d 1294, 1301 (10th Cir. 2004) (citations omitted); *United States v. Barajas-Chavez,* 358 F.3d 1263, 1266 (10th Cir. 2004) (same).   In addition, defendant "bears the burden of 'proving a factual nexus' between the Fourth Amendment violation and the seizure of the evidence sought to be suppressed."   *United States v. Tisdale*, 248 F.3d 964, 970 (10th Cir. 2001). Defendant's motion fails to meet any of these standards.

For these reasons, defendant's motions should be denied.

Respectfully submitted this 18th day of April, 2014.

> JOHN F. WALSH
> United States Attorney
>
>
> s/ Martha A. Paluch
> MARTHA A. PALUCH
> MATTHEW T. KIRSCH
> Assistant U.S. Attorneys
> 1225 17th Street, Suite 700
> Denver, CO 80202
> Telephone 303-454-0100
> Facsimile 303-454-0402
> Email: martha.paluch@usdoj.gov
>             matthew.kirsch@usdoj.gov

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

John S. Tatum, Esq.
john@johntatumlaw.com
Attorney for Mimi M. Vigil

Miller Leonard, Esq.
miller@themillerleonardlawfirm.com
Attorney for Clara M. Mueller

I hereby certify that on this 18th day of April, 2014, I emailed the foregoing to the following e-mail addresses:

George Thomas Brokaw, Pro Se
Tombrokaw33@msn.com

John J. Pawelski, Pro Se
Johnski9999@gmail.com

s/ Deborah Sisung
Deborah Sisung
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
303 454-0100
Fax: 303 454-0402
Deborah.Sisung@usdoj.gov