**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No.   13-cr-00392-CMA-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    1.    George Thomas Brokaw,
    2.    **John J. Pawelski,**
    3.    Mimi M. Vigil, and
    4.    Clara M. Mueller,

    Defendants.

---

**GOVERNMENT'S RESPONSE TO PRO SE DEFENDANT JOHN JOSEPH PAWELSKI'S MOTION TO DISMISS [# 103]**

---

Pro Se Defendant John Joseph Pawelski ("defendant") seeks an order from this Court dismissing the indictment with prejudice.   In support of this motion, the defendant submitted a Memorandum of Law which allegedly supports his claim that "the government cannot prove a crime and must dismiss the indictment with prejudice." (Doc. # 103 at 1.)   Defendant's motion must be denied, for the following reasons.

    **Legal Framework**

When a defendant moves to dismiss an indictment for failing to state an offense, "a court generally is bound by the factual allegations contained within the four corners of the indictment."   *United States v. Welch*, 327 F.3d 1081, 1090 (10th Cir. 2003) (citing *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)).   The allegations set forth in the

indictment are taken as true.  *Welch*, 327 F.3d at 1090.  "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense."  *Id.* (citation omitted).  "Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion."  *Hall*, 20 F.3d at 1087 (citation omitted).

**Argument**

In this case, the indictment clearly charged well-established violations of federal criminal law.  The defendant has not alleged any error in the indictment itself, but rather, asserts that the "government cannot prove a crime," and that he "has no mens rea, no willful blindness, and never intended to commit a crime."  (Doc. # 103 at 1-2).  These are factual defenses which the defendant may raise at trial.  They do not support his motion to dismiss.  *Hall*, 20 F.3d at 1087.

In support of his motion, the defendant submits to the Court numerous pages of classic tax defier nonsense and absurd arguments.  To discuss and respond in detail to such frivolous arguments is "usually not expedient."  *Wnuck v. Comm'r of Internal Revenue,* 136 T.C. No. 24, 2011 WL 2135394, at *1 (U.S. Tax Court May 31, 2011).  Litigants "who press such arguments are not entitled to and should not expect to receive opinions rebutting their frivolous arguments."  *Id.*

While this *pro se* defendant is entitled to have his pleadings construed liberally, *Ledbetter v. City of Topeka,* 318 F.3d 1183, 1187 (10th Cir. 2003), such liberal construction has its limits.  The Court does not take on the role of advocate for the

defendant, and he is still bound by the Federal Rules of Criminal Procedure.  *See Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005).

The government has attempted to determine whether the defendant has raised any discernible legal claim and can find none.   The defendant's challenges, to the extent they can be deciphered, appear to turn on numerous unsupported factual allegations, such as the wild assertions in Paragraph 17 of his Memorandum of Law concerning work orders allegedly issued by the U.S. Treasury upon its receipt of a birth certificate. The only sentence the government can characterize as a legal claim is defendant's assertion that the "IRS should issue the refund when properly presented as requested or instruct the petitioner what deficiency with the OID form that allegedly exists."   (Doc. # 103 at ¶ 95.) The United States agrees that when claims for refund are properly presented to the IRS, the IRS should issue refunds on those claims.   However, the defendant did not properly present claims for refund in this case.   As to instructing the defendant about the deficiencies in his OID forms, the defendant received numerous letters from the IRS notifying him that his 1099 OID filings were not only improper but frivolous.

Because the defendant has set forth no viable ground for his motion to dismiss, it must be denied.   *Nieto v. United States,* Nos. 1:08-cv-150, 1:05-cr-6, 2011 WL 4473778, at *10 (E.D. Tenn. Sept. 26, 2011) (in denying petitioner's 28 U.S.C. § 2255 claim that her counsel should have filed a motion to dismiss the indictment, the court could not "discern a viable ground for making such a motion and Nieto has failed to identify any ground to support such a motion.   Indeed, she has identified no defect in the

charging document and the Court finds none").

Respectfully submitted this 18th day of April, 2014.

>JOHN F. WALSH
>United States Attorney
>
>
>s/ Martha A. Paluch
>MARTHA A. PALUCH
>MATTHEW T. KIRSCH
>Assistant U.S. Attorneys
>1225 17th Street, Suite 700
>Denver, CO 80202
>Telephone 303-454-0100
>Facsimile 303-454-0402
>Email: martha.paluch@usdoj.gov
>           matthew.kirsch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

John S. Tatum, Esq.
john@johntatumlaw.com
Attorney for Mimi M. Vigil

Miller Leonard, Esq.
miller@themillerleonardlawfirm.com
Attorney for Clara M. Mueller

I hereby certify that on this 18th day of April, 2014, I emailed the foregoing to the following e-mail addresses:

George Thomas Brokaw, Pro Se
Tombrokaw33@msn.com

John J. Pawelski, Pro Se
Johnski9999@gmail.com

                              s/ Deborah Sisung
                              Deborah Sisung
                              Legal Assistant
                              United States Attorney's Office
                              1225 17th Street, Suite 700
                              Denver, CO 80202
                              303 454-0100
                              Fax: 303 454-0402
                              Deborah.Sisung@usdoj.gov