UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 13-cr-00392-CMA-2

| UNITED STATES OF AMERICA | C | FILED |
| --- | --- | --- |
| Plaintiff | C | UNITED STATES DISTRICT COURT |
|  | C | DENVER, COLORADO |
| V | C | 05/02/2014 |
|  | C | JEFFREY P. COLWELL, CLERK |
| JOHN J PAWELSKI | C |  |
|  | C |  |
| Defendant | C |  |
|  | C |  |

### REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISMISSAL BASED ON THE FAIR WARNING DOCTRINE

Comes now John Joseph Pawelski, Petitioner and files this Reply to the Government's Response to Motion to dismiss based on the Fair Warning Doctrine. Petitioner incorporates prior filings by reference, as if fully set forth herein.

### A. The Government Mis-interpretates the Fair Warning Doctrine

The Fair Warning Doctrine does apply to this case. The Fair Warning Doctrine is interpreted as follows.

**Fair warning doctrine** invokes due process rights and requires that criminal statute issue be sufficiently definite to notify persons of reasonable intelligence that their planned conduct is criminal. *United States v. Nevers*, 7 F.3d 59 (5th Cir. 1993). See *United States ex. Rel. Clark v. Anderson*, 502 F.2d 1080(3d Cir. 1974) (The notice requirements of Due Process would not permit a state, after ruling one of its criminal statutes was overly vague, to apply that statute's superseding predecessor statute in the very case which ruled the successor statute unconstitutional).

In *United States ex. Rel. Clark v. Anderson*, 502 F.2d 1080(3d Cir. 1974), 502 F.2d 1080, 1081-1082, the court found that at the time the offense occurred and the accused was

indicted, "the state of Delaware had published and was holding out the new [statute] as its only proscription of such misconduct as the indictment charged." The crime was also not a crime at common law. The court ruled the new statute unconstitutional. ***And by definition, an unconstitutional statute is one that fails to give fair notice that particular conduct is proscribed by the state.*** See *United States v. Harris*, 1954, 347 U.S. 612, 617, 98 L.Ed. 989, 74 S.Ct. 808; *Connally v. General Construction Co.*, 1926, 269 U.S. 385, 391, 70 L.Ed. 322, 46 S.Ct. 126. Thus, the state's own interpretation of the new statute and its rejection of that section as a statutory basis for Clark's prosecution caused the court to hold that the new statute did not provide constitutionally adequate notice.

The *Clark* court determined that the defendant's conviction **could be upheld only if** the old statute, the supercession of which had been legislatively declared and publicly announced, could continue to serve as notice of the criminality of defendant's conduct. In order to reach that conclusion the court decided that one would have to reason, first that the new statute on its face gave adequate notice of its own invalidity, and second, that the public, thus informed, was then put on further notice that the officially announced statutory repeal or supercession of the old statute was legally ineffective. Id.

The court concluded that such reasoning was "too tortured and too far removed" from reality to satisfy the due process requirement that, at the time of the alleged offense, the accused shall have been on notice that his conduct was proscribed by the criminal law. The court could not even surmount the first hurdle that the new statute could serve as notice of its own invalidity. Without that notice, no occasion was available to consider the old statute as possibly relevant.

As in the *Clark* case, and its Supreme Court precedents, to meet Due Process, any delegation of authority related to 1099OIDs, which is the leading part of this case, would have had to give adequate public notice on their faces of their own invalidity and the

public would have to have been put on further notice that the officially announced statutory repeal or supercession of the old statutes was legally effective. The court can not even reach the first hurdle, much less the second one. The court obtained its jurisdiction to prosecute crimes pursuant to 18 U.S.C. § 3231. Without proper notice of the invalidity of the statute, defendant's indictment and conviction can not be upheld and the court has only one choice, to order dismissal of defendant's indictment and conviction ab initio.

According to standing precedent, this court had absolutely no jurisdiction to prosecute Defendant under either 18 U.S.C. § 3231 or the prior enactment. Its conclusory argument is incorrect as a matter of law. Its charges cannot stand under the Fair Warning Doctrine and Due Process.

## B. The Government Mis-interpretates the Statutes

The government claims that the statutes in the indictment 18 USC sections 286, 287, and 371 have been around for a long time. Length of time is immaterial to the validity of a statute. Defendant has an absolute right to discovery related to Defendant's challenge to jurisdiction. See *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1976).

Under the In Toto Doctrine, any statute that is a part of Title 18 (1948) is invalid if Title 18 (1948) is invalid. Therefore, 18 USC 286, 287, and 387 are invalid. Title 26 is invalid because Title 18 includes 18 USC section 3231, the only statute giving the court authorization to prosecute any crime. Any statute listed, is therefore illegal.

## C. The Statute is Invalid

Public Law 80-772 (Title 18, which includes 18 USC section 3231) was never passed or signed in the presence of a Quorum or Majority of both Houses of Congress as required by Article I, Section 5, Clause 1 of the Constitution. No record exists of any quorum being present during the May 12, 1947 vote on Title 18. See 93 Cong. Rec.

5049. There is only one Supreme Court case which states that both Houses must show that a bill was passed in the presence of a quorum. See *United States v. Balin, Joseph, & Co.* 144 U.S. 1, 3 (1892). The clerk of the House states that the May 12, 1947 vote in the House was a voice vote, but the Parliamentarian of the House states that a voice vote is only valid when the journal shows that a quorum was present, and that is unlawful for the Speaker of the House to sign any enrolled bill in the absence of a quorum. Therefore, the government should have notified the court that it was acting without authority. The court can not get its authority under 18 USC section 546 (1940) because that statute was repealed in 1948. Thus the only possible authority the court could obtain was under the 1909 statute of Title 18. That is in violation of the Fair Warning Doctrine.

### D. Conclusion and Request for Subpoenas

It is clear that Title 18 and thus 18 USC section 3231 is invalid. The only prior statute that would provide the court jurisdiction is from 1909, but that would be in violation of the Fair Warning Doctrine.

The court cannot violate the law of Stare Decisis, which makes binding Article I, Section 5, Clause 1 of the Constitution and *United States v. Balin Joseph & Co.*, infra which controls this case. No lower court can overturn the Supreme Court or the Constitution.

Defendant requests 5 subpoenaes to call with records the clerk of the House, the clerk of the Senate, the Head of National Archives, and the head of the Office of Legal Counsel. Defendant under Oppenheimer is entitled to discovery.

### PRAYER FOR RELIEF
**Defendant moves the court to:**

1. **Issue an Order for a hearing in this case related to discovery and the Fair Warning Doctrine;**
2. **Issue 5 subpoenas for production and testimony;**
3. **And for such other and further relief as the court deems just and proper.**

Respectfully submitted,

*/s/ John Joseph Pawelski*
John Joseph Pawelski
6432 Rockville Drive
Colorado Springs, Colorado

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Response to Motion to dismiss based on the Fair Warning Doctrine was mailed to the Clerk of Court by first class mail on April 30, 2014. The Clerk of the Court will send notification of such filing to all counsel of record.

*/s/ John Joseph Pawelski*
John Joseph Pawelski
6432 Rockville Drive
Colorado Springs, Colorado