# EXHIBIT A

*Appendix A*

## Harley G. Lappin

**From:** "Harley G. Lappin" <harley.lappin@usdoj.gov>
**Sent:** Monday, July 27, 2009 3:17 PM



Attention all Department Heads, there has been a large volume of inmate Requests for Administrative Remedies questioning the validity of the Bureau's authority to hold or classify them under 18 U.S.C. §§ 4081, et seq., (1948). On the claim that Public Law 80-772 was never passed or signed in the presence of a Quorum or Majority of both Houses of Congress as required by Article I, § 5, Clause 1 of the Constitution. Although most courts have, thus far, relied on Field v. Clark, 143 U.S. 649(1892) to avoid ruling on the merits of these claims, however, there have been some which have stated that they were not bound by the Field case, but those cases did not involve any Quorum Clause challenge. So out of an abundance of caution, I contacted the Office of Legal Counsel, the National Archives and the Clerk of the House of Representatives to learn that there is no record of any quorum being present during the May 12, 1947 vote on the H.R. 3190 Bill in the House (See 93 Cong.Rec. 5049), and the record is not clear as to whether there was any Senate vote on the H.R. 3190 Bill during any session of the 80th Congress. There is only one Supreme Court case that says in order for any bill to be valid the Journals of both Houses must show that it was passed in the presence of a Quorum. See United States v. Ballin, Joseph & Co., 144 U.S. 1, 3 (1892). The Clerk of the House states that the May 12, 1947 vote was a 'voice vote,' but the Parliamentarian of the House states that a voice vote is only valid when the Journal shows that a quorum is present and that it's unlawful for the Speaker of the House to sign any enrolled bill in the absence of a quorum. On May 12, 1947, a presence of 218 Members in the hall of the House was required to be entered on the Journal in order for the 44 Member 38 to 6 voice vote to be legal. It appears that the 1909 version of the Federal Criminal Code has never been repealed. Therefore, in essence, our only true authority is derived from the 1948 predecessor to Public Law 80-772. "Although adjudication of the constitutionality of congressional enactments has generally been thought to be beyond the jurisdiction of federal administrative agencies, this rule is not mandatory," according to the Supreme Court in the case of Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 215 (1994). Therefore, the Bureau under the advise of the Legal Counsel feels that it is in the best interest of public safety to continue addressing all of these Administrative Remedy Requests by stating that only the Congress or courts can repeal or declare a federal statute unconstitutional.

Harley G. Lappin
Director, Federal Bureau of Prisons

7/27/2009