# EXHIBIT B

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

SHANE C. RUCZEK,

    Petitioner

v.                                        10-CV-383-S

CONSTRUCTIVE STATUTORY TRUST
DEPOSITORY TRUST CORPORATION
DONALD F. DONAHUE
UNITED STATES MARSHALS
JOHN CLARK and BRYAN MATTHEWS
UNITED STATES PROBATION
JOSEPH GIACOBBE
UNITED STATES OF AMERICA
ERIC H. HOLDER
BEHAVIORAL INTERVENTIONS
B.I. WILLIAM COOPER CFO,

    Respondents.

## DECLARATION REGARDING THE FALSITY OF THE ATTACHED DOCUMENT

    I, the undersigned, do hereby declare the following pursuant to 28 U.S.C. § 1746:

    1. I am currently the Director of the Federal Bureau of Prisons, United States Department of Justice. I have held this position since April 4, 2003.

    2. Attached to this Declaration, as Exhibit A, is what appears to be an email that I purportedly sent to "all

department Heads" on July 27, 2009. The email also bears what purports to be my signature.

3. I understand that Shane Buczek, a defendant in three criminal cases and the Petitioner in three habeas corpus cases filed in the Western District of New York, has attached Exhibit A to his pleadings in support of claims for relief.

4. I reviewed Exhibit A prior to executing this Declaration and state:

 a. I did not author Exhibit A;

 b. I did not direct, authorize, or otherwise cause the creation of Exhibit A on my behalf;

 c. I did not sign or execute Exhibit A; and

 d. I did not direct, authorize, or otherwise cause my name in the signature form to be affixed to Exhibit A.

I declare under penalty of perjury the foregoing is true and correct.

Executed on Dec. 8, 2010.

     s/Harley G. Lappin
     HARLEY G. LAPPIN
     Director, Federal Bureau of Prisons

2

Harley G. Lappin

From: "Harley G. Lappin" <harley.lappin@usdoj.gov>
Sent: Monday, July 27, 2009 3:17 PM



Attention all Department Heads, there has been a large volume of Inmate Requests for Administrative Remedies questioning the validity of the Bureau's authority to hold or classify them under 18 U.S.C. §§ 4001, et seq. (1948). On this claim that Public Law 80-772 was never passed or signed in the presence of a Quorum or Majority of both Houses of Congress as required by Article I, § 5, Clause 1 of the Constitution. Although most courts have, thus far, relied on Field v. Clark, 143 U.S. 649(1892) to avoid ruling on the merits of these claims, however, there have been some which have observed that they were not bound by the Field case, but these courts did not involve any Quorum Clause challenge. So out of an abundance of caution, I contacted the Office of Legal Counsel, the National Archives and the Clerk of the House of Representatives to learn that there is no record of any encompassing journal during the May 12, 1947 vote on the H.R. 3190 Bill in the House (See 93 Cong.Rec. 5048), and the record is not clear as to whether there was any Senate vote on the H.R. 3190 Bill during any session of the 80th Congress. There is only one Supreme Court case that even in order for a Bill to be valid the Journals of both Houses must show that it was passed in the presence of a Quorum. See United States v. Ballin, Joseph & Co., 144 U.S. 1, 3 (1892). The Clerk of the House states that the May 12, 1947 vote was a "voice vote," but the Parliamentarian of the House states that a voice vote is only valid when the Journal shows that a quorum is present and that it is unlawful for the Speaker of the House to sign any enrolled bill in the absence of a quorum. On May 12, 1947, a presence of 218 Members in the hall of the House was required to be entered on the Journal in order for the 44 Member 38 to 6 voice vote to be legal. It appears that the 1909 version of the Federal Criminal Code has never been repealed. Therefore, in essence, our only true authority is derived from the 1948 predecessor to Public Law 80-772.

"Although adjudication of the constitutionality of congressional enactments has generally been thought to be beyond the jurisdiction of federal administrative agencies, this rule is not mandatory," according to the Supreme Court, in the case of Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 215 (1994). Therefore, the Bureau under the advice of the Legal Counsel finds that it is in the best interest of public safety to continue addressing all of these Administrative Remedy Requests by stating that only the Congress or courts can repeal or declare a federal statute unconstitutional.

Harley G. Lappin
Director, Federal Bureau of Prisons

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

SHANE C. BUCZEK,

        Petitioner,

v.                                                          10-CV-383-S

CONSTRUCTIVE STATUTORY TRUST
DEPOSITORY TRUST CORPORATION
DONALD F. DONAHUE
UNITED STATES MARSHALS
JOHN CLARK and BRYAN MATTEWS
UNITED STATES PROBATION
JOSEPH GIACOBBE
UNITED STATES OF AMERICA
ERIC H. HOLDER
BEHAVIORAL INTERVENTIONS
B.I. WILLIAM COOPER CFO

        Respondents.

---

I hereby certify that on December 17, 2010, I electronically filed the attached **DECLARATION REGARDING THE FALSITY OF THE ATTACHED DOCUMENT**, with the Clerk of the District Court using its CM/ECF system, and I mailed the foregoing, by the United States Postal Service, to the following non-CM/ECF participant:

Shane C. Buczek
#: 90656-111
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44501

                                     s/Linda F. Swiatek
                                     LINDA F. SWIATEK