# EXHIBIT D

## VERIFIED AFFIDAVIT OF FACT

The Undersigned Affiant, Jonathan Thomas Gapa, a Man, hereinafter "Affiant" does solemnly affirm, declare, verify and state as follows:

1. Affiant competent to state the matters set forth herein.

2. Affiant has personal knowledge of the facts stated herein.

3. All the facts stated herein are true, correct, and complete, admissible as evidence, and if called upon as a witness, Affiant will testify to their veracity.

## Plain Statement of Facts

4. I the Affiant was an Inmate at the U.S. Bureau of Prison whose number was 40640-007.

5. I the Affiant while taking law classes and performing his duties as a law clerk in the law library at the Yazoo City Prison Facility.

6. I the Affiant did writing of administrative remedies, along with motions for myself and other inmates while researching case law on the Lexus-Nexus computer system provided by the Bureau of Prison "i.e. BOP".

7. I the Affiant's as general duties of using case law and supporting documents to gain relief through administrative remedies written to the BOP Counselors, Unit Team, Unit Coordinators, Administration, Information Officers, and Assistant Wardens while following the chain of command, I the Affiant would regularly use internal documents of the BOP to assert policy, or exceptions to policy that was unconventional.

8. I the Affiant received a copy of an email written from "Harley G. Lappin" <harley.lappin@usdoj.gov>., in response to an administrative remedy while incarcerated in Unit D1 (Delta) D01-230L of the Yazoo City, Mississippi, MED FCI, P.O. BOX 5666, Yazoo City, 39194 on or about the summer of 2010. "See Appendix A"

9. I the Affiant had seen the Harley G. Lappin letter/email dated July 27, 2009 and used it as a supporting document with administrative remedies in an attempt to gain relief from the conditions the inmates were suffering.

10. On or about the winter of 2010, J. Grider, Correctional Systems Officer, gave a response to a physical copy of this email to gauge an opinion of the validity of the argument.

11. On or about the winter of 2010, Bruce Pearson, Warden of Yazoo City Mississippi was also asked just after lunch in "main line" his opinion of the letter.

12. In responses from the BOP staff on similar arguments, presented with the Harley G. Lappin email, Affiant received the last two lines of the aforementioned Lappin email, an internal document, highlighted from Counselor Mr. Charles, under Unit Team Manager Art Truex, and his senior officer Dan (whose last name I cannot recollect), Dan was held in high esteem as a mediator of sorts in the prison guard union.

13. As Affiant was being transferred through the BOP system from Yazoo City, MS, thru Oklahoma City, OK, to Atlanta, GA, to VA, and finally to Rivers Correctional Institute, in Winston, NC, Affiant met with other law clerks and former attorneys who were also incarcerated, who had read similar arguments, and used the "Lappin letter/email", to support argument.

14. I the Affiant who received this email from my superiors within the BOP as an authentic, real, internal document sent from the former acting Director Harley G. Lappin, in present form is true correct and self-authenticating.

### Verification

The Undersigned Affiant, Jonathan Thomas Gapa, a Man, certifies that Affiant has read this Affidavit and issues the same with intent and understanding of purpose and does solemnly certify under penalty of perjury under the laws of the united States of America that the foregoing is true and correct in accordance with 28 USC 1746 (1).

_____  3 day of July, 2014 AD
Jonathan Thomas Gapa, Affiant        Date

State of Texas         )
                       )
County of Collin       )

I swear that on this 3 day of July, 2014 AD, the above named Affiant, Jonathan Thomas Gapa, appeared before me, of his own free will, and signed this Verified Affidavit of Fact.

_____ My Commission Expires: 02/14/2018
Notary Public



BRITTANI LOUGHLIN
My Commission Expires
February 14, 2018

4

Page 3 3

*Appendix A*

Page 1 of 1

**Harley G. Lappin**

From: "Harley G. Lappin" <harley.lappin@usdoj.gov>
Sent: Monday, July 27, 2009 3:17 PM



Attention all Department Heads, there has been a large volume of inmate Requests for Administrative Remedies questioning the validity of the Bureau's authority to hold or classify them under 18 U.S.C. §§ 4081, et seq., (1948). On the claim that Public Law 80-772 was never passed or signed in the presence of a Quorum or Majority of both Houses of Congress as required by Article I, § 5, Clause 1 of the Constitution. Although most courts have, thus far, relied on Field v. Clark, 143 U.S. 649(1892) to avoid ruling on the merits of these claims, however, there have been some which have stated that they were not bound by the Field case, but those cases did not involve any Quorum Clause challenge. So out of an abundance of caution, I contacted the Office of Legal Counsel, the National Archives and the Clerk of the House of Representatives to learn that there is no record of any quorum being present during the May 12, 1947 vote on the H.R. 3190 Bill in the House (See 93 Cong.Rec. 5049), and the record is not clear as to whether there was any Senate vote on the H.R. 3190 Bill during any session of the 80th Congress. There is only one Supreme Court case that says in order for any bill to be valid the Journals of both Houses must show that it was passed in the presence of a Quorum. See United States v. Ballin, Joseph & Co., 144 U.S. 1, 3 (1892). The Clerk of the House states that the May 12, 1947 vote was a 'voice vote,' but the Parliamentarian of the House states that a voice vote is only valid when the Journal shows that a quorum is present and that it's unlawful for the Speaker of the House to sign any enrolled bill in the absence of a quorum. On May 12, 1947, a presence of 218 Members in the hall of the House was required to be entered on the Journal in order for the 44 Member 38 to 6 voice vote to be legal. It appears that the 1909 version of the Federal Criminal Code has never been repealed. Therefore, in essence, our only true authority is derived from the 1948 predecessor to Public Law 80-772. "Although adjudication of the constitutionality of congressional enactments has generally been thought to be beyond the jurisdiction of federal administrative agencies, this rule is not mandatory," according to the Supreme Court in the case of Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 215 (1994). Therefore, the Bureau under the advise of the Legal Counsel feels that it is in the best interest of public safety to continue addressing all of these Administrative Remedy Requests by stating that only the Congress or courts can repeal or declare a federal statute unconstitutional.

Harley G. Lappin
Director, Federal Bureau of Prisons

7/27/2009

Reporter's Memo:
Poor Record is Due To
Quality of Original Document

... did not involve any Census ... I contacted the Office of Legal Counsel ... of the House of Representatives to see ... during the May 12, 1947 vote on H.R. 3190 in the House (36 to 6 voice vote), and the record is not clear ... was any Senate vote on the H.R. 3190 Bill during any session of the 80th Congress. There is only one Supreme Court case that says in order for any bill to be valid the Journals of both Houses must show that it was passed in the presence of a Quorum. See United States v. Ballin, Joseph & Co., 144 U.S. 1, 3 (1892). The Clerk of the House states that the May 12, 1947 vote was a "voice vote," but the Parliamentarian of the House states that a voice vote is only valid when the Journal shows that a quorum is present and that it's unlawful for the Speaker of the House to sign any enrolled bill in the absence of a quorum. On May 12, 1947, a presence of 218 members in the hall of the House was required to be entered on the Journal in order for the 44 Member 38 to 6 voice vote to be legal. It appears that the 1909 version of the Federal Criminal Code has never been repealed. Therefore, in essence, our only true authority is derived from the 1948 predecessor to Public Law 80-772. "... ... ... ... to be beyond the jurisdiction of federal ... ... not mandatory," according to the Supreme Court in the case of Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 215 (1994). Therefore, the Bureau under the advice of the Legal Counsel feels that it is in the best interest of public safety to continue addressing all of these Administrative Remedy Requests by stating that only the Congress or courts can repeal or declare a federal statute unconstitutional."



JONATHAN
GAPA



Research Card

**JONATHAN GAPA**
167072
Exp: 11/29/2014