### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF COLORADO

### DENVER DIVISION

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2014 NOV -6  AM 7: 25

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff/Respondent | § | |
| v. | § | No. 1:13-cr-00392-CMA-2 |
| JOHN J PAWELSKI | § | Verified |
| Defendant | § | |

### EMERGENCY MOTION FOR THE COURT TO DECLARE A STATE OF JUDICIAL BIAS IN THIS CASE AND TO DISMISS THIS CASE PRIOR TO TRIAL

#### List of Appendices

**Appendix A:**  Order of the District Court on 9/9/14.  Doc. 263.

**Appendix B:**  Motion to Dismiss Indictment and Charges on 9/3/14.  Doc. 261.

**Appendix C:**  Staff Memorandum of Harley Lappin on July 27, 2009 declaring Title 18 unconstitutional in which he had the Office of Special Counsel, the Clerk of the House, and the National Archives investigate documents related to Title 18 and found Title 18 unconstitutional .

**Appendix D:**  Declaration of Harley Lappin in 2010 stating that he never issued the

Staff Memorandum of July 27, 2000, a complete fraud and cover-up

**Appendix E:**  Affidavit of John Gapa, verifying that he received a copy of the Lappin Memorandum of July 27, 2009, from a Warden of the BOP and who is willing to testify

**Appendix F:**  Affidavit of Jesse Blackbonnet, verifying that he received a copy of the Lappin Memorandum of July 27, 2009 from a Warden of the BOP and who is willing to testify

Other Exhibits, Confirmations by the Clerks of the House and Senate Declaring Title 18 Unconstitutional Available Upon Request

On instructions by the Department of Justice, Lappin denied he ever issued the memorandum of July 27,

2009 and a massive cover-up began by the Department of Justice.

1

The DOJ knowingly violated 18 USC section 4001(a) which states that no citizen of the United States shall be imprisoned without a valid statute.

Even though the Department of Justice proved its cover-up and Petitioner provided the lack of jurisdiction to the district court, when had a duty under law that it would suspend proceedings and investigate the matter because of a challenge to jurisdiction, the district court failed to investigate or issued an order declaring the proceedings illegal.

Because the district court has no jurisdiction, Petitioner is actually innocent as a matter of law.

Petitioner's Constitutional rights have been violated, in violation of the Bill of Rights, 1st, 4th, 5th, 6th, 8th and 14th amendments of the Constitution.

The Department of Justice comes to these proceedings in bad faith and with unclean hands.

The court is acting as a Second prosecutor and in structural error.

The District Court has refused to acknowledge the Lack of Jurisdiction to prosecute the Petitioner.

## Table of Contents

LIST OF APPENDICES*

    Appendix A:  Order of the District Court on 10/9/14 docket 301.....................

    Appendix B:  Motion for Dismissal of Indictment docket 300......................

    Appendix C:  Lappin Memorandum of July 27, 2009.................

    Appendix D:  Lappin Declaration, December 8, 2010.................

TABLE OF AUTHORITIES ......................................................

**QUESTIONS PRESENTED** ..............................................................

**LIST OF PARTIES**

      **Petitioner** .................................................................

      **Respondents** ...............................................................

**CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED** ....

**CASE LAW INVOLVED** ..............................................................

**STATEMENT OF THE CASE** ........................................................

**JURISDICTION** ......................................................................

**FUNDAMENTAL RIGHTS OF PETITIONER**................................

**REASON FOR GRANTING THE WRIT** ........................................

**HISTORY OF THE CASE**.............................................................

**THE FOLLOWING ISSUES HAVE BEEN RESOLVED**....................

**PETITION FOR A WRIT OF MANDAMUS AND/OR PROHIBITION**

**CONCLUSION**..........................................................................

## TABLE OF AUTHORITIES

## LEGAL AUTHORITY

**Constitution**

*Article 1, Section 5, Clause 1, of the Constitution:* ............................

*United States Constitution – 1st Amendment* ....................................

*United States Constitution – 5th Amendment* ....................................

*United States Constitution – 6th Amendment* ....................................

*United States Constitution – 8th Amendment* ....................................

**Statutes**

3

*The Sixth Amendment Right to Self-Representation* ..........................

*18 USC Section 4001(a)* ...........................................................

**Case Law**

*Marbury v. Madison*, 5 US 137 (1803) ...........................................

*State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997) ...................................

*United States v. Ballin, Joseph & Co.*, 144 U.S. 1, 3 (1892) ..................

*Carol Ann Bond v. United States*, 09-1227, 6/16/11...........................

*McGrath v. Kristensen*, 340 US 162 (1972) ....................................

*Stoll v. Gottlieb*, 305 US 171-172 (1938) ......................................

*Angel v. Bullington*, 330 US 183 (1947) ........................................

*Berger v. United States*, 295 US 78, 88 (1935) ................................

*US v. Kis*, 658 F.2d 526 (7th Cir. 1981) ..........................................

*Groh v. Ramirez*, 540 U.S. 551, 563, 564 (2004) ...............................

*Johnson v. Zerbst*, 304 US 458, 468 ..............................................

*Melo v. US*, 505 F.2d 1026(1974) ...............................................

*Joyce v. U.S.*, 474 F.2d 215 (1973) ...............................................

*Rhode Island v. Massachusetts*, 37 US 657 (1838) ...........................

*Johnson v. Zerbst*, 304 US 468 (1974) ..........................................

*Joyce v. U.S.*, 474 F.2d 215 ......................................................

## QUESTIONS PRESENTED

Can an inferior Court Overturn the Constitution of the United States, the Quorum Clause of the Constitution, and the only Supreme Court Case regarding the Quorum Clause: In order for any bill to be valid, the Journals of both Houses must show that it was passed in the presence of a Quorum. *United States v. Ballin, Joseph & Co.*, 144 U.S. 1, 3 (1892).

**Can an Inferior Court Declare the Constitution of the United States and Supreme Court Rulings Frivolous?**

**Can an Inferior Court Commit Structural Error?**

**Can an Inferior Court act as a Second Prosecutor in a criminal case?**

**Can an inferior court judge receive money from the Impressed Funds Account and still be unbiased in a case.**

**Sub-part of the Issues Presented**

- **Whether a District Court (an inferior court according to the Constitution) can act without jurisdiction as declared by the Constitution and the Supreme Court?**
- **Whether a District Court judge has created bias by violating the Constitution of the United States?**
- **Whether a District Court Judge must follow the Supreme Court's only quorum ruling in *United States v. Ballin, Joseph & Co.*, 144 U.S. 1, 3 (1892) in which the** Supreme Court states that in order for any bill to be valid, the Journals of both Houses must show that it was passed in the presence of a quorum?
- Whether judicially noticed facts from the Congressional Record, 93 Cong. Rec. 5049, in which the House of Representatives voted 38 to 6 without a quorum in place, render Public Law 80-772 invalid?
- Whether a District Court Judge can Participate in Violations of its oath of office and Participate in a Cover-Up by the Department of Justice.
- Whether, upon knowledge of lack of jurisdiction by the District Court, a stay of proceedings must be issued to stop an illegal sentencing. in violation of 18 USC 4001(a)?

## <u>LIST OF PARTIES</u>

*<u>Petitioner</u>*

- **John Joseph Pawelski – An indictment was filed against Defendant on 9/23/13.  Doc. 1.**

- **No financial benefit was received from the alleged crimes.**

- **Petitioner has now uncovered the evidence that the District Court never had jurisdiction over this case, yet the District Court, acting as a second prosecutor, attempted to cover-up the evidence. Petitioner provided the evidence to the District Court initially, who have failed to address the issues.  The District Court, ignoring the Constitution and the Supreme Court, declared the Constitution and the Supreme Court "frivolous", and made an erroneous order on 9/9/14, Doc.**

5

263, referring to a previous order which has nothing to do with the motion.  The court intentionally violated the basic tenets of the Supreme Court.

See Ginsberg, concurring opinion in Carol Ann Bond vs. United States, No. 09-1227, 6/16/11:

JUSTICE GINSBURG, with whom JUSTICE BREYER joins, concurring.

I join the Court's opinion and write separately to make the following observation. Bond, like any other defendant, has a personal right not to be convicted under a constitutionally invalid law. See Fallon, As-Applied and Facial Challenges and Third-Party Standing, 113 Harv. L. Rev. 1321, 1331–1333 (2000); Monaghan, Overbreadth, 1981 Sup. Ct. Rev. 1, 3. See also North Carolina v. Pearce, 395 U. S. 711, 739 (1969) (Black, J., concurring in part and dissenting in part) ("Due process . . . is a guarantee that a man should be tried and convicted only in accordance with valid laws of the land.").

In this case, Bond argues that the statute under which she was charged, 18 U. S. C. §229, exceeds Congress' enumerated powers and violates the Tenth Amendment. Other defendants might assert that a law exceeds Congress' power because it violates the Ex Post Facto Clause, or the Establishment Clause, or the Due Process Clause. Whatever the claim, success on the merits would require reversal of the conviction. "An offence created by [an unconstitutional law]," the Court has held, "is not a crime." Ex parte Siebold, 100 U. S. 371, 376 (1880). "A conviction under [such a law] is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment." Id., at 376–377. If a law is invalid as applied to the criminal defendant's conduct, the defendant is entitled to go free.

For this reason, a court has no "prudential" license to decline to consider whether the statute under which the defendant has been charged lacks constitutional application to her conduct. And that is so even where the constitutional provision that would render the conviction void is directed at protecting a party not before the Court. Our decisions concerning criminal laws infected with discrimination are illustrative. The Court must entertain the objection—and reverse the conviction—even if the right to equal treatment resides in someone other than the defendant. See Eisenstadt v. Baird, 405 U. S. 438, 452–455 (1972) (reversing conviction for distributing contraceptives because the law banning distribution violated the recipient's right to equal protection); cf. Craig v. Boren, 429 U. S. 190, 192, 210, and n. 24 (1976) (law penalizing sale of beer to males but not females aged 18 to 20 could not be enforced against vendor). See also Grayned v. City of Rockford, 408 U. S. 104, 107, n. 2 (1972); Welsh v. United States, 398 U. S. 333, 361–362 (1970) (Harlan, J., concurring in result) (reversal required even if, going forward, Congress would cure the unequal treatment by extending rather than invalidating the criminal proscription).

In short, a law "beyond the power of Congress," for any reason, is "no law at all." Nigro v. United States, 276 U. S. 332, 341 (1928). The validity of Bond's conviction depends upon whether the Constitution permits Congress to enact §229. Her claim that it does not must be considered and decided on the merits.

The court is thus acting as a second prosecutor in this case, in violation of 28 USC §434, a high misdemeanor.

The court is also in violation of 28 USC § 455, judicial bias.

**The court has also committed structural error.**

In conducting harmless error analysis of constitutional violations in direct appeal and habeas corpus cases, the Court repeatedly has reaffirmed that "[s]ome constitutional violations ....by their very nature cast so much doubt on the fairness of the trial process that, as a matter of law, they can never be considered harmless." *Satterwhite v. Texas*, 486 U.S. 249, 256 (1988); accord *Neder v. United States*, 527 U.S. 1, 7 (1999) ("[W]e have recognized a limited class of fundamental constitutional errors that 'defy analysis by "harmless error" standards'...Errors of this type are so intrinsically harmful as to require automatic reversal (i.e., 'affect substantial rights') without regard to their effect on the outcome."); *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993) ("Although most constitutional errors have been held to harmless-error analysis, some will always invalidate the conviction." (citations omitted)); id at 283 (Rehnquist, C.J., concurring); *United States v. Olano*, 507 U.S. 725, 735 (1993); *Rose v. Clark*, 478 U.S. 570, 577-78 (1986) ("some constitutional errors require reversal without regard to the evidence in the particular case...[because they] render a trial fundamentally unfair"); *Vasquez v. Hillary*, 474 U.S. 254, 263-264 (1986); *Chapman v. California*, 386 U.S. 18, 23 (1967) ("there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error").

In conducting harmless error analysis of constitutional violations in direct appeal and habeas corpus cases[ and a fiortiori, pretrial and trial], the Court repeatedly has reaffirmed that "[s]ome constitutional violations ....by their very nature cast so much doubt on the fairness of the trial process that, as a matter of law, they can never be considered harmless." *Satterwhite v. Texas*, 486 U.S. 249, 256 (1988); accord *Neder v. United States*, 527 U.S. 1, 7 (1999) ("[W]e have recognized a limited class of fundamental constitutional errors that 'defy analysis by "harmless error" standards'...Errors of this type are so intrinsically harmful as to require automatic reversal (i.e., 'affect substantial rights') without regard to their effect on the outcome."); *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993) ("Although most

7

constitutional errors have been held to harmless-error analysis, some will always invalidate the conviction." (citations omitted)); id at 283 (Rehnquist, C.J., concurring); *United States v. Olano*, 507 U.S. 725, 735 (1993); *Rose v. Clark*, 478 U.S. 570, 577-78 (1986) ("some constitutional errors require reversal without regard to the evidence in the particular case…[because they] render a trial fundamentally unfair"); *Vasquez v. Hillary*, 474 U.S. 254, 263-264 (1986); *Chapman v. California*, 386 U.S. 18, 23 (1967) ("there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error").

### *Respondents*

#### *United States District Court for the District of Colorado*

#### *United States Attorney for the District of Colorado*

A motion to dismiss for lack of jurisdiction was filed on 9/3/14 (Doc 261).

Despite the clear evidence by fact, the Constitution, and the Supreme Court, that the district court had no jurisdiction, and the court's requirement to stop all proceedings and make clear findings of fact and law related to the jurisdictional issue, the court, once the evidence was produced, attempted to cover it up to hide it.

**Issue One:  Lack of Jurisdiction- New Evidence of the Cover-Up by the Department of Justice and the Judge's Participation**

The court acted with a complete lack of jurisdiction.  Petitioner has evidence of the Cover-Up by the Department of Justice and the District Court Judge's participation in the Cover-Up.

Petitioner's Constitutional rights, Petitioner has an absolute right to find a court that will make a ruling pursuant to the Constitution and Bill of Rights.

## CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

### *Article 1, Section 5, Clause 1, of the Constitution*:

**"Each House shall be the judge of the Elections, Returns and Qualifications of its own Members, and a Majority of each shall constitute a Quorum to do Business; but a smaller Number may adjourn from day to day, and may be authorized to compel the Attendance of absent Members, in such Manner, and under such Penalties as each House may provide."**

### *United States Constitution – 1st Amendment*

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.

### *United States Constitution – 5th Amendment*

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

### *United States Constitution – 6th Amendment*

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

*United States Constitution – 8th Amendment*

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

*The Sixth Amendment  Right to Self-Representation*

See, e.g., *Neder v. United States*, 527 U.S. 1, 8 (1999)("denial of self-representation at trial" is "'structural error,' and thus [os] subject to automatic reversal"); *Johnson v. Unites States*, 520 U.S. at 469; *Sullivan v. Louisiana*, 508 U.S. at 279; *Fulminante*, 499 U.S. at 310(majority opinion on this point of Rehnquist, C.J.); *McKaskle v. Wiggins*, 465 U.S. 168, 177-78, n.8 (1984); *Myers v. Johnson*, 76 F.3d 1330, 1336-39 (5th Cir. 1996)(per curiam)(per se prejudice rule applies to denials of self-representation on appeal as well as at trial); *Peters v. Gunn*, 33 F.3d 1190, 1193 (9th Cir. 1994)("Improper denials of the right to self-representation are not subject to harmless error analysis.").

*18 USC Section 4001(a)*

No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress.

*5 USC section 556(d), 557, and 716.*  Once Due Process is violated, jurisdiction ceases.

28 U.S.C § 454 Practicing Law from the Bench

28 U.S.C. §455 Judicial Bias

*List of Cases*

*Marbury v. Madison*, 5 US 137 (1803), was a landmark United States Supreme Court case in which the Court formed the basis for the exercise of judicial review in the United States under Article III of the Constitution.

*State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997)("it is this Court's prerogative alone to overrule its own precedent).

*United States v. Ballin, Joseph & Co.*, 144 U.S. 1, 3 (1892)(In order for any bill to be valid, the journals of both Houses must show that it was passed in the presence of a Quorum).

*Carol Ann Bond v. United States*, 09-1227, 6/16/11 (Any statute repugnant to the Constitution is void ab initio).

*McGrath v. Kristensen*, 340 US 162 (1972)(Lack o Article III jurisdiction cannot be waived and cannot be conferred upon a federal district court by consent, by action, or by stipulation).

*Stoll v. Gottlieb*, 305 US 171-172 (1938)(the validity of an order on sentencing of a fedral district court depends upon thaqt court having jurisdiction over both the subject matter and the defendant).

*Angel v. Bullington*, 330 US 183 (1947)(unless the power and authority of the court to perform a contemplated act can be found in the constitution or laws enacted therein, it is without jurisdiction and its acts are invalid.  See also LeMieux Bros. Inc. v. Tremont Lumber Co.m, Ltd., 140 F.2d 387, 389 (5th Cir. 1944); *Thomas v. Arn*, 474 US 140 (1985)(quoting *United States v. Payner*, 447 US 727 (1890)("[e]ven a sensible and efficient use of the supervisory power [of the court] however, is invalid if it conflicts with constitutional or statutory provisions.  A contrary result would confer on the judiciary power to disregard the considered limitation of the law it is charged with enforcing.").

*Berger v. United States*, 295 US 78, 88 (1935) overruled on other grounds, *Stirone v. United States*, 361 U.S. 212 (1960)(The United States attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done.  As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer.  He may prosecute with earnestness and vigor-indeed, he should do so.  But while he may strike hard blows, he is not at liberty to strike foul ones.  It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

*US v. Kis*, 658 F.2d 526 (7th Cir. 1981)("Indeed no more than that [Affidavits] is necessary to make the prima facie case." *Id* at 536.  "Moreover the threshold of relevance is a low one." *Id* at 537.  "The burden is therefore on the Respondent who must come forward with special facts to support a legally sufficient rebuttal or defense." *Id* at 538-539.

*Groh v. Ramirez*, 540 U.S. 551, 563, 564 (2004) "If the law was clearly established . . . a reasonably competent public official should know the law governing his conduct." Citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982); *State of Ohio v. Davis*, 584 N.E.2d 1192, 1196 (Sup.Ct. Ohio 1992) "<u>Judges, unlike juries, are presumed to know the law</u>."; *Leary v. Gledhill*, 84 A.2d 725, 728 (Sup.Ct. NJ 1951), 497 U.S. 639. "A court will in general take judicial notice of and apply the law of its own jurisdiction without pleading or proof thereof, the judges being deemed to know the law or at least where it is to be found."

*Joyce v. U.S.*, 474 F.2d 215 (1973)("There is no discretion to ignore lack of jurisdiction).

*Rhode Island v. Massachusetts*, 37 US 657 (1838)(When jurisdiction is challenged, all proceedings must stop and the other party must prove it on the record).

*Johnson v. Zerbst*, 304 US 468 (1974)("If the Bill of Rights is not complied with, the court no longer has jurisdiction to proceed.  The judgment....pronounced by a court without jurisdiction is void."

*Satterwhite v. Texas*, 486 U.S. 249, 256(1988)(structural error)

*Neder v. United States*, 527 U.S. 1, 7 (1999)(structural error)

*Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993)(structural error)

*United States v. Olano*, 507 U.S. 725, 735 (1993)(structural error)

*Rose v. Clark*, 478 U.S. 570, 577-78 (1986)(structural error)

*Vasquez v. Hillary*, 474 U.S. 254, 263-264 (1986)(structural error)

*Chapman v. California*, 386 U.S. 18, 23 (1967)(structural error)


## STATEMENT OF THE CASE

Petitioner moves this court, for the reasons stated herein, to declare a state of judicial bias and dismiss this case with prejudice.

Since this court has declared the Constitution and the Supreme Court of the United States frivolous, in violation of her oath of office, the only alternative is for this court to declare a state of judicial bias and dismiss this case with prejudice.

Perhaps this judge does not like Supreme Court justice Ruth Ginsberg, but that gives this judge any right to overturn her rulings.  See concurring opinion. *Carol Ann Bond v. United States,* No. 09-1227, 6/16/11, J. Ginsberg, concurring.

The District Court refused to allow Petitioner to challenge the court's jurisdiction.  A motion for dismissal of the case was presented to the Judge.  The Judge made an illegal ruling, refusing to review the jurisdiction of the court.  The judge refused to follow Supreme Court precedent and the Constitution and properly rule in the case.

Since the Motion challenged the court's jurisdiction, it was a threshold issue, and the Court was required to address the issue of its own jurisdiction immediately.  Instead, the court abdicated jurisdiction when the Court refused to properly address the issue.

Jurisdiction is a threshold issue.  The district court cannot proceed until the jurisdiction issue is resolved.  Since the district court and Appellate Court refuses, Petitioner has no choice but to have the Supreme Court declare that the district court has no jurisdiction over the case.

## JURISDICTION

**The jurisdiction of the Court regarding this Petition comes from:**

**FRAP 21, Extraordinary Writs**

**The All Writs Act, 28 USC section 1651**

**The Supreme Court authority to challenge the jurisdiction:**

**See Ginsberg concurring opinion in *Carol Ann Bond v. United States*, 09-1227 (2011).**

**JUSTICE GINSBURG, with whom JUSTICE BREYER joins, concurring.**

I join the Court's opinion and write separately to make the following observation. Bond, like any other defendant, has a personal right not to be convicted under a constitutionally invalid law. See Fallon, As-Applied and Facial Challenges and Third-Party Standing, 113 Harv. L. Rev. 1321, 1331–1333 (2000); Monaghan, Overbreadth, 1981 Sup. Ct. Rev. 1, 3. See also North Carolina v. Pearce, 395 U. S. 711, 739 (1969) (Black, J., concurring in part and dissenting in part) ("Due process . . . is a guarantee that a man should be tried and convicted only in accordance with valid laws of the land.").

In this case, Bond argues that the statute under which she was charged, 18 U. S. C. §229, exceeds Congress' enumerated powers and violates the Tenth Amendment. Other defendants might assert that a law exceeds Congress' power because it violates the Ex Post Facto Clause, or the Establishment Clause, or the Due Process Clause. Whatever the claim, success on the merits would require reversal of the conviction. "An offence created by [an unconstitutional law]," the Court has held, "is not a crime." Ex parte Siebold, 100 U. S. 371, 376 (1880). "A conviction under [such a law] is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment." Id., at 376–377. If a law is invalid as applied to the criminal defendant's conduct, the defendant is entitled to go free.

**For this reason, a court has no "prudential" license to decline to consider whether the statute under which the defendant has been charged lacks constitutional application to her conduct. And that is so even where the constitutional provision that would render the conviction void is directed at protecting a party not before the Court. Our decisions concerning criminal laws infected with discrimination are illustrative. The Court must entertain the objection—and reverse the conviction—even if the right to equal treatment resides in someone other than the defendant. See Eisenstadt v. Baird, 405 U. S. 438, 452–455 (1972) (reversing conviction for distributing contraceptives because the law banning distribution violated the recipient's right to equal protection); cf. Craig v. Boren, 429 U. S. 190, 192, 210, and n. 24 (1976) (law penalizing sale of beer to males but not females aged 18 to 20 could not be enforced against vendor). See also Grayned v. City of Rockford, 408 U. S. 104, 107, n. 2 (1972); Welsh v. United States, 398 U. S. 333, 361–362 (1970) (Harlan, J., concurring in result) (reversal required even if, going forward, Congress would cure the unequal treatment by extending rather than invalidating the criminal proscription).**

**In short, a law "beyond the power of Congress," for any reason, is "no law at all." Nigro v. United States, 276 U. S. 332, 341 (1928). The validity of Bond's conviction depends upon whether the Constitution permits Congress to enact §229. Her claim that it does not must be considered and decided on the merits.**

**The District Court's abdication of jurisdiction over the issue.**

**Article III of the Constitution**.

## THE FUNDAMENTAL RIGHTS OF PETITIONER

Petitioner, as a state citizen, has a fundamental and absolute right to Due Process of law pursuant to the 5th Amendment. Petitioner has, as a state citizen, a fundamental and absolute right of access to the Courts pursuant to the 1st Amendment. Petitioner has, as a citizen, a fundamental and absolute right to a speedy and public trial by an impartial jury of the State and district wherein the crime shall have been committed, to be informed of the nature and cause of the accusation, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to have assistance of counsel for his defense pursuant to the 6th Amendment. Petitioner has, as a state citizen, a fundamental and absolute right to be free from cruel and unusual punishment pursuant to the 8th Amendment. The Supreme Court has a duty to the Constitution to uphold rights and to make sure that inferior courts uphold rights. See *Ward v. Maryland*, 79 U.S. 419, 430 (1870.

## REASON FOR GRANTING THE MOTION

This Motion deals with one of the largest cover-ups in Department of Justice history, and the court's attempt to assist. The District Court has abdicated the responsibility and refused to address the issues. The district court has no jurisdiction pursuant to 18 USC section 3231. Therefore, the District Court transferred jurisdiction to the Court of Appeals because it refuses to address jurisdiction. The Court of Appeals referred the matter to the Supreme Court.

The issue of jurisdiction is a threshold issue, and no valid case may be had if the court lacks jurisdiction. The failure of the lower courts to immediately address the issue requires the Supreme Court to address the issue.

## HISTORY OF THE CASE

Petitioner filed a Motion to Dismiss based on new evidence of the cover-up by the Department of Justice and their attempt to cover-up their investigation and conclusion that Public Law 80-772 is unconstitutional.   Doc. 261, 9/3/14.  The court laughed at it, Doc. 263, 9/9/14 (Order declining without allowing response from the government and referring to a previous order that has nothing to do with the Motion).

### A.          H.R. 3190 In The First Session Of The 80th Congress

H.R. 3190 was introduced and committed to the Committee of the entire House of Representatives on the State of the Union of the First Session of the 80th Congress entitled "Crimes and Criminal Procedure."  See House Report No. 304 (April 24, 1947), p. 1 (App. 67).  See also 94 Cong. Rec. D556-D557 (Daily Digest) (charting H.R. 3190) (App. 65-66).  H.R. 3190 differed from  "five ... bills which ... preceded it ... [because] it constitute[d] a revision, as well as a codification, of the Federal laws relating to crimes and criminal procedure." 93 Cong. Rec. 5048-5049 (May 12, 1947) (App. 45-46).  The bill was intended (1) to revise and compile all of the criminal law, (2) to "restate[]" and "consolidate[]" "existing statutes," (3) to "repeal" "obsolete, superseded, redundant and repetitious statutes," (4) to coordinate the Criminal Code with the "Federal Rules of Criminal Procedure" formerly enacted, and (5) to "clarify and harmonize" penalties of the "many acts" passed by Congress which were found to be "almost identical." (Id.)  "The bill was ordered to be engrossed and read a third time, was read a third time, and passed" the House on May 12, 1947, id.; Journal of the House of Representatives ("House Journal"), May  12, 1947, pp. 343-344 (App. 4-5); 94 Cong. Rec. D556-D557 (showing H.R. 3190's only passage by the House of Rep. on May 12, 1947), sent to the Senate and there "referred ... to the Committee on the Judiciary."  93

15

Cong. Rec. 5121, May 13, 1947 (App. 47); Journal of the Senate ("Senate Journal"), May 13, 1947, p. 252 (App. 10).[1]

As passed and enrolled by the House of Representatives H.R. 3190 included at section 3231, Subtitled "District Courts," the following text:

> Offenses against the United States shall be cognizable in the district courts of the United States, but nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several states under the laws thereof.

H.R. 3190 as passed by the H. of Rep., p. 367, § 3231 (App. 110).  See United States v. Sasscer, 558 F. Supp. 33, 34 (D.MD. 1982).

On July 27, 1947, Congress adjourned without the Senate passing H.R. 3190.  See 93 Cong. Rec. 10439, 10522 (July 26, 1947) (App. 48-49).  On November 17, 1947, Congress reconvened pursuant to a Presidential proclamation.  Yet, Congress again "adjourned *sine die* on December 19, 1947," without the Senate passing H.R. 3190.  Kennedy v. Sampson, 511 F.2d 430, 444 Appendix n. 4 (D.C. Cir. 1974).

B.        H.R. 3190 In Second Session Of The 80th Congress

The Senate Committee on the Judiciary reported amendments to H.R. 3190 on June 14, 1948, under Sen. Rep. No. 1620.  94 Cong. Rec. 8075 (June 14, 1948) (App. 50); Senate Journal, June 14, 1948, p. 452 (App. 34).[2]  Sen. Rep. No. 1620 contained "a large volume of amendments" and "the new Federal Rules of Criminal Procedure [were] keyed to the bill and [were] reflected in part II of [the new proposed] title 18."  Heralding that, upon passage of the amended bill, "[u]ncertainty will be ended," the Senate

---

[1]        The Senate Journal for May 13, 1947, was approved by the Senate on May 14, 1947, Senate Journal, p. 259 (App. 11), and the House Journal for May 12, 1947, was approved by the House on May 13, 1947.  House Journal, p. 346 (App. 6).  The Journals of the two Houses are admissible as evidence when properly certified.  28 U.S.C. § 1736.  See also House Doc. No. 355, 59th Cong., 2nd Sess., Hinds' Precedents of the House of Representatives, § 2810, p. 34 (G.P.O. 1907) ("Certified extracts of the Journal are admitted as evidence in the courts of the United States.")  (App. 85).  *Cf.* Fed. R. Evid. Rule 902(5); see 28 U.S.C. § 2072(a) and (b).

[2]        The Senate approved its Journal for June 14, 1948.  Senate Journal, June 15, 1948, pp. 461-462 (App. 35-36).

16

wanted "the amendments adopted en bloc," including a new jurisdictional section for Title 18.  94 <u>Cong. Rec.</u> 8721 (App. 51).  The report contained only the proposed amendments.  <u>See</u> <u>Sen. Rep. No. 1620</u>, pp. 1 & 4 (App. 103-104).

"[T]he amendments were considered and agreed to en bloc" and then "ordered to be engrossed." 94 <u>Cong. Rec.</u> 8721-8722 (June 18, 1948) (App. 51-52), <u>Senate Journal</u>, June 18, 1948, p. 506 (<u>H.R. 3190</u>, "as amended," passed the Senate) (App. 37).  It was moved that "the Senate insist upon its amendments" by the House (94 <u>Cong. Rec.</u> at 8722); and "[o]rdered that the Secretary request the concurrence of the House of Representatives in the amendments."  <u>Senate Journal</u>, <u>supra</u>, p. 506; <u>House Journal</u>, June 18, 1948, p. 688 (App. 16).

The House received the proposed amendments.  The Clerk "read the Senate amendments" collectively into the record with which the House concurred.  94 <u>Cong. Rec.</u> 8864-8865 (June 18, 1948) (App. 53-54); <u>House Journal</u>, June 18, 1948, p. 704 (the "said Senate amendments were concurred in") (App. 17).  Although "[t]he House agreed to the amendments to ... H.R. 3190," <u>Senate Journal</u>, June 18, 1948, p. 510 (App. 38), no action was taken on <u>H.R. 3190</u> as amended.[3]  The <u>Journal of the House of Representatives</u> is devoid of any vote on <u>H.R. 3190</u> itself on June 18, 1948, and thereafter through adjournment on June 20, 1948.  Moreover, the official historical chart of <u>H.R. 3190</u> clearly shows the *only* passage by the House of Representatives occurring on May 12, 1947, and specifically references volume 93, page 5048 of the <u>Congressional Record</u> as the recorded date the House passed the bill.  94 <u>Cong. Rec.</u> D556-D557 (Daily Digest).

The Lappin Memorandum was issued on July 27, 2009.  The denial under oath by Lappin was issued on December 8, 2010.  The evidence of the cover-up by as many as 1,800 witnesses was received by Petitioner after trial.  Petitioner is actually innocent as a matter of law.

---

[3]     The House approved the Journal for June 18, 1948, <u>House Journal</u>, p. 714 (June 19, 1948, approving Journal for "legislative day of ... June 17, 1948" – *i.e.*, calendar day of June 18, 1948) (App. 18); <u>id.</u> at p. 669 (showing Friday, June 18, 1948, as "legislative day of Thursday, June 17, 1948") (App. 15), and the Senate approved its Journal for June 18, 19 and 20, 1948. <u>Senate Journal</u>, July 26, 1948, p. 593 (App. 44).

**THE FOLLOWING ISSUES HAVE BEEN RESOLVED IN THIS CASE**

Petitioner was charged with violation of federal law pursuant to 18 USC section 3231 on 9/23/13.

18 USC section 3231 is the only authority the lower courts have to exercise jurisdiction over a criminal case. See Public Law 80-772. Without authority pursuant to 18 USC section 3231, the district court has no authority to hear the underlying case.

According to the In Toto Doctrine, if Public Law 80-772 is invalid, 18 USC section 3231 is likewise invalid.

The Supreme Court is the only court authorized by the Constitution.

It is the Supreme Court's prerogative alone to overturn their own precedent.

The Supreme Court authorized Congress to create lower (inferior) courts as deemed necessary. Article II, Section 2, Constitution.

Under the Rule of Stare Decisis, the Constitution is the lead authority of law in the United States, followed then by the Supreme Court.

The Supreme Court, then followed by the Courts of Appeals, have the right to interpret what the Constitution means. See Article III, Section 1, of the Constitution.

The inferior courts are only authorized to act according to the Constitution, the Supreme Court precedent, and the valid laws enacted by Congress.

A lower inferior court has no authority to overturn the Constitution, and no authority to overturn Supreme Court precedent.

The court cannot take jurisdiction pursuant to the prior statute in 1940, 18 USC section 546, because that statue was repealed in 1948.

The court cannot take jurisdiction pursuant to the prior statute in 1909 because that would be in violation of the Fair Warning Doctrine.

The court or government cannot use the Enrolled Bill Rule pursuant to the ruling in *Marshall Field v. Clark*, 143 US 649 (1892), because that Rule was distinguished or overruled by *Clinton v. New York*, 524 US 417 (1998) and *United States v. Munoz-Flores*, 495 US 385 (1990), when the Supreme Court ruled that the Enrolled Bill Rule only applied to non-constitutional violations.

*United States v. Ballin, Joseph & Co.*, 144 U.S. 1, 3 (1892) is the only Supreme Court case that has determined the quorum issue (in order for any bill to be valid, the journals of both Houses must show that it was passed in the presence of a Quorum).

Article I, Section 5, Clause 1, of the Constitution requires a Quorum to be in place in Congress for Congress to legally do business.

Petitioner takes mandatory judicial notice pursuant to FRE 201 of 93 Cong. Record 9049. On May 12, 1947, a voice vote of 38 to 6 was held by the House on Public Law 80-772. 218 members of the House were required to be entered to show that a quorum was present.

18 USC section 4001(a) forbids anyone to imprison a citizen except through a valid act of Congress.

Thus, Public Law 80-772 was never passed into law since no quorum was in place on May 12, 1947 for the House  for a vote on Public Law 80-772, the only vote taken by the House, rendering 18 USC section 3231 invalid and the Court without jurisdiction to prosecute.

Petitioner has also proven by affidavit according to the standard in *Kis*, infra, that Petitioner had no Mens Rea, and therefore is actually innocent as a matter of law.

The District Court has displayed clear judicial bias in this case, structural error.

**CONCLUSION AND PRAYER FOR RELIEF**

The District Court has acted without jurisdiction in this case, refusing to address the cover-up of the DOJ and the jurisdiction of the court, and making an erroneous ruling on Petitioner's motion. Petitioner prays the court immediately declare a state of judicial bias for the facts presented herein and dismiss this case with prejudice.

Respectfully submitted,

John Joseph Pawelski

**JURAT**

Pursuant to 28 USC section 1746, I certify under the penalty of perjury that the facts stated herein are true and correct.

John Joseph Pawelski

**CERTIFICATE OF SERVICE**

On this the 6th day of November, 2014, a true and correct copy of the foregoing was served on opposing counsel by hand delivery.

John Joseph Pawelski

4:12-cv-04081-JBM   # 6-8   Page 2 of 2                                    Page 1 of 1

*APPENDIX # C*

**Harley G. Lappin**

**From:**   "Harley G. Lappin" <harley.lappin@usdoj.gov>
**Sent:**   Monday, July 27, 2009 3:17 PM



Attention all Department Heads, there has been a large volume of Inmate Requests for Administrative Remedies questioning the validity of the Bureau's authority to hold or classify them under 18 U.S.C. §§ 4081, et seq., (1948). On the claim that Public Law 80-772 was never passed or signed in the presence of a Quorum or Majority of both Houses of Congress as required by Article I, § 5, Clause 1 of the Constitution. Although most courts have, thus far, relied on Field v. Clark, 143 U.S. 649(1892) to avoid ruling on the merits of these claims, however, there have been some which have stated that they were not bound by the Field case, but those cases did not involve any Quorum Clause challenge. So out of an abundance of caution, I contacted the Office of Legal Counsel, the National Archives and the Clerk of the House of Representatives to learn that there is no record of any quorum being present during the May 12, 1947 vote on the H.R. 3190 Bill in the House (See 93 Cong.Rec. 5049), and the record is not clear as to whether there was any Senate vote on the H.R. 3190 Bill during any session of the 80th Congress. There is only one Supreme Court case that says in order for any bill to be valid the Journals of both Houses must show that it was passed in the presence of a Quorum. See United States v. Ballin, Joseph & Co., 144 U.S. 1, 3 (1892). The Clerk of the House states that the May 12, 1947 vote was a 'voice vote,' but the Parliamentarian of the House states that a voice vote is only valid when the Journal shows that a quorum is present and that it's unlawful for the Speaker of the House to sign any enrolled bill in the absence of a quorum. On May 12, 1947, a presence of 218 Members in the hall of the House was required to be entered on the Journal in order for the 44 Member 38 to 6 voice vote to be legal. It appears that the 1909 version of the Federal Criminal Code has never been repealed. Therefore, in essence, our only true authority is derived from the 1948 predecessor to Public Law 80-772. "Although adjudication of the constitutionality of congressional enactments has generally been thought to be beyond the jurisdiction of federal administrative agencies, this rule is not mandatory," according to the Supreme Court in the case of Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 215 (1994). Therefore, the Bureau under the advise of the Legal Counsel feels that it is in the best interest of public safety to continue addressing all of these Administrative Remedy Requests by stating that only the Congress or courts can repeal or declare a federal statute unconstitutional.

Harley G. Lappin
Director, Federal Bureau of Prisons

7/27/2009

APPENDIX D 

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

SHANE C. BUCZEK,

        Petitioner,

        v.                        10-CV-383-S

CONSTRUCTIVE STATUTORY TRUST
DEPOSITORY TRUST CORPORATION
DONALD F. DONAHUE
UNITED STATES MARSHALS
JOHN CLARK and BRYAN MATTEWS
UNITED STATES PROBATION
JOSEPH GIACOBBE
UNITED STATES OF AMERICA
ERIC H. HOLDER
BEHAVIORAL INTERVENTIONS
B.I. WILLIAM COOPER CFO

        Respondents.

_____

            CERTIFICATE OF SERVICE

      I hereby certify that on December 17, 2010, I electronically

filed the attached **DECLARATION REGARDING THE FALSITY OF THE**

**ATTACHED DOCUMENT**, with the Clerk of the District Court using its

CM/ECF system, and I mailed the foregoing, by the United States

Postal Service, to the following non-CM/ECF participant:

     Shane C. Buczek
     #:  90656-111
     Northeast Ohio Correctional Center
     2240 Hubbard Road
     Youngstown, OH 44501

          s/Linda F. Swiatek
          LINDA F. SWIATEK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

SHANE C. BUCZEK,

        Petitioner

      v.                                10-CV-383-S

CONSTRUCTIVE STATUTORY TRUST
DEPOSITORY TRUST CORPORATION
DONALD F. DONAHUE
UNITED STATES MARSHALS
JOHN CLARK and BRYAN MATTEWS
UNITED STATES PROBATION
JOSEPH GIACOBBE
UNITED STATES OF AMERICA
ERIC H. HOLDER
BEHAVIORAL INTERVENTIONS
B.I. WILLIAM COOPER CFO,

        Respondents.

_____

## DECLARATION REGARDING THE
## FALSITY OF THE ATTACHED DOCUMENT

    I, the undersigned, do hereby declare the following

pursuant to 28 U.S.C. § 1746:

    1.  I am currently the Director of the Federal Bureau of

Prisons, United States Department of Justice.  I have held this

position since April 4, 2003.

    2.  Attached to this Declaration, as Exhibit A, is what

appears to be an email that I purportedly sent to "all

department Heads" on July 27, 2009.  The email also bears what purports to be my signature.

3.  I understand that Shane Buczek, a defendant in three criminal cases and the Petitioner in three habeas corpus cases filed in the Western District of New York, has attached Exhibit A to his pleadings in support of claims for relief.

4.  I reviewed Exhibit A prior to executing this Declaration and state:

     a.  I did not author Exhibit A;

     b.  I did not direct, authorize, or otherwise cause the creation of Exhibit A on my behalf;

     c.  I did not sign or execute Exhibit A; and

     d.  I did not direct, authorize, or otherwise cause my name in the signature form to be affixed to Exhibit A.

I declare under penalty of perjury the foregoing is true and correct.

Executed on _Dec. 8_____, 2010.

s/Harley G. Lappin
HARLEY G. LAPPIN
Director, Federal Bureau of Prisons

2

Harley G. Lappin

**From:** "Harley G. Lappin" <harley.lappin@usdoj.gov>
**Sent:** Monday, July 27, 2009 3:17 PM



Attention all Department Heads, there has been a large volume of Inmate Requests for Administrative Remedies questioning the validity of the Bureaus authority to hold or classify them under 18 U.S.C. §§ 4081, et seq., (1948). On the claim that Public Law 80-772 was never passed or signed in the presence of a Quorum or Majority of both Houses of Congress as required by Article I, § 5, Clause 1 of the Constitution. Although most courts have, thus far, killed on the merits of inmate claims, however, there have been cases which have claimed that they were not heard by the Field code, but from cases did not involve any Quorum Clause challenge. So out of an abundance of caution, I contacted the Office of Legal Counsel, the National Archives and the Clerk of the House of Representatives to learn that there is no record of any quorum being present during the May 12, 1947 vote on the H.R. 3190 Bill in the House (See 93 Cong.Rec. 5048), and the record is just as void as to whether there was any Senate vote on the H.R. 3190 Bill during any session of the 80th Congress. There is only one Supreme Court case that says in order for any statute to be valid the Journal of both Houses must show that it was passed in the presence of a Quorum. See United States v. Ballin, Joseph & Co., 144 U.S. 1, 3 (1892). The Clerk of the House claims that the May 12, 1947 vote was a "voice vote," but the Parliamentarian of the House states that a voice vote is only valid when the Journal shows that a quorum is present and that it's extended for the Speaker of the House to sign any enrolled bill in the absence of a quorum. On May 12, 1947, a presence of 218 Members in the hall of the House was required to be entered on the Journal in order for the 44 Member 38 to 6 voice vote to be legal. It appears that the 1909 version of the Federal Criminal Code has never been repealed. Therefore, in essence, our only true authority is derived from the 1948 predecessor to Public Law 80-772.

Although adjudication of the constitutionality of congressional enactments has generally been thought to be beyond the jurisdiction of federal administrative agencies, this rule is not mandatory, according to the Supreme Court in the case of Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 215 (1994). Therefore, the Bureau under the advise of the Legal Counsel feels that it is in the best interest of public safety to continue addressing all of these Administrative Remedy Requests by stating that only the Congress or courts can repeal or declare a federal statute unconstitutional.

Harley G. Lappin
Director, Federal Bureau of Prisons

Exhibit A

*APPENDIX E*

The Undersigned Affiant, Jonathan Thomas Gapa, a Man, hereinafter "Affiant" does solemnly affirm, declare, verify and state as follows:

1. Affiant competent to state the matters set forth herein.

2. Affiant has personal knowledge of the facts stated herein.

3. All the facts stated herein are true, correct, and complete, admissible as evidence, and if called upon as a witness, Affiant will testify to their veracity.

## **Plain Statement of Facts**

4. I the Affiant was an Inmate at the U.S. Bureau of Prison whose number was 40640-007.

5. I the Affiant while taking law classes and performing his duties as a law clerk in the law library at the Yazoo City Prison Facility.

6. I the Affiant did writing of administrative remedies, along with motions for myself and other inmates while researching case law on the Lexus-Nexus computer system provided by the Bureau of Prison "i.e. BOP".

7. I the Affiant's as general duties of using case law and supporting documents to gain relief through administrative remedies written to the BOP Counselors, Unit Team, Unit Coordinators, Administration, Information Officers, and Assistant Wardens while following the chain of command, I the Affiant would regularly use internal documents of the BOP to assert policy, or exceptions to policy that was unconventional.

8. I the Affiant received a copy of an email written from "Harley G. Lappin" <harley.lappin@usdoj.gov>., in response to an administrative remedy while incarcerated in Unit D1 (Delta) D01-230L of the Yazoo City, Mississippi, MED FCI, P.O. BOX 5666, Yazoo City, 39194 on or about the summer of 2010. "See Appendix A"

document with administrative remedies in an attempt to gain relief from the conditions the inmates were suffering.

10. On or about the winter of 2010, J. Grider, Correctional Systems Officer, gave a response to a physical copy of this email to gauge an opinion of the validity of the argument.

11. On or about the winter of 2010, Bruce Pearson, Warden of Yazoo City Mississippi was also asked just after lunch in "main line" his opinion of the letter.

12. In responses from the BOP staff on similar arguments, presented with the Harley G. Lappin email, Affiant received the last two lines of the aforementioned Lappin email, an internal document, highlighted from Counselor Mr. Charles, under Unit Team Manager Art Truex, and his senior officer Dan (whose last name I cannot recollect), Dan was held in high esteem as a mediator of sorts in the prison guard union.

13. As Affiant was being transferred through the BOP system from Yazoo City, MS, thru Oklahoma City, OK, to Atlanta, GA, to VA, and finally to Rivers Correctional Institute, in Winston, NC, Affiant met with other law clerks and former attorneys who were also incarcerated, who had read similar arguments, and used the "Lappin letter/email", to support argument.

14. I the Affiant who received this email from my superiors within the BOP as an authentic, real, internal document sent from the former acting Director Harley G. Lappin, in present form is true correct and self-authenticating.


## Verification

The Undersigned Affiant, Jonathan Thomas Gapa, a Man, certifies that Affiant has read this Affidavit and issues the same with intent and understanding of purpose and does solemnly certify under penalty of perjury under the laws of the united States of America that the foregoing is true and correct in accordance with 28 USC 1746 (1).

_Jonathan Thomas Gapa, Affiant_            ___5___ day of ___July___ , 2014 AD

                                                                                      Date

State of ___Texas___ ,            )

                                  )

County of ___Collin___ ,          )

I swear that on this ___3___ day of ___July___ , 2014 AD, the above named Affiant, Jonathan

Thomas Gapa, appeared before me, of his own free will, and signed this Verified Affidavit of Fact.

My Commission Expires: ___02/14/2018___

Notary Public



BRITTANI LOUGHLIN
My Commission Expires
February 14, 2018

*APPENDIX F*

## VERIFIED AFFIDAVIT OF FACT OF Jesse J. Blackbonnet

Date: __8/11/14__

The Undersigned Affiant, Jesse J. Blackbonnet, a Man, hereinafter "Affiant" does solemnly affirm, declare, verify and state as follows:

1. Affiant is over the age of 21 years.

2. Affiant is competent to state the facts set forth herein and states them under the Penalty of Perjury.

3. Affiant has personal knowledge of the facts stated herein.

4. All the facts stated herein are true, correct, and complete, admissible as evidence, and if called upon as a witness, Affiant will testify to their veracity.

## Plain Statement of Facts

4. Affiant is a Native American Indian, a member of the Rosebud Sioux tribe.

5. Affiant was in the United States Marine Corp from 1977 to 1989 with honorable discharge.

6. Affiant worked for the Scotts Bluff County Sheriff as a Correctional Officer from on or about 1989 until on or about 1990.

7. Affiant moved and worked as a City Police Officer in Hemingford Nebraska from on or about 1990 until on or about 1991.

8. Affiant became a Deputy Sheriff in Scotts Bluff, Nebraska and remained there from 1990 until 1992.

9. Affiant also worked for U.S. Department of the Interior under the Bureau of Indian Affairs as a Federal Officer from on or about 1992 until on or about 1995.

10. Affiant also worked as the Chief of Police for the Cheyenne and Sioux Indian tribes in Eagle Butte South Dakota from on or about 1995 until on or about 1999.

11. Affiant was Chief Executive Officer for six (6) years for the Rosebud Sioux Tribe under William Kindle from on or about 2000 until on or about 2006.

12. Affiant was indicted on 12/19/02 in the U.S. Court for the District of South Dakota, Central Division.

13. Affiant entered a plea agreement on 2/17/06 for violations of 18 USC sections 1153 and 1112.

14. Judgment was entered against Affiant on 7/3/06 and Affiant was sentenced to 64 months custody, 3 years supervised release, and a $100.00 special assessment.

15. Affiant was an Inmate at the U.S. Bureau of Prisons whose number was 12477-073.

16. Affiant was at Coleman USP in Florida from on or about 2007 until on or about 2009.

17. Affiant was transferred to Yazoo City Prison Facility in Yazoo City, Mississippi on or about 2009 until Affiant's release in May of 2010.

18. While at Yazoo City prison, Affiant was housed in the H unit.

19. Affiant, while at Yazoo City prison, took law classes, performed duties as a law clerk, and did legal research in the law library.

20. Affiant did writing for administrative remedies, along with motions for Affiant and other inmates while researching case law on the Lexus-Nexus computer system.

21. Affiant, as part of his general duties would use case law and supporting documents to gain relief for himself and others through the B.O.P. administrative remedy process (BP 8, BP9, and BP10).

22. Affiant would prepare administrative requests for relief to BOP Counselors, Unit Team members, Unit Coordinators, Administration, Information Officers, and Assistant Wardens, depending on which administrative request was submitted.

23. While preparing these requests, Affiant received a copy of an email from BOP staff written from "Harley G. Lappin" <harley.lappin@usdoj.gov>. addressed to BOP staff on or about the spring of 2010 which admitted that Public Law 80-772 (Title 18) was never Constitutionally passed. "See Appendix A", copy of the Lappin Memorandum).  This Memorandum was prepared after research by (Office of Legal Counsel of the Department of Justice, the National Archives, and the Clerk of the House of Representatives. "Appendix A".

24. Affiant had the Harley G. Lappin letter/email/ Inmate memo dated July 27, 2009 given to Affiant by Shirley Cox, Unit Manager, at Yazoo City Prison.

25. Unit Team Manager Art Truex also advised that he had knowledge of this letter and the BOP's stance on inmate remedies related this Memorandum.

26. On or about the spring of 2010, Bruce Pearson, Warden of Yazoo City Mississippi along with his executive staff, "i.e. Assistant Warden, Captain and other Administrative Staff" ordered a town hall meeting at each individual unit within the Yazoo Prison to which this inmate memo "the Lappin Letter" was handed out to the inmates individually.

27. Warden Pearson explained how the BOP was going to treat the Lappin letter for inmate remedies who were using the BP Administrative Forms "i.e. BP 8, BP 9, BP 10, etc." as their requests for relief. Warden Pearson also explained that the remedy had to come from the courts or Congress concerning the Lappin letter, not from the BOP.

28. Affiant received this Lappin email from top level staff within Yazoo City Federal prison as an authentic, real, internal document sent from the former acting Director Harley G. Lappin, in present form.

29. The Lappin Memorandum is true, correct and self-authenticating, and has been verified by BOP staff.

**Verification**

The Undersigned Affiant, Jesse J. Blackbonnet, a Man, certifies that Affiant has read this Affidavit and issues the same with intent and understanding of purpose and does solemnly certify under penalty of perjury under the laws of the united States of America that the foregoing is true and correct in accordance with 28 USC 1746 (1).


_Jesse J. Black Bonnet, Affiant_          _11_ day of _August_ , 2014 AD
Jesse J. Black Bonnet, Affiant           Date


State of _Arizona_ ,            )
                                )
County of _Apache_ ,           )

I swear that on this _11_ day of _August_ , 2014 AD, the above named Affiant, Jesse J. Blackbonnet, **appeared before me, of his own free will, and signed this Verified Affidavit of Fact.**


_Gloria Bowman_   My Commission Expires: _5/28/2017_

Notary Public for the State of _Arizona_

Notary Public State of Arizona
Apache County
Gloria Bowman
My Commission Expires 05/28/2017

*Appendix A.*

## Harley G. Lappin

**From:** "Harley G. Lappin" <harley.lappin@usdoj.gov>
**Sent:** Monday, July 27, 2009 3:17 PM



Attention all Department Heads, there has been a large volume of inmate Requests for Administrative Remedies questioning the validity of the Bureau's authority to hold or classify them under 18 U.S.C. §§ 4081, et seq., (1948). On the claim that Public Law 80-772 was never passed or signed in the presence of a Quorum or Majority of both Houses of Congress as required by Article I, § 5, Clause 1 of the Constitution. Although most courts have, thus far, relied on Field v. Clark, 143 U.S. 649(1892) to avoid ruling on the merits of these claims, however, there have been some which have stated that they were not bound by the Field case, but those cases did not involve any Quorum Clause challenge. So out of an abundance of caution, I contacted the Office of Legal Counsel, the National Archives and the Clerk of the House of Representatives to learn that there is no record of any quorum being present during the May 12, 1947 vote on the H.R. 3190 Bill in the House (See 93 Cong.Rec. 5049), and the record is not clear as to whether there was any Senate vote on the H.R. 3190 Bill during any session of the 80th Congress. There is only one Supreme Court case that says in order for any bill to be valid the Journals of both Houses must show that it was passed in the presence of a Quorum. See United States v. Ballin, Joseph & Co., 144 U.S. 1, 3 (1892). The Clerk of the House states that the May 12, 1947 vote was a 'voice vote,' but the Parliamentarian of the House states that a voice vote is only valid when the Journal shows that a quorum is present and that it's unlawful for the Speaker of the House to sign any enrolled bill in the absence of a quorum. On May 12, 1947, a presence of 218 Members in the hall of the House was required to be entered on the Journal in order for the 44 Member 38 to 6 voice vote to be legal. It appears that the 1909 version of the Federal Criminal Code has never been repealed. Therefore, . . in essence, our only true authority is derived from the 1948 predecessor to Public Law 80-772. "Although adjudication of the constitutionality of congressional enactments has generally been thought to be beyond the jurisdiction of federal administrative agencies, this rule is not mandatory," according to the Supreme Court in the case of Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 215 (1994). Therefore, the Bureau under the advise of the Legal Counsel feels that it is in the best interest of public safety to continue addressing all of these Administrative Remedy Requests by stating that only the Congress or courts can repeal or declare a federal statute unconstitutional.

Harley G. Lappin
Director, Federal Bureau of Prisons

7/27/2009