```
                                                              FILED
                                                         U.S. DISTRICT COURT
                UNITED STATES DISTRICT COURT DISTRICT OF COLORADO
                FOR THE DISTRICT OF COLORADO   2014 NOV -6  AM 7: 25
                         DENVER DIVISION
                                                        ... P. COLWELL
                                                             CLERK
```

| | | |
|---|---|---|
| John Joseph Pawelski, George Thomas Brokaw | § | BY_____DEP. CLK |
| **Plaintiffs** | § | |
| v. | § | No. 13-cr-00392-CMA |
| Matthew T. Kirsch, individually and | § | Verified Complaint |
| In his official capacity | § | |
| Martha Ann Paluch, individually and | § | |
| In her officially capacity | § | |
| Judge Christine M. Arguello, individually and | § | |
| In her official capacity | § | |
| John Does 1-100 | § | |
| **Defendants** | § | Trial by Jury Demanded |
| | § | |

## ORIGINAL COMPLAINT

### INTRODUCTION AND OPENING STATEMENT

This is a complaint for deprivation of rights under 42 U.S.C. § 1983, et seq.; Compensatory Damages; Punitive Damages; and Civil Rights Violations. This is an action brought by Plaintiffs against Federal officials acting under the color of Law for civil rights violations involving wrongful arrest, unlawful search and seizures, criminal trespass, negligence, unlawful detention, and false prosecution.

At all times relevant herein the Defendants, employed as Federal Government Officials and officers of the government, acting under the color of Law and outside the

1

scope of their jurisdiction and authority, willfully caused Plaintiff a damage and physical injury, and in so doing, violated clearly established law, as those laws apply to Plaintiff's rights protected under the Constitution, particularly under the 1st, 4th, 5th, 6th, and 8th Amendments.

The law is a fact and the court is presumed to know the law or where to find it. *United States v. Rivero*, 532 F.2d 450 (5th Cir. 1976). F.R.E. 201.

When Due Process is violated, jurisdiction ceases. *Ex Parte McCardle*, 74 U.S. 506 (1868); *Ex Parte McCardle*, 74 U.S. 506 (1868); *Standard Oil Co. v. Missouri*, 224 U.S. 270 (1912).

Separation of Powers Doctrine. "The doctrine prohibiting one branch of government, either state or local, from infringing or encroaching upon or exercising the powers belonging to another branch. Under this doctrine, for example, the executive branch of government is primarily responsible for determine which violations are to be prosecuted. 722 F.2d 562. Although the doctrine may not promote efficiency, it is considered a "'bulkwark against tyranny' and looks to prevent any person or group from imposing its unchecked will. 381 U.S. 437, 443." Baron's Law Dictionary.

28 U.S.C. 454 (If a judge practices law from the bench it is a high misdemeanor).

28 U.S.C. 455 (A judge must remove himself from a case if a conflict of interest exists).

*Carol Ann Bond v. United States*, 135 S.Ct. 2355 (2011), Concurring Opinion, Ginsberg, J: JUSTICE GINSBURG, with whom JUSTICE BREYER joins, concurring.

I join the Court's opinion and write separately to make the following observation. Bond, like any other defendant, has a personal right not to be convicted under a constitutionally invalid law. See Fallon, As-Applied and Facial Challenges and Third-Party Standing, 113 Harv. L. Rev. 1321, 1331–1333 (2000); Monaghan, Overbreadth, 1981 Sup. Ct. Rev. 1, 3. See also North Carolina v. Pearce, 395 U. S. 711, 739 (1969) (Black, J., concurring in part and dissenting in part) ("Due process . . . is a guarantee that a man should be tried and convicted only in accordance with valid laws of the land.").

In this case, Bond argues that the statute under which she was charged, 18 U. S. C. §229, exceeds Congress' enumerated powers and violates the Tenth Amendment. Other defendants might assert that a law exceeds Congress' power because it violates the Ex Post Facto Clause, or the Establishment Clause, or the Due Process Clause. Whatever the claim, success on the merits would require reversal of the conviction. "An offence created by [an unconstitutional law]," the Court has held, "is not a crime." Ex parte Siebold, 100 U. S. 371, 376 (1880). "A conviction under [such a law] is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment." Id., at 376–377. If a law is invalid as applied to the criminal defendant's conduct, the defendant is entitled to go free.

For this reason, a court has no "prudential" license to decline to consider whether the statute under which the defendant has been charged lacks constitutional application to her conduct. And that is so even where the constitutional provision that would render the conviction void is directed at protecting a party not before the Court. Our decisions concerning criminal laws infected with discrimination are illustrative. The Court must entertain the objection—and reverse the conviction—even if the right to equal treatment resides in someone other than the defendant. See Eisenstadt v. Baird, 405 U. S. 438, 452–455 (1972) (reversing conviction for distributing contraceptives because the law banning distribution violated the recipient's right to equal protection); cf. Craig v. Boren, 429 U. S. 190, 192, 210, and n. 24 (1976) (law penalizing sale of beer to males but not females aged 18 to 20 could not be enforced against vendor). See also Grayned v. City of Rockford, 408 U. S. 104, 107, n. 2 (1972); Welsh v. United States, 398 U. S. 333, 361–362 (1970) (Harlan, J., concurring in result) (reversal required even if, going forward, Congress would cure the unequal treatment by extending rather than invalidating the criminal proscription).

In short, a law "beyond the power of Congress," for any reason, is "no law at all." Nigro v. United States, 276 U. S. 332, 341 (1928). The validity of Bond's conviction depends upon whether the Constitution permits Congress to enact §229. Her claim that it does not must be considered and decided on the merits.

*Berger v. United States*, 295 U.S. 78, 88 (1935)(responsibilities of prosecutor)

   Be it known, each of the government actors herein have sworn an "oath of office" in

regards to their duties and therefore each of their acts under "color" of law is in direct

violation of their oath of office and equates to CRIMINAL CONSPIRACY under section

3

1985.  The Defendant Judge's actions are tantamount to nothing less than CRIMINAL TREASON against the united States Constitution and the People of the United States. Defendants' actions are without substance of a legal right.

## JURISDICTION AND VENUE

Plaintiff brings this action pursuant to 28 USC sections 1983, 1985, 1986, and 1988, and invokes the jurisdiction of this court pursuant to Title 1, 28 USC Section 1343 (A)(3)(4), Section 1331, and pursuant to the 5th and 14th Amendments, Title 42 USC Section 1983, and the Civil Rights Act of 1870.  Venue is proper in this district because at all times relevant, all of the causes of action were committed within the geographical jurisdiction of this court.

## PARTIES

Plaintiff, John Joseph Pawelski, herein after "Pawelski", and George Thomas Brokaw, herein after "Brokaw" at all times relevant herein, lived in the city of Colorado Springs, Colorado.  He may be served at 6432 Rockville Drive, Colorado Springs, Colorado. Brokaw may be served at 2260 Palm Drive, Colorado Springs, Colorado.

Defendant Judge Christine M. Arguello, is the judge in the criminal case, No. 1:13-cr-00392-CMA-2, in which Pawelski and Brokaw are defendants.  At all times relevant to this complaint, was acting as a federal judge employed, compensated, enriched, and rewarded by the United States Judiciary.  Arguello is being sued individually and in her official capacity. She may be served at the United States Courthouse, 901 19th Street, Denver, CO 80294.

4

Defendant Matthew T. Kirsch ("Kirsch") is a United States attorney stationed in the Denver, Colorado office of the United States attorneys. At all times relevant to this complaint, was acting as a federal employee, compensated, enriched, and rewarded Kirsch Defendant for the United States government. Kirsch is being sued individually and in his official capacity. Kirsch may be served at 1225 17th Street East, Suite 700, Denver, CO 80202.

Defendant Martha Ann Paluch ("Paluch") is a United States attorney stationed in the Denver, Colorado office of the United States attorneys. At all times relevant to this complaint, Paluch was acting as a federal employee, compensated, ,enriched, and rewarded Paluch, Defendant for the United States government. Paluch is being sued individually and in his official capacity. 1225 17th Street East, Suite 700, Denver, CO 80202.

Defendant John Does 1-100 are agents and other government employees unknown to Plaintiff at this time, and will be defined in discovery.

STATEMENT OF FACTS

- The facts of the caseare fully incorporated herein and attached hereto as Exhibit A and is summarized as follows:
- Plaintiff was at his home and conducting business and federal agents, with an alleged search warrant, invaded Plaintiff's home illegally, taking books and records.
- Plaintiff was indicted in Criminal Case 1:13-cr-00392-CMA-2 on 9/23/2013, charged with conspiring to defraud the government in respect to a claim; false

5

or fraudulent claims; conspiracy to defraud the United States; and corrupt or forcible interference. Doc. 1.

- At the time of the indictment, all defendants knew that they had no jurisdiction to prosecute Plaintiff and that any prosecution would be in violation of several federal and state laws.
- A superseding indictment was issued on 10/21/13. Doc. 53.
- A motion to dismiss based on violations of the Fair Warning Doctrine was filed by Plaintiff on 4/8/14. Doc. 160.
- A Motion to Dismiss Based on Criminal Actions by the Prosecutors, Violation of Brady v. Maryland, the DOJ's Massive Cover-Up and the DOJ's Violations of the Clean Hands Doctrine entered by John Joseph Pawelski on 9/3/14. Doc. 261.
- The Court issued an Order Denying Doc. 261 "for the reasons set forth in this Court's Order dated June 12, 2014". Doc. 263. This Motion had nothing to do with the Court's prior order and the government was not given a chance to respond.
- Plaintiffs have discovered that the head of the BOP, Harley Lappin, had issued a Memorandum to BOP staff on July 27, 2009, after review by the Department of Justice's Office of Special Counsel, the Clerk of the House, and the National Archives that Public Law 80-772 (and therefore) 18 U.S.C. § 3231 are unconstitutional.
- Despite the knowledge of the DOJ, and presumed knowledge of the court, the DOJ then engaged in a massive cover-up to conceal this information from

6

Defendants and proceed to prosecute persons. Including Plaintiff, who are actually innocent as a matter of law.

- As part of the cover-up, the DOJ had Harley Lappin issue a Declaration to a Court in the Western District of New York on December 8, 2010, committing perjury, stating that he never issued the Memorandum to Staff on July 27, 2009.
- Plaintiff subsequently obtained two affidavits from persons who had been federal inmates at Yazoo City prison in 2010 and had received a copy of the Lappin Memorandum of 2009 from the Warden at the prison. Approximately 1,800 people in the prison received a copy of the Lappin Memorandum at the time.
- When Plaintiff presented the evidence of the lack of jurisdiction to the court and prosecutor on 9/3/14, expecting the DOJ to move for dismissal of the case, and the court to order dismissal, the DOJ continued their cover-up, and the court acted in collusion with the DOJ, attempting its own cover-up of the facts.
- Plaintiff now faces an illegal trial when in fact the court has no jurisdiction to proceed after notice to the court and DOJ by Plaintiff.
- Defendants acted under the color of law when they had been informed they were
- Violating the Constitutional rights of Plaintiff.
- At all times mentioned Defendants were not engaged in lawful criminal process.
- Any reasonable public servant would know the actions of Defendants deprived Plaintiff of his rights secured by the 1st, 4th, 5th, 6th, 8th and 14th Amendments to the Constitution of the United States.

- Defendants acted in prejudice and bias toward Plaintiff in a court that is to be a harbor for freedom.

- Defendant Arguello is acting in violation of Judicial Cannons 3 & 4 and 28 USC §§ 454 and 455 and her Oath of Office upon taking her position and her Oath of Office to the State Bar.

- As a proximate and direct result of the actions of defendants herein, Plaintiff's rights were knowingly violated in direct violation of Federal law.

- All the Defendants at all times related herein, acted wantonly, recklessly, willfully and maliciously and "in concert" with additional government agents and employees showing a deliberate indifference towards Plaintiff and Plaintiff's rights, refused to protect Plaintiff's rights guaranteed by the Constitution with the direct intent and sole purpose of injuring, humiliating, vexing, oppressing, and causing mental anguish to Plaintiff. Plaintiff at all times had the expectation that Defendants would abide by their oath of office and duties not to violate Plaintiff's Constitutional rights. As a direct and proximate result of Defendants' actions, Plaintiff is seeking an additional $50,000.00 per day for punitive damages.

- Defendants actions are attempts to engage in trafficking in peonage and slavery against Plaintiff in violation of 18 U.S.C. §1590.

- Defendants actions are in bad faith. "breach of faith, willful failure to respond to plain, well-understood statutory or contractual obligations." 124 F.2d 874, 883. Barron's Law Dictionary.

8

- Defendants acted in violation of the Clean Hands Doctrine. "the concept in equity that claimants who seek equitable relief must not themselves have indulged in any impropriety in relation to the transaction upon which relief is sought; freedom from participation in unfair conduct. A party with 'unclean hands' cannot ask a court of conscience to come to his aid."
- The Administrative Office of the Courts and the Department of Justice as a policy or custom, neglected to properly train, supervise, control, correct, the abuse of authority, and discourage the unlawful use of authority of Defendants, including the failure to instruct them in applicable law dealing with Plaintiff's rights.

## FEDERAL CAUSES OF ACTION

All allegations set forth herein are incorporated herein by reference.

The herein described actions engaged in under color of law by the defendants are under color of law, and deprived Plaintiff of his rights secured by the Constitution of the United States, including but not limited to, his first amendment right to freedom of expression, his fourth amendment right to be free from unlawful entry and seizure of himself and property, his fifth amendment right to due process, his sixth amendment rights related to criminal proceedings, his eighth amendment rights to be free from cruel and unusual punishment, and his fourteenth amendment right to due process.

FIRST CAUSE: Plaintiffs substantive right to travel peaceably and be left alone was violated by Defendants, who attacked, detained, and harassed Plaintiff without probable

9

cause, exigent circumstances, consent, valid warrant or even knowing Plaintiffs' proper identity.

**SECOND CAUSE:** Plaintiffs fourth amendment right to be secure in his persons, papers, and effects from unreasonable or unprovoked attacks was violated without exigent circumstances, probable cause, or valid warrant depriving Plaintiffs of their fourth, fifth, and fourteenth amendment rights.

**THIRD CAUSE:** Plaintiffs suffered both physical and emotional damage that shocked his conscience when defendants proceeded with full knowledge that no jurisdiction existed.

**FOURTH CAUSE:** Plaintiffs fourth and fourteenth amendment rights were violated when Defendants acted without a valid warrant. Any reasonable public servant should have known that without a lawful warrant deprived Plaintiff of his Fourth Amendment rights and also infringes Plaintiff's liberty interest protected by the fourteenth amendment.

**FIFTH CAUSE:** Defendants acted with negligence as they came to the location where Defendants did nothing to preserve Plaintiffs rights but instead assisted and kidnapped Plaintiff and took him to federal lockup. Any reasonable public servant should have known that to confine Plaintiff without a lawful warrant and proper due process would be in violation of 18 USC § 1201, 42 U.S.C. § 1981 and 1983. Any reasonable person would know that to hold a man without a valid warrant is illegal.

**SIXTH CAUSE:** On September 9, 2014, Defendant Arguello knew or should have known that issuing an order without giving the DOJ an opportunity to respond and in violation of her oath of office, Codes of Judicial Conduct, and her oaths of office, would violate 18 USC

10

4001(a)(no person shall be imprisoned without a valid statute) and Plaintiffs Constitutional rights.

SEVENTH CAUSE: Defendants acted in fraud as they knew or should have known that taking any action without jurisdiction regarding Plaintiffs would not be a judicial act as Defendants lacked a legal complaint and valid statute to give Defendants subject matter jurisdiction.  Any reasonable public servant should have known that such actions would deprive Plaintiff of his Fifth Amendment rights and violate their oaths of office to which they swore.

EIGHTH CAUSE:  Defendants acted in fraud when they knew or should have known that their acts would not be lawful judicial acts when they knew they had no subject matter jurisdiction.  Defendants had already predetermined that they were going to act in collusion to obtain a conviction when they had no jurisdiction over Plaintiffs.  Any reasonable public servant would have known that when jurisdiction was raised they must stop all proceedings, conduct discovery, and protect Plaintiffs from violations of Plaintiffs Fifth, Sixth, and Fourteenth Amendment rights.

NINTH CAUSE:  Defendants have created a custom or policy to detain men and women and kidnap them without jurisdiction, probable cause, exigent circumstances, consent, or a lawful authority , in violation of their constitutionally protected First, Fourth, Fifth, Sixth, and Fourteenth amendment rights.

TENTH CAUSE:  Defendants acted in concert and conspiracy when Defendants deprived Plaintiffs of their rights secured to them by the Constitution of the United States including

11

but not limited to Plaintiffs Fourth amendment right to be free from unlawful seizure of a person and his property, Plaintiffs Fifth and Fourteenth amendment rights to due process of law to not be deprived of property including the right to be free from unjustified attacks and confinement by agents or officials acting under the color of law. Defendants did illegally restrain Plaintiffs without valid authority.

**ELEVENTH CAUSE:**  Defendants acted in fraud as they knew or should have known that to take any action against Plaintiffs would be a fraudulent act as they lacked jurisdiction to initiate prosecution. Defendants knew or should have known that bringing Plaintiffs into court improperly under duress and without consent is a clear violation of Plaintiffs Fifth and Sixth Amendment protections. Any reasonable public servant should have known such actions would deprive Plaintiffs of Plaintiff's Fifth, Sixth, and Fourteenth rights according to law.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs moves this court to enter judgment against the defendants jointly and severally, as follows:

Declare Plaintiffs and their property immune from arrest, seizure, or confinement due to lack of jurisdiction of the court;

Enter a preliminary injunction, restraining and enjoining Defendants from undertaking or enforcing any action against Plaintiffs or enforcing, maintaining or adopting policies, procedures and practices or acts of and contacting or ordering Plaintiffs to act in any restrictive way without a hearing related to the valid jurisdiction of the court;

Order Defendants to pay compensatory damages in the sum of $10 million;

Order Defendants to pay punitive damages in the amount of $10 million;

Order payment of all costs and expenses of Plaintiff in this action;

Order any attorney's fees incurred in prosecuting this action pursuant to 42 USC 1988;

And for such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____          _____
John Joseph Pawelski                George Thomas Brokaw

## JURAT

Pursuant to 28 USC section 1746, we certify that the facts stated herein are true and correct pursuant to the penalty of perjury.

_____          _____
John Joseph Pawelski                George Thomas Brokaw

13