FILED
United States Court of Appeals
Tenth Circuit

December 8, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re:

JOHN J. PAWELSKI,

        Petitioner.

No. 14-1468
(D.C. No. 1:13-CR-00392-CMA-2)
(D. Colo.)

---

**ORDER**

---

Before **KELLY**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

A federal-court jury recently convicted John J. Pawelski of certain charges. Post-verdict proceedings are pending. Proceeding pro se, Mr. Pawelski petitions this court for a writ of mandamus declaring that the district court has no jurisdiction over the matter because the statute granting federal criminal jurisdiction, 18 U.S.C. § 3231, was not validly enacted back in 1948. He also alleges that the district judge is biased against him.

"[A] writ of mandamus is a drastic remedy, and is to be invoked only in extraordinary circumstances." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (internal quotation marks omitted). Among other conditions for the writ to issue, "the petitioner must demonstrate that his right to the writ is clear and indisputable." *Id.* at 1187 (internal quotation marks omitted). Mr. Pawelski cannot satisfy this condition because his arguments are meritless.

Regarding jurisdiction, "[t]he 'enrolled-bill rule' precludes a court from looking beyond the signatures of House and Senate leaders in determining the validity of a statute." *United States v. Farmer*, 583 F.3d 131, 151 (2d Cir. 2009). This rule "precludes [a] challenge to the validity of the Act of June 25, 1948," and therefore the district court "properly exercised jurisdiction pursuant to 18 U.S.C. § 3231." *Id.* at 152. We reject the suggestion that the rule does not apply here.

As for bias, Mr. Pawelski complains that the district judge has rejected all his filings as frivolous and has refused to recognize the lack of jurisdiction. But adverse rulings are insufficient to require recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Cooley*, 1 F.3d 985, 993-94 (10th Cir. 1993). Mr. Pawelski also notes that the judge had a conflict of interest because mid-trial he filed a civil rights suit against her, but "[a] judge is not disqualified merely because a litigant sues or threatens to sue [her]." *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977).

The petition is denied. Mr. Pawelski's motion to proceed in forma pauperis is denied because he has failed to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

          Entered for the Court

          *Elisabeth A. Shumaker*

          ELISABETH A. SHUMAKER, Clerk