**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 13-cr-00392-CMA-01

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. **George Thomas Brokaw,**
2. John J. Pawelski, and
3. Mimi M. Vigil,

Defendants.

---

**GOVERNMENT'S SUPPLEMENTAL SENTENCING STATEMENT**
**RE: DEFENDANT GEORGE THOMAS BROKAW**

---

The government has no objection to the guideline calculations as set forth in the Presentence Report, Doc. 382, prepared in advance of the January 28, 2015 sentencing hearing for Defendant George Thomas Brokaw. The government agrees with the 72-month sentence recommended by the probation officer, and will argue for that sentence at the hearing. It supplements its sentencing statement, Doc. 372, with the following arguments based on the sentencing factors set forth in Title 18, United States Code, Section 3553.

**Nature, Circumstances, and Seriousness of the Offense**

Defendant Brokaw's criminal conduct that gave rise to his convictions spanned over four years, from March 2008 through April of 2012. *See* Doc. 53 at ¶¶ 4, 19.

Defendant Brokaw persisted in his efforts to collect fraudulent refunds even after he received repeated warnings from the IRS that his claims were frivolous and would result in sanctions if not withdrawn. In addition, as noted by the probation officer, Defendant Brokaw and his codefendants "harassed and attempted to intimidate government employees in their job functions. This included the submission of claims and statements maintaining that these employees owed the defendants absurd amounts of money. The defendant and his codefendants obstructed the investigation and their court case by continually claiming that the Court has no jurisdiction over their activities and conduct in this matter." Presentence Report (PSR) at 20, ¶ 113. Defendant Brokaw committed serious offenses over a long period of time, which warrants a significant sentence of imprisonment. *See* 18 U.S.C. §§ 3553(a)(1) & (2)(A).

**Defendant Brokaw's Failure to Accept Responsibility**

Defendant Brokaw refuses to accept any responsibility for his criminal conduct. He asserts, "I know what we were doing was right. There was no malicious intent and everything we did was public." PSR at 10, ¶ 38. This assertion is disingenuous at best. There could have been *nothing but* malicious intent behind the People Lookup documents found in Defendant Brokaw's home that provided personal identifying information about IRS employees Michael Pryor and Maureen Green. Gov't Exs. 267 and 272 (Pryor) and 268 (Green). This same malicious intent was displayed in Defendant Brokaw's hand-delivered liens against Mr. Pryor and Ms. Green, in the respective amounts of $1.1 and $2.2 billion. Gov't Exs. 258 and 259. As the probation officer noted, Defendant Brokaw "has remained steadfast in his beliefs regarding the

government's authority, or lack thereof, in this matter, even when confronted with the possibility of a substantial term of imprisonment. As a result, it is conceivable that the defendant may continue similar activity when the opportunity presents itself." *Id.* at 20, ¶ 114. In other words, his history and characteristics suggest that he is more likely to re-offend than other defendants with similar records who have committed similar offenses. *See* 18 U.S.C. §§ 3553(a)(1) & (2)(C).

**Some Variance from the Advisory Guidelines is Reasonable**

For these reasons, and others set forth in its sentencing statement, Doc. 372, the government submits that a substantial prison sentence is warranted for this defendant. However, the government agrees with the probation officer that the intended loss amount of over $30 million dollars[1] in this case over-represents the seriousness of the impact of Defendant Brokaw's conduct. PSR at R-2. Some of the documents submitted by the defendants, including, for example, Defendant Pawelski's false claims for refunds totaling over $22 million dollars and the $5.9 million fraudulent EFT submitted in connection with C.L.'s tax debt, Gov't Ex. 219, were so outrageous on their face that they were unlikely to succeed. Removing those patently outrageous claims from the loss calculation would reduce the offense level set forth in the Tax Table at § 2T4.1 by 4 levels, from level 28 (intended loss of more than $20 million) to a level 24 (intended loss of more than $2.5 million), and yield an adjusted offense level of 26. This results in a guideline range of 63-78 months, which seems more appropriate than the 97-120 months as calculated.

[1] The government disputes the probation officer's characterization of the loss amount as "mostly unintended." PSR at R-3. The defendants filed false claims for refund totaling $23,691,935 and attempted to avoid additional tax debt in the amount of at least $7,272,680.78. See Government's Sentencing Statement, Doc. 372 at 7. The government maintains that the entire $30 million was the loss amount intended by these defendants.

The 72-month sentence recommended by the probation officer falls within the middle of this range, and is sufficient but not greater than necessary to achieve the sentencing objectives set forth in Section 3553(a). A 72-month sentence will reflect the seriousness of this offense, promote respect for the law, provide just punishment, and adequate deterrence to this defendant and others considering engaging in such conduct. Accordingly, the government will advocate for a 72-month sentence at the sentencing hearing.

**Additional Special Conditions of Supervised Release**

In addition to the special conditions of supervised release recommended by the probation officer, the government requests that the Court impose the following additional special conditions:

- The defendant shall provide to the probation officer copies of all correspondence the defendant mails or causes to be mailed to the Colorado Department of Revenue, the Internal Revenue Service, and the Department of Treasury.

The government asserts this condition is necessary to ensure that the defendant does not continue to engage in the same type of conduct that led to his convictions in this case, *i.e.,* submitting fraudulent, obstructive, and threatening documents to these agencies and its employees.

- The defendant shall perform 200 hours of community service as directed by the probation officer.

The government believes all three defendants should be required to complete 200

hours of community service. *See* Defendant Mimi Vigil PSR, Doc. 383, at R-2, Condition No. 5.

Respectfully submitted this 12th day of January, 2015.

JOHN F. WALSH
United States Attorney

s/ Matthew T. Kirsch
MATTHEW T. KIRSCH
MARTHA A. PALUCH
Assistant U.S. Attorneys
1225 17th Street, Suite 700
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Email: matthew.kirsch@usdoj.gov
martha.paluch@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of January, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also emailed the foregoing to the following e-mail addresses:

Mimi M. Vigil
rubyred5050@gmail.com

George Thomas Brokaw, Pro Se
Tombrokaw33@msn.com

John J. Pawelski, Pro Se
Johnski9999@gmail.com

*s/ Dee Boucher*__________
United States Attorney's Office