# U.S. District Court

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 2/12/2015 at 2:22 PM MST and filed on 2/10/2015
**Case Name:** USA v. Brokaw et al
**Case Number:** [1:13-cr-00392-CMA](#)
**Filer:**
**Document Number:** 417(No document attached)

**Docket Text:**
**MINUTE ENTRY for proceedings held before Judge Christine M. Arguello: Sentencing held on 2/10/2015 as to defendant John J. Pawelski. Defendant present;in custody. Defendant sentenced as reflected on the record. Defendant remanded. (Total time: 00:29, Hearing time: 3:50-4:19)**

**APPEARANCES: Matthew Kirsch and Martha Paluch on behalf of the Government, John Pawelski, pro se, Gary Burney and Robert Ford on behalf of probation. Court Reporter: Mary George. (shart) Text Only Entry**

**1:13-cr-00392-CMA-2 Notice has been electronically mailed to:**

Martha Ann Paluch    Martha.Paluch@usdoj.gov, Mariah.Tracy@usdoj.gov, diana.brown@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Matthew T. Kirsch    matthew.kirsch@usdoj.gov, Diana.Brown@usdoj.gov, USACO.ECFCriminal@usdoj.gov, dequesa.boucher@usdoj.gov

Miller M. Leonard    miller@themillerleonardlawfirm.com

**1:13-cr-00392-CMA-2 Notice has been mailed by the filer to:**

George Thomas Brokaw
% Isaiah 33 Trust
Box 8100
Colorado Springs, CO 80933-8100

John J. Pawelski
6432 Rockville Drive
Colorado Springs, CO

Mimi M. Vigil
513 Shady Crest Circle
Colorado Springs, CO 80916

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 18 2015

JEFFREY P. COLWELL
CLERK

Criminal Case No. 13-cr-00392-CMA-2

| UNITED STATES OF AMERICA | C |
| Plaintiff/Respondents | C |
| | C |
| V | C |
| | C No. 13-cr-00392-CMA-2 |
| JOHN J PAWELSKI | C |
| MIMI VIGIL | C |
| GEORGE THOMAS BROKAW | C |
| | C |
| Defendants/Petitioners | C |
| | C |

## MOTION TO DISMISS PURSUANT TO FRCrimP 33 and FRCrimP 34 By Petitioners

FRCrimP 33(b)(2) allows the defendants to file a motion for a new trial grounded on any reason other than newly discovery evidence.

FRCrimP 34 allows a Motion for Dismissal based on the following grounds: "IN GENERAL. Upon the defendant's motion or on its own, the court must arrest judgment if the court does not have jurisdiction of the charged offense."

This Motion is filed pursuant to FRCrimP 33(b)(2) and FRCrimP 34.

Petitioner incorporates Petitioner's prior filings by reference as if fully set forth herein.

A. History of the Case

Petitioners were indicted on 9/23/13 for: 1) Conspiracy to Defraud the Government; 2) False or Fraudulent Claims; and 3) Corrupt or Forcible Interference. Doc. 1.

A superseding indictment was issued on 10/21/13. Doc. 53.

Petitioners were found guilty by a jury on 11/07/14. Doc. 371.

Petitioners were sentenced based on the jury verdict.

The court has denied all motions presented by petitioners, in which Petitioners presented evidence and authority supporting Petitioner's factual/actual innocence claims.

Throughout these proceedings, the court has acted as a second prosecutor, in violation of 28 USC sections 453 (Oath of Office); 28 USC section 454 (practicing law from the bench) and 28 USC section 455 (judicial bias). The court has acted as a second prosecutor in this case from the inception of the proceedings.

The court has continuously dismissed filings that present valid issues rather than have them on the record. See, e.g., docs. 373, 380, 394, 395, 398, 399, e.g.

The court has illegally presented a plea for defendants. No plea was entered and the court, in violation of the 6th Amendment, entered a plea for Petitioners.

The court has illegally stated on the record that Petitioners cannot have an appeal unless an attorney is representing defendants. This issue is a violation of Petitioners' First, Fourth, Fifth, and Sixth Amendment rights and constitutes judicial bias and requires immediate dismissal of the case and release of Petitioners..

It is common knowledge that the District Court in Colorado is one of the most corrupt courts in the country.

The court has committed structural error, voiding these proceedings. The only alternative for the court is an order to dismiss the proceedings, ab initio. Should the courts refuse to do so, then it compounds the judicial bias of the court and compounds the Constitutional violations of Petitioner..

B. **Due Process**

The court has violated Due Process in violation of the 1st, 4th, 5th, 6th, and 8th Amendment rights to the Constitution.

C. **Structural Error**

The Court has violated structural error.

1. **Law Related to Structural Error**

In conducting harmless error analysis of constitutional violations in direct appeal and habeas corpus cases, the Court repeatedly has reaffirmed that "[s]ome constitutional violations ....by their very nature cast so much doubt on the fairness of the trial process that, as a matter of law, they can never be considered harmless." *Satterwhite v. Texas*, 486 U.S. 249, 256 (1988); accord *Neder v. United States*, 527 U.S. 1, 7 (1999) ("[W]e have recognized a limited class of fundamental constitutional errors that 'defy analysis by "harmless error" standards'...Errors of this type are so intrinsically harmful as to require automatic reversal (i.e., 'affect substantial rights') without regard to their effect on the outcome."); *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993) ("Although most constitutional errors have been held to harmless-error analysis, some will always invalidate the conviction." (citations omitted)); id at 283 (Rehnquist, C.J., concurring); *United States v. Olano*, 507 U.S. 725, 735 (1993); *Rose v. Clark*, 478 U.S. 570, 577-78 (1986) ("some constitutional errors require reversal without regard to the evidence in the particular case...[because they] render a trial fundamentally unfair"); *Vasquez v. Hillary*, 474 U.S. 254, 263-264 (1986); *Chapman v. California*, 386 U.S. 18, 23 (1967) ("there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error").

In this case, structural error was created by the prosecutor and the court by concealing the evidence that no statutory authority existed.

2. **Law Related to Structural Error for Concealment of Evidence**

Included in those rights is the protection against prosecutorial suppression of exculpatory evidence and other prosecutorial and judicial failures to make "material" evidence or witnesses available to the defense at trial, when "materiality" is defined as at least a "'reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Kyles v. Whitley*, 514 U.S. at 435 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985) (plurality opinion); id at 685 (White, J., concurring in judgment)). In addition to *Bagley*, which addresses claims of prosecutorial suppression of evidence, the decisions listed below – all arising in "what might loosely be called the area of constitutionally guaranteed access to evidence,'" *Arizona v. Youngblood*, 488 U.S. 51, 55 (1988) (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982)) – require proof of "materiality" or prejudice. The standard of materiality adopted in each case is not always clear. But if that standard requires at least a "reasonable probability" of a different outcome, its satisfaction also automatically satisfies the Brecht harmless error rule. See, e.g., *Arizona v. Youngblood*, supra at 55 (recognizing due process violation based on state's loss or destruction before trial of material evidence); *Pennsylvania v. Ritchie*, 480 U.S. 39, 57-58 (1987) (recognizing due process violation based on state agency's refusal to turn over material social services records; "information is "material" if it "probably would have changed the outcome of his trial" (citing *United States v. Bagley*, supra at 682 (plurality opinion); id at 685 (White, J., concurring in judgment)); *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985)

(denial of access by indigent defendant to expert psychiatrist violates Due Process clause when defendant's mental condition is 'significant factor' at guilt-innocence or capital sentencing phase of trial); *California v. Trombetta*, 467 U.S. 479, 489-90 (1984) (destruction of breath samples might violate Due Process Clause if there were more than slim chance that evidence would effect outcome of trial and if there were no alternative means of demonstrating innocence); *United States v. Valenzuela-Bernal*, supra at 873-874 ("As in other cases concerning the loss [by state or government] of material evidence, sanctions will be warranted for deportation of alien witnesses only if there is a reasonable likelihood that the testimony could have affected the judgment of the trier of fact."); *Chambers v. Mississippi*, 40 U.S. 284, 302 (1973) (evidentiary rulings depriving defendant of access to evidence "critical to [his] defense" violates "traditional and fundamental standards of due process"); *Washington v. Texas*, 388 U.S. 14, 16 (1967) (violation of Compulsory Process Clause when court arbitrarily deprived defendant of "testimony [that]j would have been relevant and material, and .... vital to the defense"). In this case the government intentionally concealed evidence related to the Defendants' innocence.

In this case, the court intentionally concealed the evidence of the concealment of the investigation and determination by the department of justice that the doj had investigated and determined that the court had no jurisdiction pursuant to Title 18 (1948).

2. .**Law Related to Structural Error for Judicial Bias**

Included in the definition of structural errors, is the right to an impartial judge, i.e., the right to a judge who follows the Constitution and Supreme Court precedent and upholds the oath of office. See, e.g., *Neder v. United States*, supra, 527 U.S. at 8 ("biased

trial judge" is 'structural [error],' and thus [is] subject to automatic reversal"); *Edwards v. Balisok*, 520 U.S. 641, 647 (1997) ("A criminal defendant tried by a partial judge is entitled to have his conviction set aside, no matter how strong the evidence against him."); *Johnson v. United States*, 520 U.S. 461,469 (1997); *Sullivan v. Louisiana*, 508 U.S. at 279; *Rose v. Clark*, 478 U.S. 570, 577-78 (1986); *Tunney v. Ohio*, 273 U.S. 510, 523 (1927).

In this case, the prosecutor and the judge intentionally ignored the law and proceeded without jurisdiction.

### D. **The Court and Prosecutor Committed Structural Error**

In fact, the court has no jurisdiction according to 18 USC section 3231 since the House had no quorum on May 12, 1947, in violation of the quorum clause of the Constitution. The government attorney was required to notify the court of authority which would prove the issue.

The government also failed to disclose all evidence required that would prove Petitioners innocent, in violation of *Brady v. Maryland*, 373 US 83 (1963) and its progeny, as well as the Bad Faith Doctrine and the Clean Hands Doctrine.

Based on the issues presented, Structural error by the court, structural error by the prosecutor, and jurisdictional error, the court must dismiss the charges and indictment pursuant to FRCrimP 33 and 34, or alternately grant a new trial in a fair environment..

E.  **Evidence is Clear that the Judge Was Receiving Financial Benefits**

The evidence is clear that the judge in this case received financial benefits for obtaining a conviction in this case, in violation of 28 USC §§ 453, 454, 455, the canons of judicial conduct, the state bar rules, and the basis for human morality.

One of the more shocking revelations discovered in reference to IRS systematic misapplication of federal employment taxes is a federal statutory scheme which allows the federal government to pay "undisclosed cash awards" to federal judicial officers, including federal attorneys, magistrates and judges, out of an Imprest Fund Account set up for the express purpose of rewarding those who assist with IRS prosecutions. Further, a review of the public records of federal court cases involving issues of controversy concerning federal employment taxes, including in the United States Tax Court, all United States District Courts, and all United States Courts of Appeals, reveals a shocking pattern of judicial misconduct which makes no sense unless the judicial officers were receiving "undisclosed cash awards" from their employer. These public records show that in every case, the judge failed or refused to perform the following essential judicial functions: (1) declare the law of the case between the parties; (2) make a finding of material fact corresponding to the law of the case; and (3) apply the law of the case to these facts to render a decision or judgment on the merits. Absent the performance of these essential judicial functions, the "alleged taxpayer" is deprived of a fair and impartial arbiter of the case, and systematically deprived of due process of law, which leads to the obvious question, "How can an 'alleged taxpayer' obtain justice under these circumstances?"

1. Title 5, U.S.C. Sec. 4502 authorizes **federal agencies** to provide "cash awards" of up to $25,000 to government employees, in addition to their regular pay.

   > SUBCHAPTER I—AWARDS FOR SUPERIOR ACCOMPLISHMENTS
   > § 4502. GENERAL PROVISIONS
   > **(a) Except as provided by subsection (b) of this section, a cash award under this subchapter may not exceed $10,000.**
   > **(b) When the head of an agency certifies to the Office of Personnel Management** that the suggestion, invention, superior accomplishment, or other meritorious effort for which the award is proposed is highly exceptional and unusually outstanding, <u>a cash award in excess of $10,000 but not in excess of $25,000 may be granted</u> with the approval of the Office.
   > (c) <u>A cash award under this subchapter is in addition to the regular pay of the recipient</u>.

   In accordance with Sec. 4502, the IRS maintains an Imprest Fund Account for the purpose of rewarding those who assist in IRS prosecutions. See the Internal Revenue Manual at: http://www.irs.gov/irm/part1/irm_01-032-008.html#d0e33

   > **Section 8. Investigative Imprest Funds**
   > 1.32.8.1 (01-14-2011) Overview
   > 1. <u>**This IRM provides policies and procedures for establishing and managing investigative imprest funds.**</u>
   > 2. The Chief Financial Officer, Internal Financial Management Unit, Office of Financial Management Policy, develops and maintains this IRM.
   >
   > 1.32.8.5 (01-14-2011)
   > Definitions
   > 1. In this IRM, the terms below have the following meanings:
   > F. <u>**Imprest Fund - cash advanced to a duly authorized cashier which is charged against a Government appropriation account**</u>.

2. Title 5, U.S.C. Sec. 3371(3) defines the Administrative Office of the United States Courts as a "federal agency".

   > § 3371. DEFINITIONS
   > For the purpose of this subchapter—
   > (3) <u>**"Federal agency" means**</u> an Executive agency, military department, a court of the United States, <u>**the Administrative Office of the United States Courts**</u>, the Library of Congress, the Botanic Garden, the Government Printing Office, the Congressional Budget Office, the United States Postal Service, the Postal Regulatory Commission, the Office of the Architect of the Capitol, the Office of

  Technology Assessment, and such other similar agencies of the legislative and judicial branches as determined appropriate by the Office of Personnel Management;

3. Title 5, U.S.C. Sec. 7342 defines the Administrative Office of the United States Courts as the "employing agency" for judges and judicial branch employees.

  § 7342. RECEIPT AND DISPOSITION OF FOREIGN GIFTS AND DECORATIONS
  (a) For the purpose of this section—
  (6) **"employing agency" means—**
  (C) **the Administrative Office of the United States Courts, for judges and judicial branch employees;**

4. Title 5, C.F.R. Sec. 870.101 defines the Administrative Office of the United States Courts as the "employing office" for judges for all United States Courts of Appeals; All United States District Courts; The Court of International Trade; The Court of Federal Claims; and The District Courts of Guam, the Northern Mariana Islands, and the Virgin Islands.

  § 870.101 Definitions
  (1) The Administrative Office of the United States Courts is the employing office for judges of the following courts:
  (i) All United States Courts of Appeals;
  (ii) All United States District Courts;
  (iii) The Court of International Trade;
  (iv) The Court of Federal Claims; and
  (v) The District Courts of Guam, the Northern Mariana Islands, and the Virgin Islands.

5. Title 28, U.S.C., Chapter 41, (Administrative Office of United States Courts) Sec. 602 authorizes compensation to judicial officers in accordance with the Administrative Office of the United States Courts Personnel Act of 1990. **Sec. 3(a)(4) of the Act (Pub. L. 101–474) provides for "incentive awards" to enhance the pay of these judicial officers.**

  § 602. EMPLOYEES

(a) The Director shall appoint and fix the compensation of necessary employees of the Administrative Office in accordance with the Administrative Office of the United States Courts Personnel Act of 1990.

NOTES:

Administrative Office of United States Courts Personnel

Sections 1 to 4 and 6 of Pub. L. 101–474 provided that:

"SEC. 3. ESTABLISHMENT OF PERSONNEL MANAGEMENT SYSTEM.

"**(a) The Director shall, by regulation,** establish a personnel management system for the Administrative Office which provides for the appointment, pay, promotion, and assignment of all employees on the basis of merit, but without regard to the provisions of title 5, United States Code, governing appointments and other personnel actions in the competitive service, or the provisions of chapter 51 and subchapter III of chapter 53 of such title, relating to classification and General Schedule pay rates. The system shall apply to all Administrative Office employees except those referred to in section 603 of title 28, United States Code, and shall, at a minimum—

"**(4) establish procedures for employee evaluations, the granting of periodic pay adjustments, <u>incentive awards</u>,** and resolution of employee grievances;

6. The statutory scheme that allows the federal government to pay "incentive awards" to judicial officers also prohibits the pay from being publicly disclosed. See "The Ethics in Government Act of 1978" found in the Title 5, U.S.C. Appendix (§§ 101—505), which, at Sec. 102, specifically forbids the disclosure of monies earned from the federal government.

§ 102. CONTENTS OF REPORTS
(a) **Each report filed pursuant to section 101 (d) and (e) shall include a full and complete statement with respect to the following:**
(1)
(A) **The source, type, and amount or value of income** (other than income referred to in subparagraph (B)) **from any source (<u>other than from current employment by the United States Government</u>),**

The Ethics in Government Act exists ostensibly to discourage conflicts of interest between private industry and government employees, between private individuals and government employees, between foreign entities and government employees. However,

the Ethics in Government Act ironically fails to protect the general public from any knowledge of graft, corruption or bribery within the government itself. Furthermore, personal financial information is exempt from disclosure under the Privacy Act. Federal judges can thus be paid.

Such payments create a conflict of interest by the court.

Not only did the judge violate Due Process when judicial bias was raised by ruling on her own judicial bias, but the judge is now presumed to receive funds from the Impressed Fund Account.

### F. The Court Never Had Jurisdiction Over This Case

**The court had no jurisdiction pursuant to 18 USC section 3231 for this case.**

On May 12, 1947, no quorum existed in the House of Representatives when it voted 38 to 6 to pass Public Law 80-772. 18 USC section 3231, the <u>only statute</u> authorizing a federal court to engage in criminal prosecution, was part of Public Law 80-772. Petitioner judicially notices the Congressional record on May 12, 1947 showing no quorum existed. All the facts and evidence are judicially noticed in the Supreme Court in Case No. 14-527 on December 30, 2014 and therefore apply to the lower courts without discussion.

The court cannot take jurisdiction pursuant to Title 18 passed in 1940 because that statute was repealed in 1948.

The court cannot take jurisdiction of the case pursuant to the 1909 statute because

that would be in violation of the Fair Warning Doctrine. Petitioner judicially notices the Fair Warning Doctrine herein. .

The court cannot take notice of *Field v. Clark*, 143 U.S. 649 (1892) because that case did not involve a quorum challenge and *Field v. Clark* has been distinguished by *Clinton v. New York*, 524 U.S. 417 (1998) and *United States v. Munos-Flores*, 495 U.S. at 385, 391, n. 4 (1990).

Petitioner is not arguing whether the bill was passed by both houses of Congress in the exact same form. .

*Marshall Field & Co. v. Clark*, 143 U.S. 649, 12 S.Ct. 495 (1892*)* does not apply to this case. "*Marshall Field* held that a bill signed by the leaders of the House and Senate –an attested 'enrolled bill' – establishes that Congress passed the text included therein 'according to the forms of the Constitution,

The issue presented by Petitioner is simple, and is supported by the records of Congress and by the records filed in this court and the Supreme Court (see David Moleski v. United States, No. 14-597, 2014). , **If the government wants to declare this argument frivolous, then it is declaring the Constitution of the United States frivolous, and as such has committed treason against the Constitution.**

G. **These Issues Are Now Judicially Noticed in the Supreme Court and MUST BE JUDICIALLY NOTICED IN THIS COURT**

Since the issues are judicially noticed in the Supreme Court, they must be accepted by this court.

1. **Courts May Take Judicial Notice Pursuant to FRE 201**

Courts may take judicial notice of facts that are "not subject to Reasonable dispute," such as when they can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Petitioner seeks judicial notice of public records which can be confirmed by reference to publicly available information. Judicial notice of such documents is appropriate "at any stage of the proceeding," FRE 201(d),

### 2. If it is Subject to Judicial Notice, Then it is Taken as True

In *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002), citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) "Nor must we "*accept as true allegations that contradict matters properly subject to judicial notice* or by exhibit.""

In *Hutchinson v. State of Indiana*, 477 N.E.2d 850, 854 (Sup.Ct. Ind. 1985) "Judicial notice excuses the party having the burden of establishing a fact from the necessity of producing formal proof."

### 3. Judicial Notice is Proof being Superior to Evidence

In *State v. Main*, 37 A. 80, 84 (Sup.Ct.Err.Conn. 1897) "Judicial notice takes the place of proof, and is of equal force. As a means of establishing facts, <u>it is therefore superior to evidence</u>. In its appropriate field, it displaces evidence, since, as it stands for proof, it fulfills the object which evidence is designed to fulfill, and makes evidence unnecessary." "In *Southern Cross Overseas Agencies v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, [426] (3d Cir.1999), we noted that judicial proceedings constitute public records and that courts may take judicial notice of another court's opinions. *Id.* at 426. * * * We explained that a court may take

judicial notice of another court's opinion to use it as proof that evidence existed to put a party on notice of the facts underlying a claim. *[Ibid. Southern Cross at 428].*"

In *Beadnell v. United States*, 303 F.2d 87, 89 (1962) "Proof of facts judicially known was unnecessary. FN 5 (cites omitted)." See *Mills v. Denver Tramway Corp.*, 155 F.2d 808, 811 (10th Cir. 1946).

    a. <u>Judicial Notice is Taken of the Facts in this Case</u>

Petitioner takes judicial notice of the following:

1. <u>93Cong.Rec.5049</u>: there is no record of any quorum being present during the May 12, 1947 vote on the H.R. 3190 Bill in the House of Representatives.

2. <u>Verified letter</u> from Jeff Trandahl, Clerk, U.S. House, 6/28/2000 to Charles R. Degan, "Dear Mr. Degan: Thank you for your letter requesting information on Title 18. In response to your inquiry, <u>Congress was in session on June 1, 3, 4, 7-12 and 14-19, 1948, however, Title 18 was not voted on at this time....</u>"

3. <u>Verified letter</u> from Karen Haas, Clerk, U.S. House 8/30/2006: "<u>Yes, the Speaker of the House did sign bill HR 3190 in the absence of a quorum.</u>

4. <u>Verified letter</u> from Karen Haas, Clerk, U.S. House, 9/11/2006: "After conducting a thorough examination of the journals, <u>I found no entry in the journal of the House of any May 12, 1947 vote on the H.R. 3190 bill.... The Senate took no action</u> on the H.R. 3190 bill prior to the December 19, 1947 sine die adjournment. Page 5049 of the Congressional Record, 80th Congress, 1st Session indicates 44 Members voting 38 to 6 to amend H.R. 3190 on May 12, 1947. <u>Therefore, by counting the total yea and nay vote a quorum was not present. According to House Rules, when less than a majority of a quorum votes to pass a bill, the journal must show the names of Members present but not voting. I found no record of any names for the May 12, 1947 vote....</u>"

5. <u>Verified letter</u> from Nancy Erickson, Secretary of the Senate, "....Thank you for your recent letter requesting confirmation on the status of H.R. 3190 from the 80th Congress. I asked the Senate Historian's office to review the correspondence you enclosed, and they were able to verify that

<u>no action was taken by the Senate on H.R. 3190 prior to the December 19, 1947 *sine die* adjournment.</u>

6. <u>Verified letter</u> from Lorraine Miller, Clerk, dated August 24, 2010: "Thank you for contacting the Office of the Clerk. Our office has conducted research of the House Journal and the Congressional Record in regards to HR 3190 and the voice vote that was taken on May 12, 1947. <u>After researching these official proceedings of the US House of Representatives we have been unable to find the names of the 44 Members who responded to the voice vote....</u> This letter is in the Clerk's Library.

7. <u>Independently verified</u> Memorandum Harley lappinfrom Harley G. Lappin: "From: 'Harley G. Lappin' <Harley.lappin@usdoj.gov. Sent: Monday, July 27, 2009 3:17 PM. Logo for U.S. Department of Justice.

   "Attention all Department Heads, there has been a large volume of inmate Requests for Administrative Remedies questioning the validity of the Bureau's authority to hold or classify them under 18 U.S.C. §§ 4081, et seq., (1948). On the claim that Public Law 80-772 was never passed or signed in the presence of a Quorum or Majority of both Houses of Congress as required by Article I, § 5, Clause 1 of the Constitution. Although most courts have, thus far, relief on Field v. Clark, 143 U.S. 649 (1892) to avoid ruling on the merits of these claims, however, there have been some which have stated that they were not bound by the Field case, but these cases did not involve any Quorum Clause challenge. So out of an abundance of caution, I contacted the <u>Office of Legal Counsel, the National Archives</u> and the <u>Clerk of the House of Representatives</u> <u>to learn that there is no record of any quorum being present during the May 12, 1947 vote on the H.R. 3190 Bill in the House (See 93 Cong.Rec. 5049), and the record is not clear as to whether there is was any Senate vote on the H.R. 3190 Bill during any session of the 80th Congress.</u> There is only one Supreme Court case that says <u>in order for any bill to be valid the Journals of both Houses must show that it was passed in the presence of a Quorum.</u> See United States v. Balin, Joseph & Co., 144 U.S. 1, 3 (1892). The Clerk of the House states that the May 12, 1947 vote was a '*voice vote*.' Bu the Parliamentarian of the House states that a voice vote is only valid when the Journal shows that a quorum is present and that it's unlawful for the Speaker of the House to sign any enrolled bill in the absence of a quorum. On May 12, 1947, a <u>presence of 218 Members</u> in the hall of the House <u>was required</u> to be entered on the Journal in order for the 44 Member 38 to 6 voice vote to be legal. It appears that the 1909 version of the Federal Criminal Code has never been repealed.

Therefore, in essence, <u>our only true authority is derived from the 1948 predecessor to Public Law 80-772.</u> "Although adjudication of the constitutionality of congressional enactments has generally been thought to be beyond the jurisdiction of federal administrative agencies, this rule is not mandatory," according to the Supreme Court in the case of Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 215 (1994). Therefore, the Bureau under the advice of the Legal Counsel feels that it is in the best interest of public safety to continue addressing all of these Administrative Remedy Request by stating that <u>only the Congress or courts can repeal or declare a federal statute unconstitutional.</u> Signature. Harley G. Lappin. Director, Federal Bureau of Prisons."

   b. <u>Judicial Notice of the Law</u>

1. *United States v. Ballin, Joseph & Co.*, 144 U.S. 1, 3 (1892)((in order for any bill to bevalid the Journals of both Houses must show that it was passed in the presence of a Quorum).
2. Article I, Section 5, Clause 1 of the Constitution: "Each House shall be the judge of the elections, returns and qualifications of its own members, and a majority of each shall constitute a quorum to do business; but a smaller number may adjourn from day to day, and may be authorized to compel the attendance of absent members, in such manner, and under such penalties as each House may provide.
3. *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997)("it is this Court's prerogative alone to overrule its own precedent).
4. *Carol Ann Bond v. United States*, 131 S.Ct. 2355 (2011), Ginsberg, concurring opinion.

   F. <u>The Prosecutor Concealed Material Evidence</u>

In the files of the government exists evidence that the IRS routinely accepted 1099oids which were accepted and which would have proven that the actions of Petitioner were correct.

In the files of the government exists the investigation of Title 18 and the determination of the DOJ that Public Law 80-772 is unconstitutional.

   G. <u>Conclusion and Prayer for Relief</u>

Petitioner is entitled to a new trial or immediate dismissal of the indictment and

judgment in this case.

**Respectfully submitted,**

*/s/ John Joseph Pawelski*
John Joseph Pawelski

*/s/ George Thomas Brokaw*
George Thomas Brokaw

*/s/ Mimi Michelle Vigil*
Mimi Michelle Vigil

## CERTIFICATE OF SERVICE

Submitted by first class mail on this the ____17th____ day of February 2015, a true and correct copy of the foregoing was served on the Clerk of the Court. The Clerk of Court shall distribute to all parties of interest.

*/s/ Debra Brokaw*
Debra Brokaw

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 18 2015

JEFFREY P. COLWELL
CLERK

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| Plaintiff | § | |
| v. | § | No. 13-cr-00392-CMA |
| JOHN J. PAWELSKI | § | |
| Defendant | § | |
| | § | |

## Notice of Appeal

I hereby appeal the judgment and sentencing of US District Court for the District of Colorado for Case No.13-cr-00392-CMA. The sentencing occurred on February 10, 2015 with Judge Christine Arguello presiding

Respectfully submitted,

*/s/ John Joseph Pawelski*
John Joseph Pawelski

CERTIFICATE OF SERVICE

Submitted by first class mail on this the ___17th___ day of February 2015, a true and correct copy of the foregoing was served on the Clerk of the Court. The Clerk of Court shall distribute to all parties of interest and US Appeals Court.

*/s/ Debra Brokaw*

Debra Brokaw