## U.S. District Court

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 2/12/2015 at 2:22 PM MST and filed on 2/10/2015

**Case Name:** USA v. Brokaw et al
**Case Number:** 1:13-cr-00392-CMA
**Filer:**
**Document Number:** 417(No document attached)

**Docket Text:**
**MINUTE ENTRY for proceedings held before Judge Christine M. Arguello: Sentencing held on 2/10/2015 as to defendant John J. Pawelski. Defendant present;in custody. Defendant sentenced as reflected on the record. Defendant remanded. (Total time: 00:29, Hearing time: 3:50-4:19)**

**APPEARANCES: Matthew Kirsch and Martha Paluch on behalf of the Government, John Pawelski, pro se, Gary Burney and Robert Ford on behalf of probation. Court Reporter: Mary George. (shart) Text Only Entry**

**1:13-cr-00392-CMA-2 Notice has been electronically mailed to:**

Martha Ann Paluch     Martha.Paluch@usdoj.gov, Mariah.Tracy@usdoj.gov, diana.brown@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Matthew T. Kirsch     matthew.kirsch@usdoj.gov, Diana.Brown@usdoj.gov, USACO.ECFCriminal@usdoj.gov, dequesa.boucher@usdoj.gov

Miller M. Leonard     miller@themillerleonardlawfirm.com

**1:13-cr-00392-CMA-2 Notice has been mailed by the filer to:**

George Thomas Brokaw
% Isaiah 33 Trust
Box 8100
Colorado Springs, CO 80933-8100

John J. Pawelski
6432 Rockville Drive
Colorado Springs, CO

Mimi M. Vigil
513 Shady Crest Circle
Colorado Springs, CO 80916

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 18 2015

JEFFREY P. COLWELL
CLERK

Criminal Case No. 13-cr-00392-CMA-2

| | |
|---|---|
| **UNITED STATES OF AMERICA** | C |
| **Plaintiff/Respondents** | C |
| | C |
| **V** | C |
| | C  No. 13-cr-00392-CMA-2 |
| **JOHN J PAWELSKI** | C |
| **MIMI VIGIL** | C |
| **GEORGE THOMAS BROKAW** | C |
| | C |
| **Defendants/Petitioners** | C |
| | C |

## MOTION TO DISMISS PURSUANT TO FRCrimP 33 and FRCrimP 34 By Petitioners

FRCrimP 33(b)(2) allows the defendants to file a motion for a new trial grounded on any reason other than newly discovery evidence.

FRCrimP 34 allows a Motion for Dismissal based on the following grounds: "IN GENERAL. Upon the defendant's motion or on its own, the court must arrest judgment if the court does not have jurisdiction of the charged offense."

This Motion is filed pursuant to FRCrimP 33(b)(2) and FRCrimP 34.

Petitioner incorporates Petitioner's prior filings by reference as if fully set forth herein.

### A. History of the Case

Petitioners were indicted on 9/23/13  for: 1) Conspiracy to Defraud the Government; 2) False or Fraudulent Claims; and 3) Corrupt or Forcible Interference. Doc. 1.

A superseding indictment was issued on 10/21/13.  Doc. 53.

Petitioners were found guilty by a jury on 11/17/14.  Doc. 371.

Petitioners were sentenced based on the jury verdict.

The court has denied all motions presented by petitioners, in which Petitioners presented evidence and authority supporting Petitioner's factual/actual innocence claims.

Throughout these proceedings, the court has acted as a second prosecutor, in violation of 28 USC sections 453 (Oath of Office); 28 USC section 454 (practicing law from the bench) and 28 USC section 455 (judicial bias).  The court has acted as a second prosecutor in this case from the inception of the proceedings.

The court has continuously dismissed filings that present valid issues rather than have them on the record. See, e.g.,  docs. 373, 380, 394, 395, 398, 399, e.g.

The court has illegally presented a plea for defendants. No plea was entered and the court, in violation of the 6th Amendment, entered a plea for Petitioners.

The court has illegally stated on the record that Petitioners cannot have an appeal unless an attorney is representing defendants. This issue is a violation of Petitioners' First, Fourth, Fifth, and Sixth Amendment rights and constitutes judicial bias and requires immediate dismissal of the case and release of Petitioners..

It is common knowledge that the District Court in Colorado is one of the most corrupt courts in the country.

The court has committed structural error, voiding these proceedings. The only alternative for the court is an order to dismiss the proceedings, ab initio.  Should the courts refuse to do so, then it compounds the judicial bias of the court and compounds the Constitutional violations of Petitioner..

## B. **Due Process**

The court has violated Due Process in violation of the 1st, 4th, 5th, 6th, and 8th Amendment rights to the Constitution.

## C. **Structural Error**

The Court has violated structural error.

### 1. **Law Related to Structural Error**

In conducting harmless error analysis of constitutional violations in direct appeal and habeas corpus cases, the Court repeatedly has reaffirmed that "[s]ome constitutional violations ....by their very nature cast so much doubt on the fairness of the trial process that, as a matter of law, they can never be considered harmless." *Satterwhite v. Texas*, 486 U.S. 249, 256 (1988); accord *Neder v. United States*, 527 U.S. 1, 7 (1999) ("[W]e have recognized a limited class of fundamental constitutional errors that 'defy analysis by "harmless error" standards'...Errors of this type are so intrinsically harmful as to require automatic reversal (i.e., 'affect substantial rights') without regard to their effect on the outcome."); *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993) ("Although most constitutional errors have been held to harmless-error analysis, some will always invalidate the conviction." (citations omitted)); id at 283 (Rehnquist, C.J., concurring); *United States v. Olano*, 507 U.S. 725, 735 (1993); *Rose v. Clark*, 478 U.S. 570, 577-78 (1986) ("some constitutional errors require reversal without regard to the evidence in the particular case...[because they] render a trial fundamentally unfair"); *Vasquez v. Hillary*, 474 U.S. 254, 263-264 (1986); *Chapman v. California*, 386 U.S. 18, 23 (1967) ("there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error").

In this case, structural error was created by the prosecutor and the court by concealing the evidence that no statutory authority existed.

## 2.    Law Related to Structural Error for Concealment of Evidence

Included in those rights is the protection against prosecutorial suppression of exculpatory evidence and other prosecutorial and judicial failures to make "material" evidence or witnesses available to the defense at trial, when "materiality" is defined as at least a "'reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Kyles v. Whitley*, 514 U.S. at 435 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985) (plurality opinion); id at 685 (White, J., concurring in judgment)).  In addition to *Bagley*, which addresses claims of prosecutorial suppression of evidence, the decisions listed below – all arising in "what might loosely be called the area of constitutionally guaranteed access to evidence,'" *Arizona v. Youngblood*, 488 U.S. 51, 55 (1988) (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982)) – require proof of "materiality" or prejudice.  The standard of materiality adopted in each case is not always clear.  But if that standard requires at least a "reasonable probability" of a different outcome, its satisfaction also automatically satisfies the Brecht harmless error rule.  See, e.g., *Arizona v. Youngblood*, supra at 55 (recognizing due process violation based  on state's loss or destruction before trial of material evidence); *Pennsylvania v. Ritchie*, 480 U.S. 39, 57-58 (1987) (recognizing due process violation based on state agency's refusal to turn over material social services records; "information is "material" if it "probably would have changed the outcome of his trial" (citing *United States v. Bagley*, supra at 682 (plurality opinion); id at 685 (White, J., concurring in judgment)); *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985)

(denial of access by indigent defendant to expert psychiatrist violates Due Process clause when defendant's mental condition is 'significant factor' at guilt-innocence or capital sentencing phase of trial); *California v. Trombetta*, 467 U.S. 479, 489-90 (1984) (destruction of breath samples might violate Due Process Clause if there were more than slim chance that evidence would effect outcome of trial and if there were no alternative means of demonstrating innocence); *United States v. Valenzuela-Bernal*, supra at 873-874 ("As in other cases concerning the loss [by state or government] of material evidence, sanctions will be warranted for deportation of alien witnesses only if there is a reasonable likelihood that the testimony could have affected the judgment of the trier of fact."); *Chambers v. Mississippi*, 40 U.S. 284, 302 (1973) (evidentiary rulings depriving defendant of access to evidence "critical to [his] defense" violates "traditional and fundamental standards of due process"); *Washington v. Texas*, 388 U.S. 14, 16 (1967) (violation of Compulsory Process Clause when court arbitrarily deprived defendant of "testimony [that]j would have been relevant and material, and .... vital to the defense"). In this case the government intentionally concealed evidence related to the Defendants' innocence.

In this case, the court intentionally concealed the evidence of the concealment of the investigation and determination by the department of justice that the doj had investigated and determined that the court had no jurisdiction pursuant to Title 18 (1948).

## 2.  .Law Related to Structural Error for Judicial Bias

Included in the definition of structural errors, is the right to an impartial judge, i.e., the right to a judge who follows the Constitution and Supreme Court precedent and upholds the oath of office. See, e.g., *Neder v. United States*, supra, 527 U.S. at 8 ("biased

trial judge" is 'structural [error],' and thus [is] subject to automatic reversal"); *Edwards v. Balisok*, 520 U.S. 641, 647 (1997) ("A criminal defendant tried by a partial judge is entitled to have his conviction set aside, no matter how strong the evidence against him."); *Johnson v. United States*, 520 U.S. 461,469 (1997); *Sullivan v. Louisiana*, 508 U.S. at 279; *Rose v. Clark*, 478 U.S. 570, 577-78 (1986); *Tunney v. Ohio*, 273 U.S. 510, 523 (1927).

In this case, the prosecutor and the judge intentionally ignored the law and proceeded without jurisdiction.

### D. <u>The Court and Prosecutor Committed Structural Error</u>

In fact, the court has no jurisdiction according to 18 USC section 3231 since the House had no quorum on May 12, 1947, in violation of the quorum clause of the Constitution.  The government attorney was required to notify the court of authority which would prove the issue.

The government also failed to disclose all evidence required that would prove Petitioners innocent, in violation of *Brady v. Maryland*, 373 US 83 (1963) and its progeny, as well as the Bad Faith Doctrine and the Clean Hands Doctrine.

Based on the issues presented, Structural error by the court, structural error by the prosecutor, and jurisdictional error, the court must dismiss the charges and indictment pursuant to FRCrimP 33 and 34, or alternately grant a new trial in a fair environment..

E.  <u>**Evidence is Clear that the Judge Was Receiving Financial Benefits**</u>

The evidence is clear that the judge in this case received financial benefits for

obtaining a conviction in this case, in violation of 28 USC §§ 453, 454, 455, the canons

of judicial conduct, the state bar rules, and the basis for human morality.

One of the more shocking revelations discovered in reference to IRS systematic

misapplication of federal employment taxes is a federal statutory scheme which

allows the federal government to pay "undisclosed cash awards" to federal judicial

officers, including federal attorneys, magistrates and judges, out of an Imprest Fund

Account set up for the express purpose of rewarding those who assist with IRS

prosecutions. Further, a review of the public records of federal court cases involving

issues of controversy concerning federal employment taxes, including in the United

States Tax Court, all United States District Courts, and all United States Courts of

Appeals, reveals a shocking pattern of judicial misconduct which makes no sense

unless the judicial officers were receiving "undisclosed cash awards" from their

employer. These public records show that in every case, the judge failed or refused to

perform the following essential judicial functions: (1) declare the law of the case

between the parties; (2) make a finding of material fact corresponding to the law of

the case; and (3) apply the law of the case to these facts to render a decision or

judgment on the merits. Absent the performance of these essential judicial functions,

the "alleged taxpayer" is deprived of a fair and impartial arbiter of the case, and

systematically deprived of due process of law, which leads to the obvious question,

"How can an 'alleged taxpayer' obtain justice under these circumstances?"

1.  Title 5, U.S.C. Sec. 4502 authorizes **federal agencies** to provide "cash awards" of up to $25,000 to government employees, in addition to their regular pay.

> SUBCHAPTER I—AWARDS FOR SUPERIOR ACCOMPLISHMENTS
> § 4502. GENERAL PROVISIONS
> (a) **Except as provided by subsection (b) of this section, a cash award under this subchapter may not exceed $10,000.**
> (b) **When the head of an agency certifies to the Office of Personnel Management** that the suggestion, invention, superior accomplishment, or other meritorious effort for which the award is proposed is highly exceptional and unusually outstanding, **a cash award in excess of $10,000 but not in excess of $25,000 may be granted** with the approval of the Office.
> (c) **A cash award under this subchapter is in addition to the regular pay of the recipient.**

In accordance with Sec. 4502, the IRS maintains an Imprest Fund Account for the purpose of rewarding those who assist in IRS prosecutions. See the Internal Revenue Manual at: http://www.irs.gov/irm/part1/irm_01-032-008.html#d0e33

> **Section 8. Investigative Imprest Funds**
> 1.32.8.1  (01-14-2011)  Overview
> 1. **This IRM provides policies and procedures for establishing and managing investigative imprest funds.**
> 2. The Chief Financial Officer, Internal Financial Management Unit, Office of Financial Management Policy, develops and maintains this IRM.
>
> 1.32.8.5  (01-14-2011)
> Definitions
> 1. In this IRM, the terms below have the following meanings:
> F. **Imprest Fund - cash advanced to a duly authorized cashier which is charged against a Government appropriation account.**

2.  Title 5, U.S.C. Sec. 3371(3) defines the Administrative Office of the United States Courts as a "federal agency".

> § 3371. DEFINITIONS
> For the purpose of this subchapter—
> (3) **"Federal agency" means** an Executive agency, military department, a court of the United States, **the Administrative Office of the United States Courts,** the Library of Congress, the Botanic Garden, the Government Printing Office, the Congressional Budget Office, the United States Postal Service, the Postal Regulatory Commission, the Office of the Architect of the Capitol, the Office of

Technology Assessment, and such other similar agencies of the legislative and judicial branches as determined appropriate by the Office of Personnel Management;

3. Title 5, U.S.C. Sec. 7342 defines the Administrative Office of the United States Courts as the "employing agency" for judges and judicial branch employees.

§ 7342. RECEIPT AND DISPOSITION OF FOREIGN GIFTS AND DECORATIONS
(a) For the purpose of this section—
(6) **"employing agency" means—**
(C) **the Administrative Office of the United States Courts, for judges and judicial branch employees**;

4. Title 5, C.F.R. Sec. 870.101 defines the Administrative Office of the United States Courts as the "employing office" for judges for all United States Courts of Appeals; All United States District Courts; The Court of International Trade; The Court of Federal Claims; and The District Courts of Guam, the Northern Mariana Islands, and the Virgin Islands.

§ 870.101  Definitions
(1) The Administrative Office of the United States Courts is the employing office for judges of the following courts:
(i) All United States Courts of Appeals;
(ii) All United States District Courts;
(iii) The Court of International Trade;
(iv) The Court of Federal Claims; and
(v) The District Courts of Guam, the Northern Mariana Islands, and the Virgin Islands.

5. Title 28, U.S.C., Chapter 41, (Administrative Office of United States Courts) Sec. 602 authorizes compensation to judicial officers in accordance with the Administrative Office of the United States Courts Personnel Act of 1990. **Sec. 3(a)(4) of the Act (Pub. L. 101–474) provides for "incentive awards" to enhance the pay of these judicial officers.**

§ 602. EMPLOYEES

(a) The Director shall appoint and fix the compensation of necessary employees of the Administrative Office in accordance with the Administrative Office of the United States Courts Personnel Act of 1990.

NOTES:

Administrative Office of United States Courts Personnel

Sections 1 to 4 and 6 of Pub. L. 101–474 provided that:

"SEC. 3. ESTABLISHMENT OF PERSONNEL MANAGEMENT SYSTEM.

"(a) The Director shall, by regulation, establish a personnel management system for the Administrative Office which provides for the appointment, pay, promotion, and assignment of all employees on the basis of merit, but without regard to the provisions of title 5, United States Code, governing appointments and other personnel actions in the competitive service, or the provisions of chapter 51 and subchapter III of chapter 53 of such title, relating to classification and General Schedule pay rates. The system shall apply to all Administrative Office employees except those referred to in section 603 of title 28, United States Code, and shall, at a minimum—

"(4) establish procedures for employee evaluations, the granting of periodic pay adjustments, incentive awards, and resolution of employee grievances;

6.  The statutory scheme that allows the federal government to pay "incentive awards" to judicial officers also prohibits the pay from being publicly disclosed. See "The Ethics in Government Act of 1978" found in the Title 5, U.S.C. Appendix (§§ 101—505), which, at Sec. 102, specifically forbids the disclosure of monies earned from the federal government.

§ 102. CONTENTS OF REPORTS
(a) Each report filed pursuant to section 101 (d) and (e) shall include a full and complete statement with respect to the following:
(1)
(A) The source, type, and amount or value of income (other than income referred to in subparagraph (B)) from any source (other than from current employment by the United States Government),

The Ethics in Government Act exists ostensibly to discourage conflicts of interest between private industry and government employees, between private individuals and government employees, between foreign entities and government employees. However,

the Ethics in Government Act ironically fails to protect the general public from any knowledge of graft, corruption or bribery within the government itself. Furthermore, personal financial information is exempt from disclosure under the Privacy Act. Federal judges can thus be paid.

Such payments create a conflict of interest by the court.

Not only did the judge violate Due Process when judicial bias was raised by ruling on her own judicial bias, but the judge is now presumed to receive funds from the Impressed Fund Account.

## F.  **The Court Never Had  Jurisdiction Over This Case**

**The court had no jurisdiction pursuant to 18 USC section 3231 for this case.**

On May 12, 1947, no quorum existed in the House of Representatives when it voted 38 to 6 to pass Public Law 80-772.  18 USC section 3231, the only statute authorizing a federal court to engage in criminal prosecution, was part of Public Law 80-772.  Petitioner judicially notices the Congressional record on May 12, 1947 showing no quorum existed.  All the facts and evidence are judicially noticed in the Supreme Court in Case No. 14-527 on December 30, 2014 and therefore apply to the lower courts without discussion.

The court cannot take jurisdiction pursuant to Title 18 passed in 1940 because that statute was repealed in 1948.

The court cannot take jurisdiction of the case pursuant to the 1909 statute because

that would be in violation of the Fair Warning Doctrine.  Petitioner judicially notices the

Fair Warning Doctrine herein. .

The court cannot take notice of *Field v. Clark*, 143 U.S. 649 (1892) because that

case did not involve a quorum challenge and *Field v. Clark* has been distinguished by

*Clinton v. New York,* 524 U.S. 417 (1998) and *United States v. Munos-Flores*, 495 U.S. at

385, 391, n. 4 (1990).

Petitioner is not arguing whether the bill was passed by both houses of Congress

in the exact same form. .

*Marshall Field & Co. v. Clark*, 143 U.S. 649, 12 S.Ct. 495 (1892) does not apply

to this case.  "*Marshall Field* held that a bill signed by the leaders of the House and

Senate –an attested 'enrolled bill' – establishes that Congress passed the text included

therein 'according to the forms of the Constitution,

The issue presented by Petitioner is simple, and is supported by the records of

Congress and by the records filed in this court and the Supreme Court (see David

Moleski v. United States, No. 14-597, 2014). , **If the government wants to declare this**

**argument frivolous, then it is declaring the Constitution of the United States**

**frivolous, and as such has committed treason against the Constitution.**

**G. These Issues Are Now Judicially Noticed in the Supreme Court and**

**MUST BE JUDICIALLY NOTICED IN THIS COURT**

**Since the issues are judicially noticed in the Supreme Court, they must be**

**accepted by this court.**

**1. Courts May Take Judicial Notice Pursuant to FRE 201**

Courts may take judicial notice of facts that are "not subject to Reasonable dispute," such as when they can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Petitioner seeks judicial notice of public records which can be confirmed by reference to publicly available information.  Judicial notice of such documents is appropriate "at any stage of the proceeding," FRE 201(d),

### 2. If it is Subject to Judicial Notice, Then it is Taken as True

In *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002), citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) "Nor must we "*accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.*""

In *Hutchinson v. State of Indiana*, 477 N.E.2d 850, 854 (Sup.Ct. Ind. 1985) "Judicial notice excuses the party having the burden of establishing a fact from the necessity of producing formal proof."

### 3. Judicial Notice is Proof being Superior to Evidence

In *State v. Main*, 37 A. 80, 84 (Sup.Ct.Err.Conn. 1897) "Judicial notice takes the place of proof, and is of equal force. As a means of establishing facts, <u>it is therefore superior to evidence</u>.  In its appropriate field, it displaces evidence, since, as it stands for proof, it fulfills the object which evidence is designed to fulfill, and makes evidence unnecessary." "In *Southern Cross Overseas Agencies v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, [426] (3d Cir.1999), we noted that judicial proceedings constitute public records and that courts may take judicial notice of another court's opinions. *Id.* at 426. * * * We explained that a court may take

judicial notice of another court's opinion to use it as proof that evidence existed to put a party on notice of the facts underlying a claim. *[Ibid. Southern Cross at 428].*"

In *Beadnell v. United States*, 303 F.2d 87, 89 (1962) "Proof of facts judicially known was unnecessary. FN 5 (cites omitted)." See *Mills v. Denver Tramway Corp.*, 155 F.2d 808, 811 (10th Cir. 1946).

a.   <u>Judicial Notice is Taken of the Facts in this Case</u>

Petitioner takes judicial notice of the following:

1.  <u>93Cong.Rec.5049</u>:  there is no record of any quorum being present during the May 12, 1947 vote on the H.R. 3190 Bill in the House of Representatives.

2.  <u>Verified letter</u> from Jeff Trandahl, Clerk, U.S. House, 6/28/2000 to Charles R. Degan,  "Dear Mr. Degan:  Thank you for your letter requesting information on Title 18.  In response to your inquiry, <u>Congress was in session on June 1, 3, 4, 7-12 and 14-19, 1948, however, Title 18 was not voted on at this time....</u>"

3.  <u>Verified letter</u> from Karen Haas, Clerk, U.S. House 8/30/2006:  "<u>Yes, the Speaker of the House did sign bill HR 3190 in the absence of a quorum.</u>

4.  <u>Verified letter</u> from Karen Haas, Clerk, U.S. House, 9/11/2006: "After conducting a thorough examination of the journals, <u>I found no entry in the journal of the House of any May 12, 1947 vote on the H.R. 3190 bill.... The Senate took no action</u> on the H.R. 3190 bill prior to the December 19, 1947 sine die adjournment. Page 5049 of the Congressional Record, 80th Congress, 1st Session indicates 44 Members voting 38 to 6 to amend H.R. 3190 on May 12, 1947. <u>Therefore, by counting the total yea and nay vote a quorum was not present.   According to House Rules, when less than a majority of a quorum votes to pass a bill, the journal must show the names of Members present but not voting.  I found no record of any names for the May 12, 1947 vote....</u>"

5.  <u>Verified letter</u> from Nancy Erickson, Secretary of the Senate, "....Thank you for your recent letter requesting confirmation on the status of H.R. 3190 from the 80th Congress.   I asked the Senate Historian's office to review the correspondence you enclosed, and they were able to verify that

**no action was taken by the Senate on H.R. 3190 prior to the December 19, 1947 *sine die* adjournment.**

6. **Verified letter** from Lorraine Miller, Clerk, dated August 24, 2010: "Thank you for contacting the Office of the Clerk. Our office has conducted research of the House Journal and the Congressional Record in regards to HR 3190 and the voice vote that was taken on May 12, 1947. **After researching these official proceedings of the US House of Representatives we have been unable to find the names of the 44 Members who responded to the voice vote....** This letter is in the Clerk's Library.

7. **Independently verified** Memorandum Harley lappinfrom Harley G. Lappin: "From: 'Harley G. Lappin' <Harley.lappin@usdoj.gov. Sent: Monday, July 27, 2009 3:17 PM. Logo for U.S. Department of Justice.

"Attention all Department Heads, there has been a large volume of inmate Requests for Administrative Remedies questioning the validity of the Bureau's authority to hold or classify them under 18 U.S.C. §§ 4081, et seq., (1948). On the claim that Public Law 80-772 was never passed or signed in the presence of a Quorum or Majority of both Houses of Congress as required by Article I, § 5, Clause 1 of the Constitution. Although most courts have, thus far, relief on Field v. Clark, 143 U.S. 649 (1892) to avoid ruling on the merits of these claims, however, there have been some which have stated that they were not bound by the Field case, but these cases did not involve any Quorum Clause challenge. So out of an abundance of caution, I contacted the Office of Legal Counsel, the National Archives and the Clerk of the House of Representatives to learn that there is no record of any quorum being present during the May 12, 1947 vote on the H.R. 3190 Bill in the House (See 93 Cong.Rec. 5049), and the record is not clear as to whether there is was any Senate vote on the H.R. 3190 Bill during any session of the 80th Congress. There is only one Supreme Court case that says in order for any bill to be valid the Journals of both Houses must show that it was passed in the presence of a Quorum. See United States v. Balin, Joseph & Co., 144 U.S. 1, 3 (1892). The Clerk of the House states that the May 12, 1947 vote was a '*voice vote.*' Bu the Parliamentarian of the House states that a voice vote is only valid when the Journal shows that a quorum is present and that it's unlawful for the Speaker of the House to sign any enrolled bill in the absence of a quorum. On May 12, 1947, a presence of 218 Members in the hall of the House was required to be entered on the Journal in order for the 44 Member 38 to 6 voice vote to be legal. It appears that the 1909 version of the Federal Criminal Code has never been repealed.

Therefore, in essence, <u>our only true authority is derived from the 1948 predecessor to Public Law 80-772.</u> "Although adjudication of the constitutionality of congressional enactments has generally been thought to be beyond the jurisdiction of federal administrative agencies, this rule is not mandatory," according to the Supreme Court in the case of Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 215 (1994). Therefore, the Bureau under the advice of the Legal Counsel feels that it is in the best interest of public safety to continue addressing all of these Administrative Remedy Request by stating that <u>only the Congress or courts can repeal or declare a federal statute unconstitutional.</u> Signature. Harley G. Lappin. Director, Federal Bureau of Prisons."

   **b.** <u>Judicial Notice of the Law</u>

1. *United States v. Ballin, Joseph & Co.*, 144 U.S. 1, 3 (1892)((in order for any bill to bevalid the Journals of both Houses must show that it was passed in the presence of a Quorum).
2. Article I, Section 5, Clause 1 of the Constitution:  "Each House shall be the judge of the elections, returns and qualifications of its own members, and a majority of each shall constitute a quorum to do business; but a smaller number may adjourn from day to day, and may be authorized to compel the attendance of absent members, in such manner, and under such penalties as each House may provide.
3. *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997)("it is this Court's prerogative alone to overrule its own precedent).
4. *Carol Ann Bond v. United States*, 131 S.Ct. 2355 (2011), Ginsberg, concurring opinion.

### F.   <u>The Prosecutor Concealed Material Evidence</u>

In the files of the government exists evidence that the IRS routinely accepted 1099oids which were accepted and which would have proven that the actions of Petitioner were correct.

In the files of the government exists the investigation of Title 18 and the determination of the DOJ that Public Law 80-772 is unconstitutional.

### G.   <u>Conclusion and Prayer for Relief</u>

Petitioner is entitled to a new trial or immediate dismissal of the indictment and

judgment in this case.

**Respectfully submitted,**

_John Joseph Pawelski_
John Joseph Pawelski

_George Thomas Brokaw_
George Thomas Brokaw

_Mimi Michelle Vigil_
Mimi Michelle Vigil

## CERTIFICATE OF SERVICE

Submitted by first class mail on this the _____17th_____ day of February 2015, a true and correct copy of the foregoing was served on the Clerk of the Court.  The Clerk of Court shall distribute to all parties of interest.

_Debra Brokaw_
Debra Brokaw

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 18 2015

JEFFREY P. COLWELL
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| v. | § | No. 13-cr-00392-CMA |
| JOHN J. PAWELSKI | § | |
| Defendant | § | |
| | § | |

## Notice of Appeal

I hereby appeal the judgment and sentencing of US District Court for the District of Colorado for Case No.13-cr-00392-CMA. The sentencing occurred on February 10, 2015 with Judge Christine Arguello presiding

Respectfully submitted,

*John Joseph Pawelski*

John Joseph Pawelski

## CERTIFICATE OF SERVICE

Submitted by first class mail on this the _____17th_____ day of February 2015, a true and correct copy of the foregoing was served on the Clerk of the Court. The Clerk of Court shall distribute to all parties of interest and US Appeals Court.

*Debra Brokaw*

Debra Brokaw

✎AO 245B    (Rev. 11/14 D/CO) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of        COLORADO

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |
| JOHN J. PAWELSKI | |

| | |
|---|---|
| Case Number: | 13-cr-00392-CMA-2 |
| USM Number: | 39965-013 |

Pro Se
Defendant's Attorney

## THE DEFENDANT:

☐ pleaded guilty to Count(s) _____

☐ pleaded nolo contendere to Count(s) _____
    which was accepted by the Court.

☒ was found guilty on Count(s)    1, 8-11, 14, and 16 of the Superseding Indictment
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 286 | Conspiracy to File False Claims for Refund | 05/09 | 1 |

    The defendant is sentenced as provided in pages 2 through _____12_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on Count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 10, 2015
Date of Imposition of Judgment

*Christine M Arguello*
Signature of Judge

Christine M. Arguello, U.S. District Judge
Name and Title of Judge

February 19, 2015
Date

AO 245B  (Rev. 11/14 D/CO) Criminal Judgment
Sheet 1A

Judgment—Page  2  of  12

DEFENDANT:          JOHN J. PAWELSKI
CASE NUMBER:     1082 1:13CR00392-2

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 287 | False Claims for Refund | 10/23/08 | 8-11 |
| 18 U.S.C. § 371 | Conspiracy to Corruptly Endeavor to Obstruct or Impede the Due Administration of the Internal Revenue Laws | 04/12 | 14 |
| 26 U.S.C. § 7212(a) | Corrupt Endeavor to Obstruct or Impede the Due Administration of the Internal Revenue Laws | 01/13/12 | 16 |

AO 245B    (Rev. 11/14 D/CO) Judgment in Criminal Case
           Sheet 2 — Imprisonment

DEFENDANT:        JOHN J. PAWELSKI
CASE NUMBER:      1082 1:13CR00392-2

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
78 months as to Count 1; 60 months as to Counts 8-11 and 14; and 36 months as to Count 16, to be served concurrently.

☒    The court makes the following recommendations to the Bureau of Prisons:

That the defendant be credited with time spent in official detention prior to sentencing.

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

☐    at _____    ☐    a.m.  ☐    p.m.    on    _____ .

☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐    before 12 p.m. on    _____ .

☐    as notified by the United States Marshal.

☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B     (Rev. 11/14 D/CO) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page ___4___ of ___12___

DEFENDANT:        JOHN J. PAWELSKI
CASE NUMBER:      1082 1:13CR00392-2

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
three (3) years as to Counts 1, 8-11, 14, and one (1) year as to Count 16, concurrent.

       The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☒    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

☒    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☒    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

       If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

       The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. Except as authorized by court order, the defendant shall not possess, use or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes). Without the prior permission of the probation officer, the defendant shall not enter any marijuana dispensary or grow facility;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14)    the defendant shall provide access to any requested financial information.

AO 245B       (Rev. 11/14 D/CO) Judgment in a Criminal Case
              Sheet 3C — Supervised Release

Judgment—Page ___5___ of ____12____

DEFENDANT:          JOHN J. PAWELSKI
CASE NUMBER:        1082 1:13CR00392-2

# SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall make payment on the financial obligation that remains unpaid at the commencement of supervised release.  Within 60 days of release from confinement, the defendant shall meet with the probation officer to develop a plan for the payment of restitution.  This plan will be based upon the defendant's income and expenses.  The plan will be forwarded to the Court for review and approval.

2.  The defendant shall work with the probation officer in development of a monthly budget that shall be reviewed with the probation officer quarterly.

3.  The defendant shall not be employed in a fiduciary position.

4.  The defendant shall not engage in any business activity unless said activity is operating under a formal, registered entity such as a corporation, limited liability company, limited liability partnership, limited liability limited partnership, sole proprietorship or general partnership.

5.  The defendant shall not register any new business entity, foreign or domestic, without the advance written approval of the probation officer.

6.  The defendant shall maintain business records for any business activities in which he engages.  The defendant shall provide all requested documentation to the probation officer regarding any of his business activities as requested by the probation officer.

7.  The defendant shall document all income or compensation generated or received from any source and provide such information to the probation officer as requested.

8.  The defendant shall comply with all legal obligations associated with the Colorado Department of Revenue and the Internal Revenue Service regarding federal and state income taxes.  This includes resolution of any tax arrearages as well as continued compliance with federal and state laws regarding the filing of taxes.

9.  The defendant shall provide to the probation officer copies of all correspondence the defendant mails or causes to be mailed to the Colorado Department of Revenue, the Internal Revenue Service, and the Department of Treasury.

AO 245B    (Rev. 11/14 D/CO) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___6___ of ___12___

DEFENDANT:        JOHN J. PAWELSKI
CASE NUMBER:      1082 1:13CR00392-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Cts 1, 8-11, 14, &16, $100 per Count** | $ 700.00 | $ 15,000.00 | $ 0.00 |
| **TOTALS** | $ 700.00 | $ 15,000.00 | $ 0.00 |

☐    The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐    Restitution amount ordered pursuant to plea agreement $ _____

☐    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐    The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐    the interest requirement is waived for the    ☐  fine    ☐  restitution.

☐    the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B      (Rev. 11/14 D/CO) Judgment in a Criminal Case
             Sheet 6 — Schedule of Payments

Judgment — Page __8__ of __12__

DEFENDANT:        JOHN J. PAWELSKI
CASE NUMBER:      1082 1:13CR00392-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☐  Lump sum payment of $ _____ due immediately, balance due

      ☐  not later than _____ , or
      ☐  in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☒ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
      term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
      imprisonment.  The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:

      The total fine and special assessment of $100, per count, is due in full immediately.

Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following Court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and Court costs.

AO 245B  (Rev.11/14 D/CO) Criminal Judgment
Attachment (Page 1) — Statement of Reasons

Judgment—Page ___9___ of ___12___

DEFENDANT:       JOHN J. PAWELSKI
CASE NUMBER:    1082 1:13CR00392-2

# STATEMENT OF REASONS

**I    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A  ☒   **The Court adopts the presentence investigation report without change.**

B  ☐   **The Court adopts the presentence investigation report with the following changes.**

(Check all that apply and specify Court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use page 4 if necessary.)

1  ☐   **Chapter Two of the U.S.S.G. Manual** determinations by Court (including changes to base offense level, or specific offense characteristics):

2  ☐   **Chapter Three of the U.S.S.G. Manual** determinations by Court (including changes to victim-related adjustments,  role in the offense, obstruction of justice, multiple Counts, or acceptance of responsibility):

3  ☐   **Chapter Four of the U.S.S.G. Manual** determinations by Court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4  ☐   **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C  ☐   **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II    COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A  ☒   No Count of conviction carries a mandatory minimum sentence.

B  ☐   Mandatory minimum sentence imposed.

C  ☐   One or more Counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the Court has determined that the mandatory minimum does not apply based on

☐   findings of fact in this case

☐   substantial assistance (18 U.S.C. § 3553(e))

☐   the statutory safety valve (18 U.S.C. § 3553(f))

**III    COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level:   _30_
Criminal History Category:   _I_
Imprisonment Range:   _97_ to _121_ months
Supervised Release Range:   _1_ to _5_ years
Fine Range: $ _15,000_ to $ _150,000_
☐   Fine waived or below the guideline range because of inability to pay.

AO 245B    (Rev. 11/14 D/CO) Criminal Judgment
           Attachment (Page 2) — Statement of Reasons

DEFENDANT:        JOHN J. PAWELSKI
CASE NUMBER:      1082 1:13CR00392-2

# STATEMENT OF REASONS

**IV    ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A  ☐   **The sentence is within an advisory guideline range that is not greater than 24 months, and the Court finds no reason to depart.**

B  ☐   **The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.**
(Use page 4 if necessary.)

C  ☐   **The Court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.**
(Also complete Section V.)

D  ☒   **The Court imposed a sentence outside the advisory sentencing guideline system.** (Also complete Section VI.)

**V    DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A    **The sentence imposed departs** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B    **Departure based on** (Check all that apply.):

1    **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the Court
☐ plea agreement for departure, which the Court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3    **Other**
☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C    **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.11 | Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon or Dangerous Weapon | ☐ | 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.20 | Aberrant Behavior |
| | | | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.22 | Age or Health of Sex Offenders |
| | | | | | | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| | | | | | | ☐ | Other guideline basis (*e.g.*, 2B1.1 commentary) |

D    **Explain the facts justifying the departure.** (Use page 4 if necessary.)

AO 245B    (Rev. 11/14 D/CO) Criminal Judgment
Attachment (Page 3) — Statement of Reasons

Judgment—Page ___11___ of ___12___

DEFENDANT:          JOHN J. PAWELSKI
CASE NUMBER:     1082 1:13CR00392-2

# STATEMENT OF REASONS

**VI    COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A    **The sentence imposed is** (Check only one.):
☒ below the advisory guideline range

☐ above the advisory guideline range

B    **Sentence imposed pursuant to** (Check all that apply.):

1    **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the Court
☐ plea agreement for a sentence outside the advisory guideline system, which the Court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense motion to the Court to sentence outside the advisory guideline system

2    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ government motion for a sentence outside of the advisory guideline system
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3    **Other**
☒ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system ( (Check reason(s) below:):

C    **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☒ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))

☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))

☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))

☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))

☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))

☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D    **Explain the facts justifying a sentence outside the advisory guideline system.**  (Use page 4 if necessary.)

A downward variance, to the equivalent of Offense Level 26, is imposed, as the guideline loss amount overstates the impact of the conduct of this Defendant.

AO 245B    (Rev. 11/14 D/CO) Criminal Judgment
           Attachment (Page 4) — Statement of Reasons

Judgment—Page    12    of    12

DEFENDANT:          JOHN J. PAWELSKI
CASE NUMBER:        1082 1:13CR00392-2

# STATEMENT OF REASONS

## VII  COURT DETERMINATIONS OF RESTITUTION

A ☒ Restitution Not Applicable.

B  Total Amount of Restitution: _____

C  Restitution not ordered (Check only one.):

    1  ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of
             identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

    2  ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex
             issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree
             that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

    3  ☐   For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not
             ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh
             the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

    4  ☐   Restitution is not ordered for other reasons.  (Explain.)

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

             Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 13-cr-00392-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     GEORGE THOMAS BROKAW,
2.     JOHN J. PAWELSKI, and
3.     MIMI M. VIGIL,

      Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R.
CRIM. P. 33 and 34**

---

      This matter is before the Court on Defendants' Motion to Dismiss Pursuant to Fed.

R. Crim. P. 33 and 34 (Doc. # 420).   Although the Court construes the Defendants' *pro se*

motion liberally, as it is required to do, *United States v. Walton*, 9 F. App'x 803, 805 (10th

Cir. 2001), the Motion fails to state a claim for which relief may be granted, and is

accordingly denied.

**1.  Defendants' Claims for Relief Under Rule 34 Are Time-Barred and Fail As a
Matter of Law.**

      Defendants argue that, per Rule 34 of the Federal Rules of Criminal Procedure,

this Court may dismiss this case "if the court does not have jurisdiction of the charged

offense."   As the Government noted, even if Defendants' claim was meritorious, which it

is not, Rule 34 does not allow the Court to afford relief under this Rule at this stage in the

proceeding.   In any case, a Motion filed pursuant to this Rule must be filed "within 14 days after the court accepts a verdict or finding of guilty," which occurred in this case on November 7, 2014.   Accordingly, Defendants' Motion, filed February 18, 2015, is untimely.   The time limit set out in Rule 34 "is mandatory and jurisdictional."   *United States v. Hurd*, No. 98-7129, 1999 WL 285921, at *1 (May 7, 1999) (citing *Rowlette v. United States*, 392 F.2d 437, 438-39 (10th Cir. 1968)); *see also United States v. Johnson*, No.09-30099, 2010 WL 338023, at * 1 n.1 (5th Cir. 2010) (effective December 1, 2009, the time limit set forth in Fed. R. Crim. P. 34(a) was revised from seven to fourteen days).

Additionally, there is no basis for the assertion, made yet again, that this Court lacks jurisdiction. *See* (Doc. # 217) (rejecting this precise argument).

## 2.  Defendants Are Not Entitled to a New Trial Pursuant to Fed. R. Crim. P. 33.

Although their Motion is cryptically written, it appears that Defendants argue that they are entitled to a new trial because: 1) the Court violated numerous amendments to the Constitution in violation of their Due Process rights; 2) the Court committed structural error through a) the concealment of evidence; b) judicial bias; c) allegedly receiving financial benefits; and d) failing to take judicial notice of facts and law; and 3) the prosecution concealed material evidence.   (Doc. # 420 at 3-16.)

However, Defendants' due process claims are entirely without support.   Despite being construed liberally, the Motion's bald conclusions, unsupported by allegations of fact, are legally insufficient and that pleadings containing such conclusory language may be summarily dismissed.   *See Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir.1981)

("Constitutional rights allegedly invaded . . . must be specifically identified. Conclusory allegations will not suffice") (citation omitted); *Lorraine v. United States*, 444 F.2d 1 (10th Cir.1971) (same); *Walton*, 9 F. App'x at 805 (noting that it is not the "proper function of the district court to assume the role of advocate for the pro se litigant.   The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.")

Additionally, Defendants' structural error claims fail as a matter of law.   Such errors "are rare indeed."   *United States v. Pursley,* 550 Fed. Appx. 575, 579 (10th Cir. 2013).   Structural errors must affect "the entire conduct of the trial from beginning to end and deprive the defendant of basic protections, without which a criminal trial cannot reliably serve the function as a vehicle for determination of guilt or innocence."   *Id.* (citing *United States v. Pearson*, 203 F.3d 1243, 1260 (10th Cir. 2000)).   Defendants have offered no evidence to support their allegation that the Court allegedly concealed evidence that the Court "had no jurisdiction pursuant to Title 18."   (Doc. # 420 at 5.)   In any case, this Court has repeatedly rejected Defendants' patently frivolous argument that this Court lacks jurisdiction, and continues to do so here.   (See Doc. ## 217, 373).   *See also Ford v. Pryor*, 552 F.3d 1174, 1177 n.2 (10th Cir. 2008) (stating that similar types of tax-protester arguments "have long been held to be lacking in legal merit and frivolous").

Similarly, Defendants have offered no evidence to support their notion that "the prosecutor and the judge intentionally ignored the law and proceeded without jurisdiction," or that this Court "received financial benefits for obtaining a conviction in this

3

case."   (Doc. # 420 at 5, 7.)

Additionally, Defendants claim that the Court failed to take judicial notice of a matter allegedly appearing in the congressional record, numerous letters, a memorandum, and a number of cases.   (Doc. # 420 at 14-16.)   As the Government rightly notes, these are not adjudicative facts, and Defendants did not request at trial that the Court take judicial notice of any of these items.   Instead, all of the items listed pertain to legislative facts related to Defendants' claim that this Court lacked jurisdiction to hear this case.   In any case, Defendants' fanciful claims as to the Court's lack of jurisdiction are far from universally applicable truths or facts – and this Court is not now, in the context of a Rule 33 motion, required to take judicial notice of them.

Defendants further claim that the prosecution concealed evidence – specifically, that within "the files of the government exists evidence that the IRS routinely accepted 1099oids [sic] and which would have proven that the actions of Petitioners were correct." (*Id.* at 16.)   The Court need not look to the files of the government to determine that the IRS routinely accepted Forms 1099-OID; the trial evidence, through the testimony of IRS employee Kristy Morgan and numerous bank officials, established when the filing of a Form 1099-OID is appropriate.   The trial evidence demonstrated that Defendants' use of Forms 1099-OID was, in fact, criminal.   In particular, Defendants submitted 1099-OID forms that, on their face, purported to have been generated by certain financial institutions and government entities, when, in fact, the forms were created by Defendants themselves.

4

Lastly, Defendants assert that the government concealed evidence that Title18 and a certain public law are unconstitutional.   The government did not conceal any such evidence because none exists.

For the reasons provided above, it is ORDERED that Defendants' Motion to Dismiss Pursuant to Fed. R. Crim. P. 33 and 34 (Doc. # 420) is DENIED.

DATED:  February 26, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge