**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Action No. 13-cr-00392-CMA

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**1.  GEORGE THOMAS BROKAW,**
**2.  JOHN J. PAWELSKI, and**
**3.  MIMI M. VIGIL,**

**Defendants.**

────────────────────────────────────────────────────

**REPORTER'S TRANSCRIPT**
**(Sentencing Hearing - Volume 2)**

────────────────────────────────────────────────────
        Proceedings before the HONORABLE CHRISTINE M.
ARGUELLO, Judge, United States District Court, for the
District of Colorado, commencing at 3:27 p.m. on the 29th
day of January, 2015, Alfred A. Arraj United States
Courthouse, Denver, Colorado.

**A P P E A R A N C E S**

**FOR THE PLAINTIFF:**
MATTHEW T. KIRSCH and MARTHA A. PALUCH, U.S. Attorney's
Office - Denver, 1225 17th St., Suite 700, Denver, CO
80202

**FOR DEFENDANT BROKAW:**
Pro Se.
**FOR DEFENDANT PAWELSKI:**
Pro Se.
**FOR DEFENDANT PAWELSKI:**
Pro Se.
**FOR DEFENDANT VIGIL:**
Pro Se.

1                           **JANUARY 29, 2015**

2               (Proceeding commence at 3:27 p.m.)

3               THE COURT:  You may be seated.

4               Court calls Criminal Case No. 13-cr-00392-CMA-01,

5       encaptioned United States of America v. George Thomas

6       Brokaw.

7               Would the parties please enter their appearance.

8               MR. KIRSCH:  Good afternoon, Your Honor, Matthew

9       Kirsch and Martha Paluch for the United States.  We have

10      Special Agent Claton Knabb and Adam Rutkowski with us.

11              THE COURT:  Good afternoon.

12              Mr. Brokaw, do you wish to enter an appearance, or

13      do you want me to do it for you?

14              DEFENDANT BROKAW:  George Brokaw.  I am a natural

15      man here.

16              THE COURT:  All right.  Good afternoon.

17              For the record, the Court also notes that Officers

18      Robert Ford and Gary Burney are also here representing the

19      United States Probation Office.  Good afternoon.

20              PROBATION OFFICER FORD:  Good afternoon.

21              PROBATION OFFICER BURNEY:  Good afternoon, Your

22      Honor.

23              THE COURT:  All right.  The record shows that after

24      a five-day jury trial on November 11, 2014, Mr. Brokaw was

25      found guilty and was convicted of one count of conspiracy

1    to file false claims for a refund, six counts of false

2    claims for a refund, one count of conspiracy to corruptly

3    endeavor to obstruct or impede the due administration of

4    the IRS laws, and one count of corruptly endeavoring to

5    obstruct or impede the due administration of the IRS laws.

6         This sentencing hearing was originally scheduled

7    for 3:30 yesterday afternoon and Mr. Brokaw, who was free

8    on bond, failed to appear as ordered by this Court after

9    his conviction on November 11, 2014, although the Court

10   did note that a number of his friends did appear at

11   yesterday's hearing.

12        As such, the Court ordered that a warrant be issued

13   for his arrest, and the Marshal has arrested him and

14   placed him in custody so that he would be here for this

15   sentencing hearing this afternoon.

16        I have received and reviewed the full presentence

17   investigation report dated December 24, 2014, including

18   all addenda.  I have also reviewed No. 387, the

19   defendant's objections to the presentence report; Document

20   No. 372, the Government's sentencing statement; and No.

21   384, the Government's supplemental sentencing statement.

22        I have also reviewed Document Nos. 395, 394 and

23   398, all of which are stricken as filings which are

24   irrelevant to this case.

25        I have also reviewed Document No. 399, which this

1    Court interprets as being a writ of habeas corpus filed by

2    the defendants.  That document is also stricken as an

3    inappropriate filing in this case.  A writ of habeas

4    corpus is a civil claim that needs to be filed as a

5    separate case.

6            Are there any documents that I filed to identify

7    that I should have reviewed in preparation for this

8    hearing?

9            MR. KIRSCH:  Not from the Government's perspective,

10   Your Honor.

11           THE COURT:  Mr. Brokaw?

12           DEFENDANT BROKAW:  Sounds like you have covered

13   everything.

14           THE COURT:  All right.  Did you get a copy of the

15   presentence report, Mr. Brokaw?

16           DEFENDANT BROKAW:  I believe I did.

17           THE COURT:  All right.  Did you review it?

18           DEFENDANT BROKAW:  I did.

19           THE COURT:  Do you need any more time to review it?

20           DEFENDANT BROKAW:  I would like some more time,

21   yes.

22           THE COURT:  All right.  How much more time do you

23   think you need?

24           DEFENDANT BROKAW:  Probably another week.

25           THE COURT:  All right.  You do understand you are

1    going to remain in custody during that entire time?

2         DEFENDANT BROKAW:  I assumed that.

3         THE COURT:  All right.  Mr. Kirsch, does the

4    Government have any objection to continuing this hearing

5    for another week?

6         DEFENDANT BROKAW:  That is not really necessary.

7    May I make a couple comments at this hearing?

8         THE COURT:  You will be allowed to make comments.

9    I just need to know if you are ready to proceed with

10   sentencing.  If you haven't reviewed the presentence

11   report, then we will need to continue this.

12        DEFENDANT BROWAK:  I would like to review it again,

13   but it may not take that long.

14        THE COURT:  Well, so are you not ready to proceed

15   to sentencing at this time?  That is what I need to know.

16   I need to make sure that you are ready to proceed to

17   sentencing.

18        DEFENDANT BROKAW:  I am not quite ready yet.

19        THE COURT:  All right.  So we need to continuing

20   this sentencing hearing to allow Mr. Brokaw additional

21   time to review the report.

22        MR. KIRSCH:  Your Honor, we don't have an objection

23   to a brief continuance.  I am scheduled to be out of the

24   office all day next Thursday.

25        THE COURT:  All right.  And I am in trial right

1    now, and I have hearings actually every afternoon next

2    week.  So, if we continue this, it looks like the first

3    time I would be available -- it appears I have, for

4    whatever reason, a 1:30 hearing on February 10, Tuesday,

5    February 10, but I can't because I am in trial.

6          The first time I have enough time to conduct --

7    because I want to conduct all of these sentencing hearings

8    back to back, would be Tuesday, February 10.

9          Does that work for the Government?

10         MR. KIRSCH:  It does, Your Honor.

11         THE COURT:  All right.  So, Mr. Brokaw, if you want

12   a continuance, if you are not ready to proceed with

13   sentencing, the first time I am available for a sentencing

14   hearing will be Tuesday, February 10th.

15         DEFENDANT BROKAW:  That is the first date?  I would

16   probably need over the weekend to review.

17         THE COURT:  But I don't have any time next week.  I

18   am in trial this week and next week, and it is a 3-week

19   trial.  I have hearings scheduled every afternoon that

20   following week.  I need to schedule you all -- I need to

21   schedule at least an hour and a half to handle all three

22   of your sentencings, because I will not parse them out.

23   So February 10th.  Okay.

24         All right.  So based on the request of Mr. Brokaw,

25   who wishes more time to review the presentence report, I

1    am continuing this sentencing hearing to 3 o'clock on

2    Tuesday, February 10th, at which time we will proceed to

3    finalize the sentencing.

4           Anything further?

5           DEFENDANT BROKAW:  What was the time, Your Honor?

6           THE COURT:  3 o'clock.  The marshals will bring you

7    in.

8           MR. KIRSCH:  Your Honor, the only further thing

9    that I can think of with respect to Mr. Brokaw, I know

10   what the Court has indicated, and it may be that the Court

11   is already planning to do this, but I would move that his

12   bond actually be revoked and that the Court order him

13   to -- that his bond be revoked and that he remain in

14   custody pending that new date.

15          THE COURT:  All right.

16          DEFENDANT BROKAW:  Your Honor, if I may?

17          THE COURT:  You may.

18          DEFENDANT BROKAW:  I did not flee or anything.  I

19   come here in honor.  If I might explain my actions of

20   yesterday.

21          THE COURT:  You may.

22          DEFENDANT BROKAW:  Thank you.  During the last

23   couple of weeks, with assistance of counsel, I and the

24   other folks submitted a lot of paperwork to this Court and

25   to other entities.  A year ago, when we started this

1    process to defend ourselves, we did not understand that we

2    were considered as infants and everything frivolous.

3         We have firmly established on the record, or I

4    have, that I am of age of majority and of legal age, as

5    far as the Court is concerned.

6         Now, that paperwork may not have had time to

7    matriculate up or whatever.  There is a lot of other

8    paperwork that indicates that I'm a natural man now and/or

9    I am considered a natural man.  And I do not -- I am not

10   the surety or the trustee for the person, okay.  That is

11   firmly ensconced on the record.

12        Maybe it hasn't had a chance to percolate through

13   the system all of the way.  There are some other

14   documents, and we -- there is a private communication that

15   was sent to Mr. O'Malley, of this Court.  And, if it

16   please the Court, could we discuss that matter?

17        THE COURT:  No.  At this point, what I need to

18   determine is although up to this point you had complied

19   with all of the terms of your bond, the sentence that you

20   are facing is significant, and yesterday you failed to

21   appear for your sentencing hearing.

22        DEFENDANT BROKAW:  I understand that, Your Honor.

23        THE COURT:  And you were ordered to appear.  After

24   the conviction, I ordered you to appear here at 3:30

25   yesterday afternoon.  I had to issue an arrest warrant to

1    get you here today.

2         DEFENDANT BROKAW:  Your Honor, I apologize.  I did

3    not mean to cause consternation on you or the Court.

4         THE COURT:  It is not consternation, it is the fact

5    that you blatantly violated the Court's order.

6         DEFENDANT BROKAW:  I was advised by assistance of

7    counsel that my obligation was completed as a living man

8    and that I did not need to appear.  I apologize for any

9    misunderstanding.

10        THE COURT:  Well, I don't know who is giving you

11   this advice, but you might reconsider listening to whoever

12   this person is.  I understand that you have steadfastly

13   refused to acknowledge this Court's jurisdiction over you;

14   that you don't believe you are the proper defendant.  I

15   have already ruled on all of those.  I have denied your

16   requests.  I have overruled your objections.  And I am

17   concerned that you do pose a flight risk.

18        Now, the statute, Title 18 U.S.C. Section 3143,

19   requires that a court shall order that a person who has

20   been found guilty of an offense -- which you have -- and

21   who is awaiting entry of sentence, must be detained unless

22   I find by clear and convincing evidence that you are not

23   likely to flee or pose a danger to the safety of any other

24   person.

25        I don't think you pose danger to the safety, but I

1    do believe that you are likely to flee or pose a

2    substantial risk of fleeing.  So if you wish to offer any

3    evidence to me as to why that would not be the case, now

4    is your time to do it.

5         DEFENDANT BROKAW:  Okay.  In the first place, let

6    me say on the record that I forgive and forget any of the

7    U.S. attorneys and the judge, and I apologize for any

8    grief I have caused any of you folks.  That was not my

9    intention at all.  It was my intention just to defend

10   myself the best way I knew how.

11        THE COURT:  What I need you to do is to address why

12   I shouldn't revoke your bond at this point.

13        DEFENDANT BROKAW:  Well, my lovely wife is sitting

14   in the back here.  I could have fled.  I mean, when the

15   guy took -- Bob, or whoever it was, took the ankle

16   bracelet off this morning, it has been on there, firmly on

17   there.  And we heard on the news last night that they were

18   looking for us; fugitives.

19        I was in Mr. Ford's office, and I watched them pull

20   it up on their computer screen; they can tell where we are

21   any moment of any day by a ping on this thing.  But I

22   understand, when you pop it off with just a little

23   screwdriver, I assumed I could have done that at any time.

24        I never did, Your Honor.  And I always, while on

25   bond, tried to obey the rules and notified Mr. Ford when I

1    was likely needing to go to Denver, go see a client or

2    something like that.  I am not a flight risk.  I am a

3    native American, and I plan to stay here.  This is my

4    country.  This is where my family and my roots are.  I

5    have nowhere to go, no way to support myself if I would

6    flee somewhere.

7         So I am not a flight risk.  And I disagree with

8    Mr. Kirsch's assessment.  I have a lot of responsibilities

9    here in the community, and I am not going to leave.  That

10   is my solemn word.

11        THE COURT:  All right.  Mr. Kirsch?

12        MR. KIRSCH:  Your Honor, a couple of things.  First

13   of all, the issue is not -- although we usually refer --

14   we usually use the term "risk of flight," the question is

15   whether or not Mr. Brokaw will appear as ordered for

16   future court proceedings.  And that's the issue that the

17   Court has to decide, not the more colloquial issue about

18   whether he is a flight risk or not.

19        Mr. Brokaw just gave the Court his solemn promise

20   that he would appear at future proceedings as ordered.

21   That is the same solemn promise that he gave to Magistrate

22   Judge Tafoya when she released him on bond after he was

23   convicted at trial and which he violated yesterday.

24        And I want to give the Court just a little bit of

25   additional information, because I think it is indicative

1    of the lack of respect that Mr. Brokaw has for the

2    previous orders issued by this Court and Magistrate Judge

3    Tafoya.

4         Mr. Brokaw is right that the probation office was

5    able to use GPS information to determine where he was

6    yesterday.  They did so, and they determined that from

7    about 1 o'clock to about 3:30 p.m., Mr. Brokaw was with

8    Mr. Pawelski at the Valley Hi Municipal Golf Course in

9    Colorado Springs, where he and Mr. Pawelski were enjoying

10   a round of nine holes of golf rather than honoring his

11   previous solemn promise to be here and to take care of his

12   court-ordered obligations.

13        Special Agent Rutkowski called, at my request, the

14   golf course and spoke to the manager, who confirmed that

15   two men named John and Tom played golf yesterday afternoon

16   starting at about 1:22.  They paid cash for that round and

17   for their cart rental.

18        So the Government's position is that a person who

19   deals with his previous solemn promise and his court order

20   to appear for a sentencing hearing and instead decides to

21   enjoy a Colorado afternoon playing golf, is not a person

22   that this Court should conclude will appear for future

23   court proceedings, regardless of what he says here today,

24   and his bond should be revoked.

25        THE COURT:  All right.  The Court finds that

1    Mr. Brokaw has failed to carry his burden of demonstrating

2    that he will not fail to appear at future hearings as

3    ordered.  I agree with the Government that it is not so

4    much a risk of flight as his totally disregarding this

5    Court's orders.

6         As such, the Court does revoke Mr. Brokaw's bond

7    and remands Mr. Brokaw to the custody of the United States

8    Marshal until the next sentencing hearing, at which time I

9    will proceed with the sentencing and then remand him for

10   delivery to the Bureau of Prisons based on whatever my

11   sentence is.

12        So the bond is revoked.  Mr. Brokaw will remain in

13   custody under the supervision of the marshal.

14        Anything further that needs to be brought to my

15   attention?

16        MR. KIRSCH:  Not for Mr. Brokaw, Your Honor.

17        THE COURT:  All right.  Thank you very much, then.

18   The defendant is remanded.

19        Court calls Criminal Case 13-cr-00392-CMA-2

20   encaptioned United States of America v. John J. Pawelski.

21        Counsel, enter their appearances.

22        MR. KIRSCH:  Matthew Kirsch and Martha Paluch for

23   the United States.

24        DEFENDANT PAWELSKI:  Your Honor, Joseph Pawelski, a

25   natural man, a legal person, legal man of the age of

1    majority, which I did not understand prior to this.  This

2    information was presented to the Court just recently and

3    sent out to the proper public officials so that the status

4    of my IMF file will be changed in the future.

5         THE COURT:  For the record, the Court notes that

6    Officers Robert Ford and Gary Burney representing the

7    United States Probation Office are in attendance at this

8    hearing.

9         All right.  Mr. Pawelski, the record shows that

10   after a five-day jury trial on November 11, 2014, you were

11   found guilty and were convicted of one count of conspiracy

12   to file false claims for refund, four counts of false

13   claims for refund, one count of conspiracy to corruptly

14   endeavor to obstruct or impede the due administration of

15   the IRS laws, and one count of corruptly endeavoring to

16   obstruct or impede the due administration of the IRS laws.

17        Now, this sentencing hearing was originally

18   scheduled for yesterday at 3:30 p.m.  You failed to

19   appear.  You were free on bond.  And I had ordered you

20   after your conviction on November 11, 2014, to appear at

21   this court at 3:30 yesterday afternoon.

22        I ordered a warrant for your arrest to be issued.

23   And you are here today as a result of being arrested by

24   the marshal and being brought before me here today.

25        We are here for sentencing.  I have received and

1    reviewed the full presentence investigation report dated

2    December 24, 2014, including all addenda.  I have reviewed

3    Document NO. 387, the defendant's objections.  Document

4    No. 372, the Government's sentencing statement.  And

5    Document No. 385, the Government's supplemental sentencing

6    statement.

7         I have also reviewed Document Nos. 395, 394 and

8    398, and I have stricken those as filings which are

9    irrelevant and inappropriate in this case.

10        I have also reviewed Document No. 399, which this

11   Court construes to be a writ of habeas corpus.  That

12   document is also stricken as an inappropriate filing in

13   this case.  A writ of habeas corpus is a civil claim that

14   needs to be filed as a separate action.

15        Are there any documents that I failed to identify

16   that I should have reviewed in preparation for this

17   hearing?

18        MR. KIRSCH:  No, Your Honor.

19        THE COURT:  All right.  Mr. Pawelski, are there any

20   documents you believe I should have reviewed in

21   preparation for this hearing that I did not identify?

22        DEFENDANT PAWELSKI:  The document I mailed to you,

23   yes.

24        THE COURT:  If you didn't file it in the court

25   record, I didn't review it.

1          Did you get a copy of the presentence report?

2          DEFENDANT PAWELSKI:  I do not recall.

3          THE COURT:  All right.  That is the report that the

4    probation office prepares.

5          DEFENDANT PAWELSKI:  I believe I did.  I am not

6    positive.

7          THE COURT:  All right.  Did you read it?

8          DEFENDANT PAWELSKI:  I might have.  I probably did,

9    yeah.

10         THE COURT:  Do you wish to review it any further?

11         DEFENDANT PAWELSKI:  Yes, ma'am.

12         THE COURT:  All right.  What did you do with the

13   copy that you were sent?

14         DEFENDANT PAWELSKI:  It is at home.

15         THE COURT:  All right.  Why did you not review it

16   before you came in here today?

17         DEFENDANT PAWELSKI:  I didn't have much opportunity

18   to do that.

19         THE COURT:  It was produced to you several weeks

20   ago.

21         DEFENDANT PAWELSKI:  Yes, ma'am.

22         THE COURT:  And you filed objections to it, as a

23   matter of fact.

24         DEFENDANT PAWELSKI:  Yes, I did.  I haven't read it

25   for awhile, so I don't remember what it was about.

1           THE COURT:  Are you ready to proceed with

2   sentencing?

3           DEFENDANT PAWELSKI:  No, ma'am.  I would like some

4   time to read that.

5           THE COURT:  All right.  I will advise you the same

6   as I advised Mr. Brokaw; that because you did not appear

7   here when you were supposed to and I had to issue the

8   bench warrant, I am required to determine whether or not

9   you pose a risk of not appearing here before this Court,

10   and so I am going to go through sort of the same colloquy

11   that I went through with him.

12           DEFENDANT PAWELSKI:  May I make a statement?

13           THE COURT:  Not at this point, no.  You get the

14   right to make a statement at your sentencing, but at this

15   point I will ask you if you wish to make a statement as to

16   why I shouldn't revoke your bond.  But Title 18 United

17   States Code Section 3143 states that the Court shall order

18   that a person who has been found guilty of an offense and

19   who is awaiting imposition of sentence be detained unless

20   the Court finds by clear and convincing evidence that the

21   person is not likely to flee or pose a danger to the

22   safety of any other person.

23           Now, I don't believe you pose a danger to the

24   safety of any person, but I do believe that there is a

25   great likelihood that you will fail to appear before this

```
 1      Court or that you might even flee the jurisdiction.

 2            Up to this point, although you have complied with

 3      all of the terms of your bond, the sentence that you are

 4      facing is significant, and yesterday you failed to appear

 5      for sentencing.  And, as I understand it, you were out

 6      playing golf instead of appearing as this Court ordered

 7      you to do, flagrantly violating this Court's order.

 8            I had to issue an arrest warrant to get you here

 9      today.  You have steadfastly refused to acknowledge this

10      Court's jurisdiction over you.  And I do have concerns

11      that you will fail to appear at future hearings.  So it is

12      your burden to persuade me that you will not, otherwise I

13      intend to revoke your bond.

14            DEFENDANT PAWELSKI:  Okay.  I did not appear

15      yesterday because we had sent some private communication

16      to Mr. O'Malley, the chief financial officer of the court.

17      Our assistance of counsel, who assisted us in creating

18      those documents, recommended that Mr. O'Malley should be

19      able to create the restitution and the abrogation of this

20      court case via those documents.

21            We probably naively presumed that he would be able

22      to get those done in a short period of time.  After

23      thinking about it in the evening yesterday and seeing what

24      was placed on the local television news, we realized that

25      Mr. O'Malley did not have enough time to finalize the
```

1    information.  And we were planning on coming here today to

2    figure out how to rectify our mistake.

3         We did go golfing -- I shot a 49, just for the

4    record.  That is pretty good for me -- because it was a

5    time of a lot of stress, and I felt that I needed to just

6    do something to take my mind off of the issues at hand,

7    which are very, very dire, as you might know.

8         THE COURT:  All right.  Mr. Kirsch?

9         MR. KIRSCH:  Your Honor, the Government's position

10   is that Mr. Pawelski's bond should be revoked.  He

11   admitted to playing golf yesterday rather than being here.

12   He, like Mr. Brokaw, made a similar promise to Magistrate

13   Judge Tafoya in connection to his previous release that he

14   would appear, as ordered, for all future court dates.  He

15   didn't.

16        He has indicated that he was relying on advice from

17   some unnamed person that was clearly in the same character

18   and in the same vein as the kinds of arguments and

19   theories that this Court has, on numerous occasions,

20   instructed Mr. Pawelski were completely without merit.

21        He hasn't met his burden, and his bond should be

22   revoked.

23        THE COURT:  The Court finds that defendant Pawelski

24   has failed to carry his burden of demonstrating that he

25   will not fail to appear at future hearings as ordered and

 1    that he is not a flight risk.  As such, the Court does

 2    revoke Mr. Pawelski's bond and remands Mr. Pawelski to the

 3    custody of the United States Marshal until he is delivered

 4    to this Court for sentencing, which we have scheduled with

 5    Mr. Brokaw for February 10th at 3:00 p.m.

 6         So at this time the defendant is remanded.  And if

 7    you can bring in Ms. Vigil.

 8         Court calls Criminal Case 13-cr-00392-CMA-3,

 9    encaptioned United States of America v. Mimi M. Vigil.

10         Would the parties enter their appearances.

11         MR. KIRSCH:  Matthew Kirsch and Martha Paluch for

12    the United States.

13         THE DEFENDANT:  Mimi Vigil.  It is you, isn't it,

14    as trustee?  Aren't you Mimi Vigil today?

15         And, Clerk of the Court, aren't you the trustee

16    who's appointed the judge as the administrator and trustee

17    of the constructive trust case in this matter --

18         THE COURT:  Court also notes --

19         DEFENDANT VIGIL:  -- and the prosecutor as the

20    executor of this constructive trust?

21         THE COURT:  Ms. Vigil, you will not disrupt this

22    courtroom.

23         DEFENDANT VIGIL:  You are the trustee, he is the

24    executor.  I am the beneficiary.  As beneficiary, I order

25    that the clerk of the courts --

1          THE COURT:  I will have taken you back into the

2     holding room and we will reschedule this hearing for

3     February 10.

4          DEFENDANT VIGIL:  No.  You have all of the

5     accounting in this case and need to resolve it.

6          THE COURT:  If you are this disruptive next time, I

7     will have you gagged.

8          (Proceedings conclude at 3:57 p.m.)

9          **R E P O R T E R ' S    C E R T I F I C A T E**

10

11          I, Darlene M. Martinez, Official Certified

12     Shorthand Reporter for the United States District Court,

13     District of Colorado, do hereby certify that the foregoing

14     is a true and accurate transcript of the proceedings had

15     as taken stenographically by me at the time and place

16     aforementioned.

17

18          Dated this 13th day of May, 2015.

19

20          _____

21          s/Darlene M. Martinez

22          RMR, CRR

23

24

25