IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 13-cr-00392-CMA-2

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**2.    JOHN PAWELSKI,**

       Defendant.

_____

**MOTION FOR RELEASE ON BOND PENDING APPEAL**
_____

       Defendant John Pawelski, through his undersigned counsel, respectfully moves this Court for an order granting him release on bond pending the resolution of his appeal to the United States Court of Appeals for the Tenth Circuit. In support of this motion, counsel states:

       1.    This Court is familiar with the procedural history in Mr. Pawelski's case. In November 2014, Mr. Pawelski was convicted of tax fraud and related charges. These convictions followed a jury trial conducted outside Mr. Pawelski's and his co-defendants' presence. None of the defendants were represented by counsel during their trial *in absentia*.

       2.    This Court sentenced Mr. Pawelski to a controlling prison term of 78 months (Docket no. 417), and entered judgment on February 19, 2015. (Docket no. 434). Mr. Pawelski has timely appealed his conviction and sentence. (Docket nos. 422, 453). The

Tenth Circuit appointed the undersigned to represent Mr. Pawelski on appeal. (Docket no. 462).

3.  Mr. Pawelski has begun serving his prison term and is currently incarcerated at the Federal Prison Camp in Florence, Colorado.

4.  Throughout the proceedings in this Court, including during most of the period between the return of the verdict and sentencing, Mr. Pawelski was released on bond. (Docket nos. 31, 43, 353, 356, 357). He complied with all required conditions of release. Indeed, after Mr. Pawelski's conviction, Magistrate Judge Tafoya ordered that his release on bond continue, subject to electronic monitoring, despite the government's objection. (See Docket nos. 353, 356).

5.  This Court retains jurisdiction to consider, in the first instance, whether Mr. Pawelski should be released pending resolution of his appeal. *See United States v. Meyers,* 95 F.3d 1475, 1489 n.6 (10th Cir. 1996) ("Although the filing of a notice of appeal usually divest[s] the district court of further jurisdiction, the initial determination of whether a convicted defendant is to be released pending appeal is to be made by the district court."); *see also United States v. Affleck,* 765 F.2d 944, 954 (10th Cir. 1985) (explaining that applications for bail pending appeal must be made "in the first instance in the district court").

6.  18 U.S.C. § 3143(b)(1) establishes a presumption that a defendant who has been convicted and sentenced to imprisonment should be detained during the pendency of his appeal. However, the court may order a defendant's release upon a determination: (1) that clear and convicting evidence establishes he is not likely to flee or pose a danger to others if released; (2) that the appeal is not for the purpose of

2

delay; and (3) that the appeal "raises a substantial question of law or fact likely to result in" either reversal, a new trial, or a lower sentence that will result in his immediate release. *Id.* § 3143(b)(1)(A)-(B).

7. The "clear and convincing evidence" standard applies only to the issue of whether the defendant is likely to flee or be dangerous. The defendant need only establish by a preponderance of evidence the second and third requirements. *See Meyers,* 95 F.3d at 1489; *Affleck* 765 F.2d at 953 n.15. Furthermore, the "substantial question" element of this test does not require Mr. Pawelski to prove that his appeal will be successful. This Court is not asked to "determine the likelihood of its own error," nor is it required "to predict the probability of reversal." *Affleck,* 765 F.2d at 953 n.14. The court need only find that Mr. Pawelski's appeal is likely to raise a non-frivolous issue that could be decided one way or the other.

8. With respect to the first release factor, this Court has repeatedly determined that Mr. Pawelski is not a flight risk and poses no danger to others. Moreover, the Bureau of Prisons has designated Mr. Pawelski to a federal prison camp. Placement in such a minimum security facility is only available to offenders who are neither escape risks nor dangerous.

9. As for the second factor, Mr. Pawelski has not brought his appeal for purposes of delay. He filed his notice of appeal promptly and has complied with all necessary steps in the appellate process to date. The Clerk of this Court has not yet transmitted the record on appeal to the Tenth Circuit, so the deadline for Mr. Pawelski's opening brief has not been set.

10. Finally, with respect to the third requirement, because counsel for Mr. Pawelski has not yet received the record on appeal and does not yet have access to the transcripts, presentence investigation report, and other important documents, it is difficult to determine which potentially meritorious challenges may exist to Mr. Pawelski's conviction or sentence. However, the available record reveals that Mr. Pawelski was tried by a jury not only *in absentia,* but without the representation of an attorney. Whether this trial comported with the Constitution and with the federal statutes and rules governing criminal trials raises substantial questions for the Tenth Circuit to resolve. *See, e.g., Crosby v. United States,* 506 U.S. 255 (1993). Those questions could be resolved either way, and a decision in Mr. Pawelski's favor would result in reversal of his convictions and/or a remand for a new trial.

11. Thus, Mr. Pawelski has demonstrated by clear and convincing evidence that he is neither a flight risk nor a danger to the community. He also has established that his appeal is not brought for purposes of delay, and that it raises a substantial question that could be resolved in his favor, resulting in reversal of his convictions and/or a new trial. Release under § 3143(b) is warranted.

12. Counsel for Mr. Pawelski has conferred with Assistant United States Attorney James Murphy, who represents the United States in Mr. Pawelski's appeal. Mr. Murphy has advised that the government opposes this motion.

WHEREFORE, Mr. Pawelski asks this Court grant this motion and order his release on bond, pursuant to 18 U.S.C. § 3143(b), pending the resolution of his appeal.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/Madeline S. Cohen
MADELINE S. COHEN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
madeline.cohen@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 21, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    James Murphy, AUSA
    Email:  James.murphy3@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    John Pawelski (by U.S. Mail)

                                    s/Madeline S. Cohen
                                      MADELINE S. COHEN
                                      Assistant Federal Public Defender
                                      633 17th Street, Suite 1000
                                      Denver, CO  80202
                                      Telephone:  (303) 294-7002
                                      FAX:  (303) 294-1192
                                      madeline.cohen@fd.org
                                      Attorney for Defendant