IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 13-cr-00392-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    JOHN J. PAWELSKI,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**

---

    This matter is before the Court on Defendant John Pawelski's Motion for Release Pending Appeal. (Doc. # 478.)

    In November of 2014, after a five-day trial, a jury convicted Mr. Pawelski of falsely claiming income tax refunds, conspiracy to file false tax refund claims, corruptly endeavoring to obstruct or impede administration of the internal revenue laws, and conspiracy to obstruct or impede administration of the internal revenue laws. (Doc. # 367.) On February 10, 2015, this Court sentenced Mr. Pawelski to concurrent terms of imprisonment totaling 78 months, and it entered judgment on February 19, 2015. (Doc. # 434.) Mr. Pawelski has timely appealed his conviction and sentence, has begun serving his prison sentence, and is currently incarcerated in Florence, Colorado. (Doc. ## 422, 453.)

Whether a party who has been convicted of an offense should be released on bond pending an appeal of his conviction is governed by 18 U.S.C. § 3143. *See* Fed. R. Crim. P. 46(c) ("The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal.") 18 U.S.C. § 3143(b)(1) requires denial of release pending appeal, unless a defendant can establish the following: (1) that the defendant is not likely to flee and does not pose a danger to the safety of any other person or the community; (2) that the appeal is not for the purpose of delay, and (3) that defendant's upcoming appeal will raise substantial questions of law and fact which may result in either a reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *See* 18 U.S.C. § 3143(b). The Court applies a clear and convincing evidence standard to the first factor, and a preponderance of the evidence standard to the second and third factors. *Id.*, *see also United States v. Meyers*, 95 F.3d 1475, 1489 (10th Cir. 1996) (regarding the preponderance standard).

The Court finds that Defendant Pawelski has failed to meet his burden under 18 U.S.C. § 3143. First, although the Court is not particularly concerned about whether Mr. Pawelski poses a danger to the safety of other persons or to the community, he has failed to show by clear and convincing evidence that he is not a flight risk. Indeed, Mr. Pawelski decided to go golfing rather than appear for his scheduled sentencing hearing on January 28, 2015, and this Court was forced to issue a bench warrant to secure his presence in Court in order to sentence him. (Doc. # 401.) The danger that he might flee

is only compounded by his continued insistence that this Court lacks jurisdiction over him in any capacity.   As such, he has failed to demonstrate, by clear and convincing evidence, that he is not a flight risk.

Mr. Pawelski has also failed show that his upcoming appeal presents a substantial question of law or fact "likely" to result in reversal of the conviction, a new trial order, or a reduced sentence.   A "substantial" question of law is one that is "a 'close' question, or one that very well could be decided the other way."   *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (citing *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).   A court may find that reversal or a new trial is "likely" only if it concludes that the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.   *Id.* at 953.   Mr. Pawelski argues that this standard has been met because "the available record reveals that [he] was tried by a jury not only *in absentia*, but without the representation of an attorney."   (Doc. # 478 at 3.)

This Court conducted several colloquies with Mr. Pawelski in accordance with *Faretta v. California*, 422 U.S. 806, 821 (1975), explaining the severe disadvantages of proceeding *pro se*.   (*See, e.g.*, Doc. ## 107, 318.)   Nonetheless, Mr. Pawelski voluntarily and knowingly waived his right to the assistance of counsel and elected to proceed *pro se.*   The Court even appointed "advisory" counsel at Mr. Pawelski's request (Doc. # 318), though Mr. Pawelski decided to terminate this counsel on the first day of trial.   (Doc. # 437 at 5.)   Thus, Mr. Pawelski's *pro se* status, resulting from his voluntary,

intelligent, and knowing waiver of counsel, does not present a "substantial" question of law that could result in the reversal of his conviction, a new trial order, or a reduced sentence.

Similarly, Mr. Pawelski knowingly, intelligently and voluntarily chose to be tried *in absentia*. Specifically, he and his co-Defendants were present at the beginning of trial, but voluntarily chose to leave the courtroom at the beginning of *voir dire*. The Court arranged for Defendants to be placed in the holding cell next to the Courtroom so that they could at least hear the *voir dire* proceedings. At the conclusion of the *voir dire* questioning, the Court took a recess and brought Mr. Pawelski and his co-Defendants back into the courtroom to inquire as to whether they wished to participate in preemptory challenges. They refused. The Court advised them as to the dangers and disadvantages of refusing to participate in the trial and the Defendants once again asserted their right not to be present during the peremptory challenges and the trial. (Doc. # 437 at 107-121.) The Court advised Mr. Pawelski and his co-Defendants that if they wished to re-enter the courtroom and participate in the trial, all they had to do was let the deputy Marshals know. However, Defendants chose to remain in the holding cell for the first day of the trial. At the end of the first day of trial, outside of the hearing of the jury, the Court again advised Mr. Pawelski and his co-Defendants that they had every right to be present and participate at trial, but that they could be tried *in absentia* if they chose to do so. *See Fairey v. Tucker*, 132 S. Ct. 2218, 2220 (2012) (holding that a defendant may waive his right to be present "'if, after the trial has begun in his presence,

4

he voluntarily absents himself.'") (quoting *Crosby v. United States*, 506 U.S. 255, 259 (1993)).   However, the Court once again thoroughly advised Mr. Pawelski and his co-Defendants regarding the disadvantages of waiving their right to participate in their own trial:

> **Now, I strongly advise you against what you are doing in terms of absenting yourself from these proceedings.   I think it is important and in your best interest to be here.**   That being said, the decision ultimately whether you are present or not is yours. This trial will go on without you.   And so you will still be subject to the verdict.   You also remain under the original conditions of the order setting conditions of your release.   That is why you are out on bond.   That provides that you have to appear in court as required.
>
> I could require you to be here at 8 o'clock tomorrow, and if you didn't come in, I could essentially revoke your release and hold you in custody.   I do not want to do that.   The law I found says that if you choose not to be here, that is your choice.   And I am not going to hold you in contempt.   I will not require that you be here.   I will encourage you to be here. . . . You have to understand, though, that if you don't participate and you are convicted, you are going to have to surrender as the Court will order you to do.
>
> **So, I just want to make sure you understand the rights you are giving up.** You have the right to this speedy and public trial.   You have the right to trial and to participate in the trial with this jury.   You have the right to have competent assistance of an attorney, which you have given up months ago. You have the right to confront and cross-examine the witnesses and the evidence presented against you.   **By not participating, you are giving up that right.**   You have the right to have witnesses subpoenaed and compelled to come into court, which Mr. Pawelski was the only one of you who attempted that, and this morning you withdrew that.   You have the right to testify yourself if you wish to do so, but you also have the right not to testify or make any statement that would incriminate you.
>
> **And if you are not present, you can't do any of these things.**   So I just want to make sure that you understand that these are rights that you will be giving up if you continue to not participate in this proceeding.

(Doc. # 437 at 213-215) (emphasis added).   After providing the above advisement, the

Court asked the Defendants if they understood; Mr. Pawelski answered the Court's question by stating: "I do comprehend it." (*Id.* at 215.) Thereafter, Mr. Pawelski and his co-Defendants did not appear at trial. Mr. Pawelski did appear for the fourth day of trial, cross-examined witnesses, and made a closing argument to the jury. (Doc. # 440 at 588-94, 785-93.) He was also present on November 7, 2014, when the jury returned the guilty verdicts. (Doc. # 441 at 800-813.)

The United States Supreme Court has held that a defendant may waive his right to be present if he voluntarily absents himself after trial has begun, *see Fairey*, 132 S.Ct. 2218, and the Tenth Circuit has specifically held that such a waiver, if made voluntarily, knowingly, and intelligently – as occurred here – is constitutionally permissible. *See United States v. Wallace*, 527 F. App'x 784, 788 (10th Cir. 2013) (holding that a defendant "knowingly and voluntarily waived his right to be present" when after informing the court at the beginning of trial that he was waiving his appearance, the court advised him that there would be "a serious detrimental impact if [he] refuse[d] to participate in the trial"); *Brown v. Gibson*, 7 F. App'x 894, 909-10 (10th Cir. 2001) (explaining that a defendant properly waived his presence because "the trial judge and counsel called to [the defendant's] attention the possible disadvantages of not being present, yet he persisted in choosing to absent himself. Indeed, he indicated he would disrupt proceedings if he was required to stay.") Accordingly, Mr. Pawelski's decision to absent himself from the trial does not present a "substantial" question of law for which relief could be granted.

In summary, for the reasons provided above, it is ORDERED that Defendant

Pawelski's Motion for Release Pending Appeal (Doc. # 478) is DENIED.

DATED: July 8, 2015

                                            BY THE COURT:

                                            */s/ Christine M. Arguello*
                                            _____
                                            CHRISTINE M. ARGUELLO
                                            United States District Judge