```
                                                                    1

 1                IN THE UNITED STATES DISTRICT COURT
 2                    FOR THE DISTRICT OF COLORADO
 3    Case No. 13-cr-00392-CMA
 4    _____
 5    UNITED STATES OF AMERICA,
 6         Plaintiff,
 7    vs.
 8    GEORGE T. BROKAW, JOHN J. PAWELSKI, MIMI M. VIGIL, and CLARA
 9    M. MUELLER,
10         Defendants.
11    _____
12              Proceedings before KRISTEN L. MIX, United States
13    Magistrate Judge, United States District Court for the
14    District of Colorado, commencing at 1:52 p.m., October 30,
15    2013, in the United States Courthouse, Denver, Colorado.
16    _____
17              WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS
18    ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...
19    _____
20                             APPEARANCES
21         MARTHA PALUCH, Assistant United States Attorney,
22    appearing for the government.
23         ERIC KLEIN, Attorney at Law, appearing for the
24    _____
25         RE-ARRAIGNMENT ON FIRST SUPERSEDING INDICTMENT
```

                                           2

1                  APPEARANCES (continued)
2      defendant George Brokaw.
3               RICHARD STUCKEY, Attorney at Law, appearing for
4      defendant John J. Pawelski.
5               JOHN TATUM, Attorney at Law, appearing for
6      defendant Mimi M. Vigil.
7               MILLER LEONARD, Attorney at Law, appearing for
8      defendant Clara M. Mueller.
9                       P R O C E E D I N G S
10              (Whereupon, the within electronically recorded
11     proceedings are herein transcribed, pursuant to order of
12     counsel.)
13              THE COURT: ...00392, United States of America
14     versus George Thomas Brokaw, John J. Pawelski, Mimi M.
15     Vigil, and Clara M. Mueller.  Let's have counsel enter
16     appearances, please.
17              MS. PALUCH: Good afternoon, Your Honor.  Martha
18     Paluch appearing on behalf of the United States.
19              THE COURT: Good afternoon, Ms. Paluch.
20              MR. KLEIN: Good afternoon, Your Honor.  Eric Klein
21     on behalf of Mr. Brokaw who is present on bond.
22              THE COURT: Good afternoon.
23              MR. STUCKEY: Good afternoon, Your Honor.  Richard
24     Stuckey representing Defendant No. 2, who is seated with me
25     at counsel table, Mr. Pawelski.

1                THE COURT: Good afternoon, Mr. Stuckey.

2                MR. TATUM: Good afternoon, Your Honor.  Good to

3     see you.  John --

4                THE COURT: Nice to see you.

5                MR. TATUM: -- John Tatum on behalf of Defendant

6     No. 3, Mimi Vigil, and she's kind of behind all these

7     lawyers that are standing here.

8                THE COURT: Good afternoon.

9                MR. LEONARD: Good afternoon, Your Honor.  Miller

10    Leonard on behalf of Defendant No. 4, Clara Mueller.  She

11    appears out of custody sitting on the bench behind counsel.

12               THE COURT: Good afternoon.

13               MR. LEONARD: Thank you.

14               THE COURT: All right.  So we're here on re-

15    arraignment on superseding indictment.  Ladies and

16    gentlemen, what that means is that I need to inform you of

17    the charges against you and the penalties with respect to

18    those charges.

19               Mr. Brokaw, you've been charged with one count of

20    conspiracy to file false claims for a refund, seven counts

21    of false claims for refund, one count of conspiracy to

22    corruptly endeavor to obstruct or impede the due

23    administration of the Internal Revenue Laws, and one count

24    of corrupt endeavor to obstruct or impeded the due

25    administration of the Internal Revenue Laws.

1            On the conspiracy to file count, the penalty is
2     not more -- excuse me -- not more than ten years'
3     imprisonment, not more than a $250,000 fine, or both, not
4     more than three years of supervised release, and a $100
5     special assessment fee.
6            On the false claim for refund charge -- counts,
7     rather, the penalty is not more than five years'
8     imprisonment per count, not more than a $250,000 fine, or
9     both, not more than three years of supervised release, and
10    a $100 special assessment fee.
11           On the conspiracy to corruptly endeavor count, the
12    penalty is not more than five years' imprisonment, not more
13    than a $250,000 fine, or both, not more than three years of
14    supervised release, and a $100 special assessment fee.
15           And on the final count, the penalty is not more
16    than three years' imprisonment, not more than a $250,000
17    fine, or both, not more than one year of supervised release,
18    and a $100 special assessment fee.
19           Sir, do you understand the general nature of the
20    charges against you?
21           DEFENDANT BROKAW: I've read the charges and
22    comprehend (inaudible).
23           THE COURT: All right.  Thank you.
24           Ms. Mueller, the charges against you, Count 1 is
25    conspiracy to file false claims for refund, Count 13 is

1    false claim for refund, Count 14 is conspiracy to corruptly
2    endeavor to obstruct or impede the due administration of the
3    Internal Revenue Laws, and Count 18 is corrupt endeavor to
4    obstruct or impede the due administration of the Internal
5    Revenue Laws.
6             On Count 1 the penalty is not more than ten years'
7    imprisonment, not more than a $250,000 fine, or both, not
8    more than three years of supervised release, and a $100
9    special assessment fee.
10            Count 13, the penalty is not more than five years'
11   imprisonment, not more than a $250,000 fine, or both, not
12   more than three years of supervised release, and a $100
13   special assessment fee.
14            Count 14, the penalty is not more than five years'
15   imprisonment, not more than a $250,000 fine, or both, not
16   more than three years of supervised release, and a $100
17   special assessment fee.
18            And Count 18 is not more than three years'
19   imprisonment, not more than a $250,000 fine, or both, not
20   more than one year of supervised release, and a $100 special
21   assessment fee.
22            Do you understand the general nature of the
23   charges against you?
24            DEFENDANT MUELLER: Yes, I do.
25            THE COURT: Thank you.

1           Mr. Pawelski, sir, Count 1 is conspiracy to file
2  false claims for refund.  Counts 8 through 11 are false
3  claim for refund.  Count 14 is conspiracy to corruptly
4  endeavor to obstruct or impede the due administration of the
5  Internal Revenue Laws, and Count 16 is corrupt endeavor to
6  obstruct or impede the due administration of the Internal
7  Revenue Laws.
8           Count 1, the penalty is not more than ten years'
9  imprisonment, not more than a $250,000 fine, or both, not
10 more than three years of supervised release, and a $100
11 special assessment fee.
12          Counts 8 through 11, the penalty is not more than
13 five years' imprisonment per count, not more than a $250,000
14 fine per count, or both, not more than three years of
15 supervised release, and a $100 special assessment fee.
16          Count 14, the penalty is not more than five years'
17 imprisonment, not more than a $250,000 fine, or both, not
18 more than three years of supervised release, and a $100
19 special assessment, and Count 16 is not more than three
20 years' imprisonment, not more than a $250,000 fine, or both,
21 not more than one year of supervised release, and a $100
22 special assessment fee.
23          Do you understand the general nature of the
24 charges against you?
25          DEFENDANT PAWELSKI: Generally, I guess I do.  I

1   don't comprehend the total amount, though.  I don't
2   understand all of it.
3           THE COURT: Well, is there something that I can
4   help you answer?  A question I can help you answer?
5           THE CLERK: Mr. Stuckey, can you move that
6   microphone, please?
7           DEFENDANT PAWELSKI: Well, is that -- is that ten
8   years' imprisonment and a $250,000 fine, or just --
9           THE COURT: Or both.
10          DEFENDANT PAWELSKI: Or both.
11          THE COURT: And/or.
12          DEFENDANT PAWELSKI: And/or.  Okay.  Okay.
13          Is there a penal sum on all these things at all of
14  what -- what --
15          THE COURT: No.  I mean, you could do the math, I
16  guess, theoretically and try to add up the maximum fine, but
17  ultimately any fine would be determined at sentencing.
18          DEFENDANT PAWELSKI: So if I had a rich uncle die
19  and left me a lot of money, can I just pay the fine?
20          THE COURT: Well, that's something your lawyer
21  should discuss with the United States Attorney.
22          DEFENDANT PAWELSKI: Okay.  There we go, Dick.
23  Something else for you to do.
24          Okay.  I understand the general concept of this.
25          THE COURT: All right.  Thank you.

8

1  And Ms. Vigil.  Ma'am, Count 1 is conspiracy to
2  file false claims for refund, Count 12 is false claim for
3  refund, Count 14 is conspiracy to corruptly endeavor to
4  obstruct or impede the due administration of the Internal
5  Revenue Laws, and County 17 is corrupt endeavor to obstruct
6  or impede the due administration of the Internal Revenue
7  Laws.
8  On Count 1 the penalty is not more than ten years'
9  imprisonment, not more than a $250,000 fine, or both, not
10 more than 3 years of supervised release, and a $100 special
11 assessment fee.
12 Count 12, the penalty is not more than five years'
13 imprisonment, not more than a $250,000 fine, or both, not
14 more than three years of supervised release, and a $100
15 special assessment fee.
16 Count 14, the penalty is not more than five years'
17 imprisonment, not more than a $250,000 fine, or both, not
18 more than three years of supervised release, and a $100
19 special assessment fee.
20 And Count 17, the penalty is not more than three
21 years' imprisonment, not more than a $250,000 fine, or both,
22 not more than one year of supervised release, and a $100
23 special assessment fee.
24 Do you understand the general nature of the
25 charges against you?

9

1            DEFENDANT VIGIL:  I comprehend.
2            THE COURT:  I'm sorry?
3            DEFENDANT VIGIL:  I comprehend.
4            THE COURT:  All right.  Thank you.
5            All right.  Counsel, my usual procedure for re-
6    arraignment on superseding indictments is to have your
7    clients enter pleas to these charges, although my courtroom
8    deputy tells me that one defense counsel at least said that
9    that's not going to happen today.  Would somebody like to
10   help me understand that?
11           MR. LEONARD:  Your Honor, Ms. Mueller is prepared
12   to waive reading, but she's not entering a plea, she will
13   let the Court enter a plea for her.
14           THE COURT:  Ms. Vigil?
15           MR. LEONARD:  Ms. Mueller.
16           THE COURT:  Ms. Mueller.
17           MR. LEONARD:  Defendant No. 4.
18           THE COURT:  All right.  Ms. Mueller, it's your --
19   you're choosing not to enter a plea today, is that right?
20           DEFENDANT MUELLER:  That is correct.
21           THE COURT:  All right.  The Court will enter a not
22   guilty plea on your behalf, and the not guilty plea is
23   received.
24           Mr. Klein, how does your client plead?
25           MR. KLEIN:  Your Honor, on behalf of Mr. Brokaw, he

1    likewise waives formal reading.  He does assert all of his
2    constitutional rights but will not enter a plea today.
3              THE COURT: Thank you.
4              Mr. Brokaw chooses not to enter a plea, the Court
5    will enter a plea of not guilty on his behalf.  The not
6    guilty plea is received.
7              Mr. Stuckey, how does your client plead?
8              MR. STUCKEY: The same, Your Honor.  Mr. Pawelski
9    refuses to enter a plea --
10             THE COURT: Thank you.
11             MR. STUCKEY: -- under Rule 11(a)(4), whatever.  We
12   would like --
13             THE COURT: Thank you.  The Court notes for the
14   record the defendant refuses to enter a plea, the Court
15   enters a not guilty plea on his behalf.  The not guilty plea
16   is received.
17             MR. STUCKEY: Thank you.
18             THE COURT: And finally, Mr. Tatum, how does your
19   client plead?
20             MR. TATUM: Your Honor, we would just make it
21   unanimous.
22             THE COURT: All right.  Fair enough.  Defendant,
23   Ms. Tatum, refuses to enter -- excuse me, Ms. Vigil refuses
24   to enter a plea, the Court enters a not guilty plea on her
25   behalf, the not guilty plea is therefore received.

1            I assume that your clients all waive any further
2     advisement of rights with respect to the right to remain
3     silent, is that correct?
4            MR. TATUM: On behalf of Ms. Vigil, we waive any
5     further reading or advisement, Judge.
6            THE COURT: Thank you.
7            MR. TATUM: We have had ample time to review the
8     Indictment.
9            THE COURT: As I understand.  Thank you.
10           Other counsel as well?
11           MR. KLEIN: On behalf of Mr. Brokaw as well, yes,
12    Your Honor.
13           MR. STUCKEY: Defendant Pawelski, yes.
14           MR. LEONARD: Ms. Mueller, yes.
15           THE COURT: All right.  Thank you.
16           Ms. Paluch, is there anything else we need to
17    accomplish today?
18           MS. PALUCH: No, Your Honor.  Thank you.
19           THE COURT: Thank you.  We're in recess.
20           THE COURT: All rise.  Court is now in recess.
21
22           (Whereupon, the within hearing was then in
23    conclusion 2:01 p.m. on October 30, 2013.)
24
25           I certify that the foregoing is a correct

```
                                                                12
1      transcript, to the best of my knowledge and belief, from the
2      record of proceedings in the above-entitled matter.
3
4            /s/ Bonnie Nikolas                    August 7, 2015
5           Signature of Transcriber                    Date
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

AVERY/WOODS REPORTING SERVICE, INC.
455 SHERMAN STREET, SUITE 460, DENVER, CO  80203
303-825-6119