**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Action No. 13-cr-00392-CMA-2


**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**2.  JOHN J. PAWELSKI,**

**Defendant.**

_____

**REPORTER'S TRANSCRIPT**
**(Hearing)**
_____

        Proceedings before the HONORABLE CHRISTINE M.
ARGUELLO, Judge, United States District Court, for the
District of Colorado, commencing at 3:25 p.m. on the 26th
day of February, 2014, Alfred A. Arraj United States
Courthouse, Denver, Colorado.

**A P P E A R A N C E S**

**FOR THE PLAINTIFF:**
MATTHEW T. KIRSCH and MARTHA PALUCH, U.S. Attorney's
Office - Denver, 1225 17th St., Suite 700, Denver, CO
80202

**FOR THE DEFENDANT:**
RICHARD N. STUCKEY, Richard N. Stuckey, Attorney at Law,
P.C., 1801 Broadway, Suite 1100, Denver, CO 80202

1                          **FEBRUARY 26, 2014**

2              (Proceedings commence at 3:25 p.m.)

3              THE COURT:  You may be.

4              Court calls Criminal Case No. 13-cr-00392-CMA-2,

5      encaptioned the United States of America v. John J.

6      Pawelski.

7              Counsel, would you please enter your appearances.

8              MR. KIRSCH:  Good afternoon, Your Honor, Matthew

9      Kirsch and Martha Paluch appearing for the United States.

10             THE COURT:  Good afternoon.

11             MR. STUCKEY:  Good afternoon, Your Honor, Richard

12     Stuckey for Mr. Pawelski, who is seated with me at counsel

13     table.

14             THE COURT:  All right.  Good afternoon.

15             MR. STUCKEY:  Good afternoon.

16             THE COURT:  All right.  Mr. Stuckey, would you and

17     Mr. Pawelski please approach the podium.

18             This matter is before this Court on the defendant's

19     motion for self-representation and for withdrawal by

20     defendant's present counsel.  The defendant's attorney has

21     filed a motion indicating that the defendant no longer

22     wishes to be represented by an attorney, rather, he wishes

23     to exercise his rights under the Sixth Amendment to the

24     United States Constitution and represent himself.

25             The Court scheduled this hearing as a <u>Faretta</u>

 1      hearing, to make a formal inquiry into the defendant's

 2      reasons behind the request, and conduct inquiry required

 3      by both <u>Faretta</u> and <u>Tucker</u>, which is the Tenth Circuit

 4      case.  <u>Faretta v. California</u>, 422 U.S. 804, United States

 5      Supreme Court, 1975.  And <u>United States v. Tucker</u>, 451

 6      F.3d 1176, Tenth Circuit, 2006.

 7           So, Mr. Pawelski, the first question I need to ask

 8      you, is it still your desire that Mr. Stuckey withdraw as

 9      your attorney and that you be allowed to proceed to

10      represent yourself in this criminal case?

11           THE DEFENDANT:  Yes, it is.

12           THE COURT:  All right.  I am going to need to ask

13      you a few questions and talk to you a little bit about the

14      importance of having counsel represent you in this case.

15      So the first thing I need to do is have Ms. Hartmann swear

16      you in.

17           Ms. Hartmann.

18           COURTROOM DEPUTY:  Please raise your right hand.

19                        **JOHN J. PAWELSKI**

20      having been first duly sworn, answers questions of the

21      Court as follows:

22           THE DEFENDANT:  I do.

23           THE COURT:  All right.  So, Mr. Pawelski, do you

24      understand now that your answers to my questions must be

25      completely truthful?

1           THE DEFENDANT:  Yes, I do.

2           THE COURT:  Do you understand that if you fail to

3    answer a question truthfully, that is if you lie or

4    attempt to mislead this Court, the Government could

5    prosecute you under -- for a new federal felony offense

6    called perjury?

7           THE DEFENDANT:  I understand that.

8           THE COURT:  All right.  I am going to ask you some

9    questions that are directed explicitly to your desire to

10   waive your right to counsel and to represent yourself.

11          For the record, what is your full name?

12          THE DEFENDANT:  John Joseph Pawelski.

13          THE COURT:  How old are you?

14          THE DEFENDANT:  65 years old.

15          THE COURT:  Now, if you do not understand what I

16   ask you or what I tell you, I need you to let me know so I

17   can clarify for you as we proceed, okay?

18          THE DEFENDANT:  Yes, ma'am.

19          THE COURT:  What is the extent of your education?

20          THE DEFENDANT:  I have an associate's degree in

21   computer science and a bachelor's degree in general

22   business.

23          THE COURT:  All right.  Are you presently under the

24   care of a doctor for any physical or mental condition?

25          THE DEFENDANT:  No, ma'am.

1            THE COURT:  Are you taking any medicine for any

2    physical or mental condition?

3            THE DEFENDANT:  I take a baby aspirin for possible

4    heart failure in the middle of the night, but, no.

5            THE COURT:  Other than that, no other medication?

6            THE DEFENDANT:  No, ma'am.

7            THE COURT:  Do you have any other physical problems

8    that would hinder your ability to represent yourself in

9    this case, such as a hearing or speech impediment or poor

10   eyesight?

11           THE DEFENDANT:  No.

12           THE COURT:  Are you presently under the influence

13   of any alcohol or drugs?

14           THE DEFENDANT:  No.

15           THE COURT:  Has anyone told you that you should not

16   use a lawyer?

17           THE DEFENDANT:  No.

18           THE COURT:  Have you ever represented yourself in a

19   trial before?

20           THE DEFENDANT:  No.

21           THE COURT:  All right.  Do you understand that in

22   this case, you are charged by Indictment with one count of

23   conspiracy to file false claims for a refund, in violation

24   of 18 United States Code Section 286; four counts of

25   making false claims for a refund, in violation of 18

1    United States Code Section 287; one count of conspiracy to

2    corruptly endeavor or obstruct or impede the due

3    administration of the internal revenue laws, in violation

4    of 18 United States Code Section 371; and one count of

5    corruptly endeavoring to obstruct or impede the due

6    administration of the internal revenue laws, in violation

7    of 26 United States Code Section 7212(a).

8            THE DEFENDANT:  I understand that.

9            THE COURT:  All right.  And have you discussed your

10   case with an attorney?

11           THE DEFENDANT:  Yes, I have.

12           THE COURT:  And who was that attorney?

13           THE DEFENDANT:  Mr. Stuckey.

14           THE COURT:  So you have discussed your case with

15   Mr. Stuckey?

16           THE DEFENDANT:  Stuckey.

17           THE COURT:  You pronounce it Stuckey?

18           MR. STUCKEY:  Yes, ma'am.

19           THE COURT:  I have been mispronouncing your name

20   all these years.

21           Thank you, Mr. Pawelski.

22           THE DEFENDANT:  Thank you for pronouncing my name

23   correctly.

24           THE COURT:  All right.  Mr. Kirsch, would you

25   inform Mr. Pawelski if he is found guilty, what the

1    maximum penalties are that he could receive for these

2    convictions.

3        MR. KIRSCH:  Yes, Your Honor.  The maximum

4    penalties for each of counts -- for the 286 count, the 287

5    count, and the 371 conspiracy count, is a maximum of 5

6    years of imprisonment for each of those, a fine of the

7    greater of $250,000 or twice the gain or loss from the

8    offense, a term of supervised release of up to 3 years,

9    and restitution if applicable.

10       With respect to the 7212 count, the maximum term of

11   imprisonment is up to 3 years.  The same fines would

12   apply.  The maximum term of supervised release for that

13   offense, I believe, is one year.  And restitution, again,

14   would potentially be applicable.

15       THE COURT:  All right.  So, with that being said,

16   Mr. Pawelski, do you understand the consequences to you,

17   if you are convicted, if you go to trial and you are

18   convicted of these, how long I could sentence you to

19   prison?

20       THE DEFENDANT:  I do.

21       THE COURT:  All right.  I need to go through and

22   remind you of some of the ways that having a lawyer to

23   represent you can be to your advantage.  Now, we are still

24   at the pretrial stage and we are fairly early in this

25   stage, but do you understand that when a person without

1  legal training acts as his own lawyer, he is or could be

2  at a substantial professional disadvantage?

3          THE DEFENDANT:  I do.

4          THE COURT:  All right.  Now, the Government has two

5  very experienced lawyers representing it.  Now,

6  Mr. Stuckey, your appointed attorney, is a very

7  experienced and knowledgeable criminal defense attorney

8  who understands the entire criminal process.  He knows how

9  to obtain information about the case through skillful use

10 of discovery devices, including working with various fact

11 investigators, experts, access to witnesses and access to

12 grand jury transcripts.

13         He also may uncover potential violations of your

14 constitutional rights and take effective measures to

15 address them.  He could ensure compliance with speedy

16 trial provisions, and he could identify and secure

17 favorable evidence to be introduced later at trial on your

18 behalf.

19         Now, at the trial, itself, Mr. Stuckey would argue

20 on your behalf during the entire trial, and he would be

21 present -- I am sorry, he would present the best legal

22 arguments for your defense.

23         Since jury qualification and selection are governed

24 by numerous legal procedures, his knowledge and experience

25 could enhance the selection process on your behalf.

1          He can call witnesses for you, question those

2     witnesses against you, and present evidence on your

3     behalf.  He can advise you on whether you should testify,

4     the consequences of that decision, and what you have the

5     right not to say.

6          He has studied the Rules of Evidence, and he knows

7     what evidence can or cannot come into trial.  He can

8     provide assistance in ensuring that the jury is given

9     complete and accurate jury instructions by the Court.  He

10    could make effective closing arguments on your behalf, and

11    he could prevent improper argument by the Government by

12    objecting.  He could ensure any errors that are committed

13    during the trial are properly preserved for appellate

14    review later by a higher court.

15         Now, post trial, if you are convicted,

16    Mr. Stuckey's assistance could be useful in preparing for

17    your sentencing, ensuring that favorable facts are brought

18    to the attention of this Court, ensuring that I am advised

19    of all legally-available favorable dispositions, and

20    ensuring that the sentence that I impose is lawfully

21    imposed.  His knowledge and experience could also be

22    useful in filing of an appeal on your behalf.

23         Now, because it is almost always unwise to

24    represent yourself in court, let me tell you a few

25    disadvantages of representing yourself in court which you

1    might not have considered.  Do you understand that you are

2    not going to get any special treatment from the Court just

3    because you represent yourself?

4            THE DEFENDANT:  I do.

5            THE COURT:  All right.  Do you understand that you

6    are not going to be entitled to a continuance, although in

7    this case we are not really set for anything at this

8    point, but you will not be entitled to delay simply

9    because you wish to represent yourself?

10           THE DEFENDANT:  I do understand that.

11           THE COURT:  Okay.  Now, you are not in custody so

12   that is not going to impact your ability to have access to

13   documents and legal matters.  So that is not something

14   that we have to take into account at this point.

15           But, although you are not required to possess legal

16   knowledge and skills of an attorney in order to represent

17   yourself, you are going to be required to abide by the

18   Rules of Criminal Procedure, the Rules of Evidence, and

19   the rules of courtroom procedure.  Now, these are rules

20   that the lawyers take years to learn and to become expert

21   at.  And if you demonstrate any unwillingness to abide by

22   these rules, I could terminate your self-representation.

23   Do you understand that?

24           THE DEFENDANT:  I do.

25           THE COURT:  Do you understand that if you are at

1    all disruptive in the courtroom during trial or at any

2    other proceeding, I can terminate your self reputation and

3    remove you from the courtroom?

4         THE DEFENDANT:  I do.  And I guarantee I will not

5    be disruptive.

6         THE COURT:  You are very professional and polite

7    today, so that will probably not be a problem in this

8    case.

9         Do you understand that when you are acting as your

10   own attorney, you will not be allowed to make speeches and

11   testify through questions to the jury unless you take the

12   oath and get on the stand?

13        THE DEFENDANT:  I do understand that, yes.

14        THE COURT:  All right.  So, in opening statement,

15   for example, you will not be allowed to give this long,

16   rambling discussion of things that are either not relevant

17   or that are not going to be testified to during the trial.

18        THE DEFENDANT:  You don't want to hear any Patriot

19   stuff, yes, ma'am.

20        THE COURT:  All right.  Do you understand that in

21   questioning any witnesses, either in direct or

22   cross-examination, that examination must at all times be

23   courteous, and you cannot be unprofessional?

24        THE DEFENDANT:  I do.

25        THE COURT:  Do you understand that your access to

1    the Government's attorney who is prosecuting you could be

2    severely reduced as compared to a lawyer who is easily

3    able to get in touch with the Governments' attorneys?

4           THE DEFENDANT:  I do.

5           THE COURT:  Now, the Government is not going to go

6    any easier on you or give you any special treatment

7    because you are representing yourself.  Do you understand

8    that?

9           THE DEFENDANT:  I do.

10          THE COURT:  All right.  The Government is going to

11   present the case as if you were an experienced attorney.

12          THE DEFENDANT:  Okay.

13          THE COURT:  Now, if you are convicted, do you

14   understand that you are not going to be able to claim on

15   appeal that your own lack of legal knowledge or skill

16   constitutes a basis for a new trial?

17          THE DEFENDANT:  I comprehend that, yes.

18          THE COURT:  So, in other words, you will not be

19   able to claim you received ineffective assistance of

20   counsel by representing yourself.  Do you understand that

21   these dangers -- that these -- do you understand all of

22   these dangers and disadvantages of representing yourself?

23          THE DEFENDANT:  Ma'am, you explained them very well

24   to me.  Thank you very much, I do understand them.

25          THE COURT:  Do you have any questions about any of

 1    these -- of me at this time?

 2            THE DEFENDANT:  No.  I think in the motion that

 3    we -- Mr. Stuckey put together for me, he volunteered to

 4    be an assistance of counsel.

 5            THE COURT:  We will talk about that.

 6            THE DEFENDANT:  That would be great with me,

 7    because he knows -- as you said, he knows how to do the

 8    procedures.

 9            THE COURT:  We will talk about that aspect.  I want

10    to be sure -- there are two additional issues I actually

11    want to talk to you about.  First, I want to be sure that

12    you understand that if I find that you have validly waived

13    your right to counsel, you do not have the right to have

14    an attorney appointed as stand-by counsel to assist you,

15    as Mr. Stuckey might have discussed having him appointed.

16            Now, in this case you are free on bond and, thus,

17    you have more freedom to prepare your defense than a

18    defendant who is in custody.  So, at this point, I am not

19    inclined to appoint stand-by counsel or advisory counsel

20    to assist you.

21            And I need you to understand that the Tenth

22    Circuit, in United States v. Padilla, 819 F.2d 952, Tenth

23    Circuit, 1987, indicates that while this is the preferred

24    practice to appoint counsel, that practice is not

25    mandatory.

1           And in this particular case, I think that

2    appointing stand-by counsel as a matter of course, as many

3    judges do, is unfair to the attorneys.  And unless it is

4    truly necessary, it is a waste of taxpayer money.

5           And with respect to that point, I agree with the

6    following point that is made by Professor Poland, who, in

7    a law review article states, "The obligation of stand-by

8    counsel may, in fact, be more onerous than the more

9    straightforward job of representing an accused.

10   Involvement of stand-by counsel does not relieve the

11   attorney of the obligation of zealous representation, but

12   merely redirects the attorney's efforts and forces much of

13   his work to remain behind the scenes at trial.

14          Stand-by counsel must maintain a low profile in

15   front of the jury and must see to the defendant's many

16   decisions that would normally fall to defense counsel.

17   Despite this deferential role, stand-by counsel must be as

18   diligent as defense attorneys should be; investigating the

19   case and exploring the legal issues as if in preparation

20   for trial.

21          Furthermore, stand-by counsel must assume an

22   educative role beyond that normally expected of counsel.

23   He would have to evaluate pretrial and trial strategies

24   thoroughly enough to help the defendant understand the

25   choices to be made.  He must stand ready to offer a

1    guiding hand to the pro se defendant, even one he believes

2    to be embarking on the wrong course.

3         Thus, the obligation of stand-by counsel is

4    substantial and far from the

5    'not-quite-a-lawyer-in-the-case' concept reflected in the

6    reported decisions."

7         With respect to my second point, we are in a budget

8    crisis in this country, and if you want to exercise your

9    right to proceed without an attorney, and I find that you

10   have knowingly, intelligently, and voluntarily waived your

11   right to counsel, I don't see the point in expending

12   taxpayer funds to appoint a lawyer to shadow your every

13   move and to prepare the case as if they were representing

14   you.

15        That is not fair to you, and to some extent, I

16   think it infringes on your right -- your exercise of the

17   right to proceed without counsel, it is not fair to the

18   attorney appointed as stand-by counsel, and it is not fair

19   to the taxpayers.

20        Now, if you decide that you want to have stand-by

21   counsel appointed, you can submit a motion to me and spell

22   out why it is you should be allowed to proceed without

23   counsel but still use up funds and resources by having

24   stand-by counsel appointed for you.  And if I deny that

25   and you decide still to proceed on your own, if you later

1   decide that perhaps you have bitten off more than you can

2   chew by trying to represent yourself in this case, you can

3   always come back to this Court and ask to have counsel

4   re-appointed, or you can hire your own counsel.

5         However, I do want to caution you that you will

6   need to do so in a timely manner.  If you wait too long to

7   reassert a request for the appointment of an attorney, or

8   if you appear to be inappropriately manipulating the

9   attorney hiring and appointment processes, you could lose

10  your right to have counsel appointed because you might be

11  viewed as having waived the right to counsel.

12        And I would refer you to a number of cases in that

13  regard, United States v. Weninger, 624 F.2d 163, Tenth

14  Circuit, 1980.  McQueen v. Blackburn, 755 F.2d, 1174,

15  Fifth Circuit 1985.  And I would just note that in the

16  Padilla case, 819 F.2d at 959, the Tenth Circuit cited

17  favorably to the McQueen case.

18        I would also direct you to Chandler v. Blackletter,

19  which is 2008 Westlaw 4899131, which was affirmed at 366

20  Fed. Appx. 830, Ninth Circuit, 2010 case, which gives you

21  further legal authorities in support of this proposition.

22        And, if you want, if you wish copies of all of

23  these cases, I can have my courtroom deputy provide those

24  to you, you just need to let me know.  So, at this point,

25  I am not going to appoint stand-by counsel.  However, as I

1     indicated earlier, if you want to have stand-by counsel

2     appointed to assist you, you will need to file a motion

3     and proceed in accordance with 18 United States Code

4     Section 3006A.

5          Now, the second issue I wanted to address with you

6     is that prior to the filing of the motion to proceed pro

7     se, your attorney, Mr. Stuckey, submitted a request for an

8     investigator, and he wanted a substantial amount of money.

9     I have denied that request based on his motion to withdraw

10    in the event that -- I will have denied it.  It is still

11    sitting on my desk.  In the event that I do allow you to

12    proceed pro se, if that is what you still wish to do.

13         So the second issue I need to address with you is

14    to make sure that you are aware that as long as you remain

15    eligible for representation under the *Criminal Justice*

16    *Act*, you can ask to have an investigator, expert, or other

17    service provider appointed, but you have to proceed in

18    accordance with 18 United States Code Section 3006A(e).

19         So if I proceed to allow you to represent yourself,

20    I am denying Mr. Stuckey's motion, and you will have to

21    proceed in accordance with that provision on your own,

22    which requires you to essentially tell me who you wish to

23    retain, how that is going to be handled, why you need to

24    have that done.  So you just need to comply with those

25    requirements.

1          So, do you have any questions of me about any of

2    that information?

3          THE DEFENDANT:  No I do not.

4          THE COURT:  All right.  Having been advised of the

5    advantages of having counsel, the disadvantages and

6    dangers of proceeding without counsel, the nature of these

7    charges and the possible consequences to you in the event

8    of conviction, and my indications as to the fact that I am

9    not at this point willing to appoint stand-by counsel,

10   although I will consider a request if you submit that in

11   writing justifying the appointment of stand-by counsel,

12   are you certain that you want me to allow Mr. Stuckey to

13   withdraw as your counsel and allow you to proceed to

14   represent yourself?

15         THE DEFENDANT:  Yes, ma'am.

16         THE COURT:  All right.  Mr. Kirsch?

17         MR. KIRSCH:  Your Honor, I apologize.  I want to

18   make the Court and Mr. Pawelski aware that, first of all,

19   I misadvised him with respect to the maximum term of

20   imprisonment for one count, I apologize for that.  The

21   maximum term of imprisonment for the 286 conspiracy to

22   submit false claims is 10 years, not 5 years.

23         THE COURT:  All right.

24         MR. KIRSCH:  I also wanted to make sure that the

25   record reflected that we do have some additional dates

1    scheduled in this matter.

2         THE COURT:  All right.  I wasn't sure.  I didn't

3    take a look at that because I was busy trying to deal with

4    all of the other issues.  What dates do we have scheduled?

5         MR. KIRSCH:  I can supply those if that is useful.

6         THE COURT:  Yes.

7         MR. KIRSCH:  The motions are due on April 1st.  And

8    we have a motions hearing scheduled for April 24th.  We

9    have a trial in this matter scheduled for June 2nd.  And a

10   pretrial conference scheduled for May 9th.

11        THE COURT:  All right.  And what is my speedy trial

12   calculation, Ms. Hartmann, under the computer?

13        COURTROOM DEPUTY:  It shows June 13th.

14        THE COURT:  All right.  So, what that means,

15   Mr. Pawelski, is that there are these dates set.  If you

16   file a motion for an ends-of-justice continuance, you are

17   going to need to justify that.  But, at this point, you

18   have motions that are due in about a month, a little more

19   than a month, to be filed here, and there is a hearing

20   scheduled.

21        So if you are going to need more time, you are

22   going to have to get that in to me and have a real

23   justification for why I should vacate these dates because

24   they have been set for some time.  All right?

25        THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  All right.  Mr. Kirsch, anything

2     further?

3          MR. KIRSCH:  No.  Thank you, Your Honor.

4          THE COURT:  Mr. Stuckey, do you wish to offer

5     anything further?

6          MR. STUCKEY:  Nothing further, Your Honor.

7          THE COURT:  All right.

8          MR. STUCKEY:  There is one thing I should bring up.

9     Your Honor has entered an order regarding control of the

10    grand jury exhibits and testimony transcripts.  And they

11    were only to be to the attorneys and seen by the

12    defendants in the attorney's presence and whatnot.

13         I would assume, if Mr. Pawelski is granted the

14    right to self representations, he then can have access to

15    those.

16         THE COURT:  I don't necessarily assume so.  That

17    will be dependent on what the Government is willing to

18    allow him to do and if there is some other means.  If we

19    need to keep control of those, if there is some other

20    means, I will accept that.  But at this point I am not

21    willing to say yes, he is just going to have access to

22    that.  That is something he will have to file with me or

23    work out with the Government.

24         MR. STUCKEY:  Very well.  The only other thing is

25    that Mr. Thoene has contributed quite a bit of time

1    already.

2        THE COURT:  That should not have been done without

3    my permission if it exceeded the amount.

4        MR. STUCKEY:  I understand.  Exceeded what amount?

5        THE COURT:  The basic amount.  You asked for a

6    considerable amount of money for that.  There is a limit

7    as to how much can be done without my authorization.

8        MR. STUCKEY:  Right.  And that would --

9        THE COURT:  If it exceeded that, there may be a

10   problem.

11       MR. STUCKEY:  I don't think it exceeded that, but I

12   was going to pay him and put that through as a cost on my

13   final voucher.

14       THE COURT:  That would be fine as long as it is

15   under the limited amount that is allowed by the statute.

16       MR. STUCKEY:  Correct.  Thank you.

17       THE COURT:  Mr. Pawelski, anything further from

18   you?

19       THE DEFENDANT:  I would guess I have to understand

20   and comprehend how I would get information back from the

21   U.S. Attorney's Office.

22       THE COURT:  I think you just need to talk to

23   Mr. Kirsch.  If you are no longer represented by counsel,

24   you will need to direct that directly with Government

25   counsel and ask for what you want and they can tell you

1   whether you need to make a formal request and if they are

2   willing to provide it.

3        THE DEFENDANT:  I understand there is an electronic

4   filing system.  Will I have access to that?

5        THE COURT:  You can talk to the clerk's office and

6   see how you sign up for that.

7        THE DEFENDANT:  Downstairs?

8        THE COURT:  Yes.

9        THE DEFENDANT:  Okay.

10       MR. STUCKEY:  Might I ask, if he is not able to do

11  that, he then would just submit his filings by mail?

12       THE COURT:  You can talk to them about what they

13  allow for pro se filers to do.  But, I tell you, it will

14  be easier if you can get electronic access.  Generally it

15  is not that difficult, as long as you have an e-mail

16  account, at least that is what I understand.  But it would

17  be much to your benefit to do it that way than try to file

18  it otherwise.  You would have to come down here every day

19  or every time you want to make a filing and tender it, or

20  mail it in.

21       THE DEFENDANT:  Okay.

22       THE COURT:  All right.  Anything further?

23       THE DEFENDANT:  I don't think so.

24       THE COURT:  All right.  The Court, having advised

25  Mr. Pawelski of the risks and limitations of proceeding

1   pro se, and having inquired into his abilities and

2   willingness to represent himself in this Court, and abide

3   by the Court's rulings and the Rules of Criminal Procedure

4   and Rules of Evidence, the Court finds that Mr. Pawelski

5   is knowingly, voluntarily, and intentionally waiving his

6   rights under the United States Constitution to have the

7   Court appoint a lawyer to represent him.

8        The Court finds that Mr. Pawelski is voluntarily

9   exercising his informed free will to refuse further

10  representation of court-appointed counsel, and exercising

11  his right under the case of Faretta and its progeny to

12  represent himself in these proceedings.

13       Therefore, the defendant's motion for

14  self-representation by defendant and for withdrawal by

15  defendant's present counsel, Document No. 95, is granted.

16       The Court will allow Mr. Stuckey to withdraw as

17  counsel and will allow Mr. Pawelski to proceed pro se.  As

18  indicated, the Court is not at this point appointing any

19  stand-by or advisory counsel.

20       But, again, I will remind you, Mr. Pawelski, if you

21  wish to have stand-by or advisory counsel, you need to

22  file a motion and justify why I should make that

23  appointment.

24       All right.  Is there anything further to be brought

25  to the Court's attention?

1          MR. KIRSCH:  No, Your Honor, but we do appreciate

2     the Court's prompt and thorough attention to this matter.

3          THE COURT:  Mr. Pawelski, anything further?

4          THE DEFENDANT:  No, ma'am.

5          THE COURT:  All right.  You will be allowed to

6     remain free on bond subject to the same terms and

7     conditions as in your original order.

8          Court will be in recess.

9          (Proceedings are concluded at 3:52 p.m.)

10

11          **R E P O R T E R ' S   C E R T I F I C A T E**

12

13          I, Darlene M. Martinez, Official Certified

14     Shorthand Reporter for the United States District Court,

15     District of Colorado, do hereby certify that the foregoing

16     is a true and accurate transcript of the proceedings had

17     as taken stenographically by me at the time and place

18     aforementioned.

19

20          Dated this 3rd day of September, 2015.

21

22          _____

23          s/Darlene M. Martinez

24          RMR, CRR

25