# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 13-cr-00392-CMA-3

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**3.  MIMI M. VIGIL,**

**Defendant.**

_____

# REPORTER'S PARTIAL TRANSCRIPT
# (Motions Hearing)

_____

Proceedings before the HONORABLE CHRISTINE M. ARGUELLO, Judge, United States District Court, for the District of Colorado, commencing at 9:00 a.m. on the 15th day of August, 2014, Alfred A. Arraj United States Courthouse, Denver, Colorado.

# A P P E A R A N C E S

**FOR THE PLAINTIFF:**
MATTHEW T. KIRSCH and MARTHA PALUCH, U.S. Attorney's Office - Denver, 1225 17th St., Suite 700, Denver, CO 80202

**FOR THE DEFENDANT:**
JOHN S. TATUM, John S. Tatum, P.C., 12351 E. Cornell Ave., Aurora, CO 80014

```
1                      AUGUST 15, 2014

2           (Proceedings commence at 9:00 a.m.)

3           THE COURT:  You may be seated.

4           Court calls Criminal Case No. 13-cr-000392-CMA-3,

5    encaptioned the United States of America v. Mimi M. Vigil.

6           Counsel, would you please enter your appearances.

7           MR. KIRSCH:  Good morning, Your Honor, Matthew

8    Kirsch and Martha Paluch appearing for the United States.

9           THE COURT:  Good morning.

10          MR. TATUM:  Good morning, Your Honor, I am John

11   Tatum on behalf of defendant, Mimi Vigil.  She is present

12   on bond.

13          THE COURT:  Good morning.

14          All right.  Mr. Tatum, would you and Ms. Vigil

15   please approach the podium.

16          This matter is before this Court on defendant Mimi

17   Vigil's motion for self-representation by defendant and

18   for withdrawal by defendant's present counsel, Document

19   No. 234.  The defendant's motion indicates that the

20   defendant no longer wants to be represented by an

21   attorney, but, rather, wishes to exercise her rights under

22   the Sixth Amendment under Faretta v. California, 422 U.S.

23   806, United States Supreme Court, 1975, and United States

24   v. Tucker, 451 F.3d 1176, Tenth Circuit, 2006, to

25   represent herself.
```

1          However, in that motion, in the alternative the

2     defendant requested to be appointed substitute counsel

3     because she has a current conflict or alleges she has a

4     current conflict with counsel.

5          Mr. Tatum, in your motion you state you do believe

6     "Ms. Vigil authorized the undersigned defense counsel to

7     inform the Court that defense counsel is 'not competent,'

8     and has 'blocked' her efforts to move her defense forward,

9     and utilized a 'threatening manner' to sell her on a plea

10    bargain."

11         Now, before I ask that Mr. Kirsch and Ms. Paluch

12    leave the room so we can discuss the underlying reason for

13    Ms. Vigil's request that you withdraw as her counsel, I do

14    want to obtain some additional information, and I want to

15    give advisements to the defendant.

16         First, I want to make sure you understand that

17    although you are entitled to the appointment of an

18    attorney to represent you free of charge, you do not have

19    the right to counsel of your choice unless you are going

20    to pay for that counsel yourself.

21         In addition, you need to understand that although

22    the Sixth Amendment provides that you are entitled to

23    enjoy the right to the assistance of counsel for your

24    defense in this criminal prosecution, that does not

25    require that the lawyer blindly follow your instructions.

1       Before I can allow Mr. Tatum to withdraw or to

2    proceed, I need to make sure you are competent to

3    represent yourself, and I need to see that there is good

4    cause if I were to allow him to withdraw.

5       The other question, I guess, I want to ask you is

6    if you want to represent yourself or do you just want

7    different counsel?

8       THE DEFENDANT:  I would like to represent myself.

9       THE COURT:  All right.  Then let me just talk to

10   you.  Why do you want to represent yourself?

11      THE DEFENDANT:  Well, from the beginning I don't

12   think we have seen eye to eye on many things.  And I

13   really did feel threatened by Mr. Tatum in a meeting

14   concerning several things, including the --

15      THE COURT:  I don't want to get into the substance

16   of any of that.  My question ultimately is, is it -- do

17   you think a different lawyer, perhaps a female lawyer, you

18   might relate better to her as opposed to you representing

19   yourself?

20      The reason I am asking, for instance, just

21   yesterday, or this morning, I was reviewing the file, and

22   the Government has filed its James proffer, which is a

23   quite lengthy, complicated filing.  That is the filing

24   that they intend to assert that they can use your -- what

25   they allege are your co-conspirators; statements against

1   you and your statements against them in trial.  That

2   becomes a very complicated matter, and you are not

3   educated in the law.

4        So what I am trying to figure out is whether you

5   really want to proceed to represent yourself in these

6   complicated matters or whether you want to have different

7   counsel because you and Mr. Tatum have a difference of

8   opinion or you are not relating well.

9        THE DEFENDANT:  I still would like to represent

10  myself.

11       THE COURT:  All right.  So you believe you are

12  competent to represent yourself in these matters?

13       THE DEFENDANT:  Yes.

14       THE COURT:  All right.  Why don't I ask if counsel

15  would step out for a bit so I can delve further into what

16  the dispute is between the parties.

17       Anybody in the courtroom who is not associated with

18  this case, please step out.  This is going to be under

19  seal until I recall.

20       MR. TATUM:  Your Honor, I will leave it to the

21  Court's discretion.  The gentleman who is remaining in the

22  courtroom is a private investigator, Mr. Hopko, who has

23  been employed by our office representing Ms. Vigil.  I

24  just asked him to be here in the event the Court had any

25  questions about -- he has been in a lot of meetings with

1    her.  He would have some information as to her mental

2    clarity, things like that, if you had any issues about

3    that.

4          THE COURT:  I do have some concerns about that, so,

5    yes, I would, because he is associated with your case

6    representing Ms. Vigil.  At this point I would ask he

7    remain.

8          MR. TATUM:  May he come up to counsel table where

9    he can hear better?

10          THE COURT:  He may.

11          (Proceedings contained in a sealed transcript.)

12          THE COURT:  At this point the Court is going to

13    proceed with the Faretta colloquy.

14          The Court has been in session to discuss with the

15    defendant and her attorney the reasons for her wish to

16    represent herself and to have Mr. Tatum withdraw, and she

17    has made it very clear she wishes to proceed to represent

18    herself.

19          So, at this point, Ms. Vigil, on the record, I want

20    you to, once again, indicate it is your desire at this

21    point to have Mr. Tatum withdraw as your counsel and to

22    proceed to represent yourself in this criminal case.  Is

23    that correct?

24          THE DEFENDANT:  That is correct.

25          THE COURT:  I will need to ask you a few questions

1    and talk to you a little bit about the importance of

2    having counsel, because that is what the Supreme Court and

3    the Tenth Circuit say I need to do.

4         Ms. Hartmann, would you please swear in Ms. Vigil.

5         COURTROOM DEPUTY:  Please raise your right hand.

6                        **MIMI M. VIGIL**

7    having been first duly sworn, answers questions of the

8    Court as follows:

9         THE DEFENDANT:  I do.

10        THE COURT:  All right.  Ms. Vigil, do you

11   understand that the answers to my questions must be

12   completely truthful?

13        THE DEFENDANT:  Uh-huh.

14        THE COURT:  I need to you say yes or no.

15        THE DEFENDANT:  Yes.

16        THE COURT:  All right.  And do you understand that

17   if you fail to answer any question truthfully, that is if

18   you lie or you attempt to mislead this Court, then that

19   could be a basis for a separate prosecution against you

20   for perjury or making a false statement?

21        THE DEFENDANT:  Yes, I understand.

22        THE COURT:  All right.  So I am going to ask you

23   some questions that are directed explicitly to the desire

24   to waive counsel and represent yourself.

25            For the record, could you please state your full

1    name?

2            THE DEFENDANT:  Vigil, Mimi Michelle.

3            THE COURT:  How old are you?

4            THE DEFENDANT:  63.

5            THE COURT:  And if you do not understand anything I

6    ask you or tell you during the course of this hearing, I

7    need you to let me know you do not understand, all right?

8            THE DEFENDANT:  All right.

9            THE COURT:  What is the extent of your education?

10           THE DEFENDANT:  High school and some college.

11           THE COURT:  All right.  Are you presently under the

12   care of a doctor for any physical or mental condition?

13           THE DEFENDANT:  No.

14           THE COURT:  Are you presently taking any medication

15   for any physical or mental condition?

16           THE DEFENDANT:  No.

17           THE COURT:  Do you have any other physical problems

18   that would hinder your ability to represent yourself in

19   this case, such as hearing, speech, or poor eyesight?

20           THE DEFENDANT:  No.

21           THE COURT:  Are you presently under the influence

22   of any sort of drug or alcohol?

23           THE DEFENDANT:  No.

24           THE COURT:  Has anyone told you that you should not

25   use a lawyer in this case?

1           THE DEFENDANT:  No.

2           THE COURT:  Have you ever represented yourself in a

3     trial?

4           THE DEFENDANT:  No.

5           THE COURT:  All right.  Do you understand that you

6     are charged in a Superseding Indictment with one count of

7     conspiracy to file false claims for a refund, one count of

8     making a false claim for a refund, one count of conspiracy

9     to corruptly endeavor to obstruct or impede the due

10    administration of the internal revenue laws, and one count

11    of corruptly endeavoring to obstruct or impede the due

12    administration of the internal revenue laws.

13          THE DEFENDANT:  Yes, I know those are the charges.

14          THE COURT:  Have you discussed this case with

15    Mr. Tatum?

16          THE DEFENDANT:  Many times.

17          THE COURT:  Have you discussed it with any attorney

18    other than Mr. Tatum?

19          THE DEFENDANT:  No.

20          MR. TATUM:  Excuse me, Your Honor, just for the

21    record, there was a joint defense agreement between

22    Mr. Leonard, Ms. Mueller, Ms. Vigil and myself, and we did

23    have at least, I believe two, if not more, joint meetings

24    with all four of us present.  So, in complete candor, she

25    has had the benefit of some of Mr. Leonard's opinions

1    about some of the issues.

2         THE COURT:  All right.  Mr. Kirsch, Ms. Paluch,

3    which of you wish to take the lead?  I want you to tell

4    the Court and Ms. Vigil that if she is found guilty, what

5    the maximum penalties are that she could receive.

6         MR. KIRSCH:  I can do that, Your Honor.

7         THE COURT:  All right.

8         MR. KIRSCH:  With respect to the conspiracy charged

9    in Count 1, the maximum penalties are not more than 10

10   years of imprisonment; not more than a $250,000 fine, or

11   twice the gain or loss from the offense, whichever of

12   those would be greater; not more than 3 years of

13   supervised release; and a $100 special monetary

14   assessment.

15        The maximum penalty for Count 12, filing the false

16   claim, and for Count 14, the conspiracy to corruptly

17   endeavor to obstruct the internal revenue laws, the

18   maximum penalty is the same for both of those counts.

19   That is not more than 5 years of imprisonment; not more

20   than a maximum fine of either $250,000 or twice the gain

21   or loss from the offense; not more than 3 years of

22   supervised release; and an additional $100 special

23   monetary assessment.  And those would be maximum penalties

24   for each count.  In other words, they could be imposed

25   consecutively.

1          The maximum penalty for the final count; corruptly

2     endeavoring to obstruct or impede the due administration

3     of the internal revenue laws are not more than 3 years of

4     imprisonment; not more than a $250,000 fine, or twice the

5     gain or loss from the offense, if that is greater; not

6     more than 1 year of supervised release; and an additional

7     $100 special monetary assessment.

8          THE COURT:  Ms. Vigil, do you have any questions of

9     me or the Government about the charges or the possible

10    consequences and penalties if you are found guilty?

11         THE DEFENDANT:  Not at this time.

12         THE COURT:  All right.  So you understand that we

13    are looking at, depending on which you are found guilty,

14    it could be a maximum of 3 to 10 years?

15         THE DEFENDANT:  I comprehend.

16         THE COURT:  All right.  Now, I want to go through

17    with you some of the advantages of having a lawyer to

18    represent you in this case that are to your advantage.  Do

19    you understand that when a person without any legal

20    training acts as her own lawyer, she is at a substantial

21    disadvantage in the case because the Government has an

22    experienced -- or two experienced lawyers representing it?

23         THE DEFENDANT:  Yes, I comprehend that.

24         THE COURT:  All right.  Now, your attorney right

25    now, Mr. Tatum, is a very experienced and knowledgeable

1    criminal defense attorney who understands the entire

2    criminal process.  And, as I told you, he has already

3    filed -- he is the only one that has any outstanding

4    motions to suppress the evidence against you and to

5    challenge the James statements, the co-conspirator

6    statements that the Government intends to offer.

7         So he knows how to obtain the information in a case

8    because he's done this for many, many years.  He knows how

9    to work with the investigators, with experts, with

10   witnesses.  He can perhaps uncover violations of

11   constitutional rights.  That is what his motion to

12   suppress is all about, and to take the appropriate

13   measures to address them.

14        He can identify and obtain favorable evidence that

15   he can introduce at trial.  And, at trial, he is going to

16   argue on your behalf during the entire trial and he is

17   going to present the best legal arguments for your

18   defense.

19        With respect to the jury, he has -- you know, jury

20   selection and qualifications are governed by some numerous

21   legal procedures.  And his knowledge and experience would

22   help select the best jury for you.

23        He can call witnesses on your behalf.  He can

24   cross-examine the Government's witnesses and challenge the

25   evidence that they present against you.  He can give you

1    advice on what evidence should be presented, whether you

2    should testify or not, what you have the right to say,

3    what you have the right not to say.

4         He studied the Rules of Evidence, so he knows when

5    he can object to evidence that is coming in that should be

6    excluded.  He can provide assistance in ensuring that the

7    jury is given a complete and accurate description of what

8    the legal instructions should be in this case.  He will

9    make appropriate closing arguments on your behalf.  And he

10   may prevent improper argument by the prosecutor if the

11   prosecutor should wander into that realm.

12        He also would be there to ensure that any errors

13   that were committed during trial are properly preserved

14   for appellate review later by a higher court.

15        After your conviction, Mr. Tatum could assist in

16   preparing for sentencing, because if you are convicted,

17   then it will be up to me to impose a sentence.  But I am

18   governed at least by advisory guidelines that will tell me

19   what the range is that we should impose here.

20        So he can be useful in preparing for sentencing.

21   He can ensure that any favorable facts on your part are

22   brought to my attention.  He can ensure that the sentence

23   that I impose is lawful.  And then his legal knowledge and

24   skills and experience would be useful in the event that

25   you are convicted and you wish to file an appeal.

1           I will tell you that I find it almost always unwise

2    to represent yourself in any case.  I wouldn't even

3    represent myself in a traffic case because you are too

4    close to the case.  And I need to make sure that you

5    understand that you are not going to get any special

6    treatment from this Court just because you represent

7    yourself.

8           You will not be entitled to any continuance simply

9    because you seek to represent yourself.  This case has

10   been pending for awhile.

11          You will not -- you will be required -- although I

12   don't require you to know the rules and the law the way

13   the lawyers do, I will require you to abide by those Rules

14   of Criminal Procedure, the Rules of Evidence, the Rules of

15   Courtroom Procedure that are appropriate in my court.  And

16   those took the lawyers years to learn.

17          And I know you said you are studying and briefing

18   up on that, but I need to warn you, if we get into court

19   and you are not willing to abiding by my rules or are

20   disruptive, I do have the right to terminate your

21   self-representation.  Do you understand that?

22          THE DEFENDANT:  I comprehend that.

23          THE COURT:  And if you are disruptive in the

24   courtroom, which I don't think you will be because you

25   have been very professional up to this point, but I could

1    terminate your self-representation and have you removed

2    from the courtroom, in which case then the case is going

3    to continue.

4         And I have had this happen in other cases, where

5    right next door there is audio.  You will be in a cell

6    next door listening, but you will not be able to see, you

7    will only be able to hear.  I hope I don't ever get to

8    that point.  I don't think I will.  But I have to advise

9    you that that is what will happen.

10        And when you are acting on your own part as your

11   own attorney here, you will not be allowed to make

12   speeches or try to testify without taking the stand and

13   putting yourself under oath.  You don't have to get on the

14   stand.  You have the right -- your Fifth Amendment right

15   against self-incrimination.

16        But if you do decide to take the stand, you will

17   have to be sworn, the same way you were sworn today, and

18   you won't be allowed to just make statements purporting to

19   be -- testimony purporting to be a statement.  Do you

20   understand that?

21        THE DEFENDANT:  I comprehend.

22        THE COURT:  All right.  And do you understand that

23   in questioning any witnesses, either on direct or

24   cross-examination, at all times that examination must be

25   courteous and professional, and you cannot get into

1    arguments with the witnesses?

2          THE DEFENDANT:  I comprehend that.

3          THE COURT:  All right.  Now, do you understand that

4    your access, then, to the Government attorney who is

5    prosecuting you will be severely reduced as compared to

6    what Mr. Tatum has, where he can easily contact the

7    Government?

8          THE Defendant:  I comprehend that also.

9          THE COURT:  Now, in this case, you are not

10   incarcerated, so that makes it easier.  You will be able

11   to move around.  You can come down to the Clerk of the

12   Court.  I am sure if you decide that you want to talk to

13   Mr. Kirsch or Ms. Paluch, they will talk to you about

14   that.  But it will not be the same as having an attorney

15   talk to an attorney.  Do you understand that?

16         THE DEFENDANT:  I comprehend that.

17         THE COURT:  And the Government is not going to go

18   any easier on you or give you special treatment because

19   you are representing yourself.  They have an obligation to

20   present the case against you as they would if you were

21   represented by counsel.  Do you understand that?

22         THE DEFENDANT:  I comprehend that, also.

23         THE COURT:  And if you are convicted, do you

24   understand that you cannot claim on appeal that your own

25   lack of knowledge or skill constitutes a basis for a new

1    trial?  You will not be able to claim, essentially, that

2    you received ineffective assistance of counsel because you

3    represented yourself.  Do you understand that?

4           THE DEFENDANT:  I do now.

5           THE COURT:  All right.  And do you understand that

6    there are these dangers and disadvantages in representing

7    yourself?

8           THE DEFENDANT:  Yes.  You have been very clear

9    about that.

10           THE COURT:  All right.  Do you have any questions

11    of me about these dangers or disadvantages?

12           THE DEFENDANT:  Not at this time.

13           THE COURT:  And there are two additional issues I

14    want to address with you that I addressed with your

15    co-defendants who wish to represent themselves.  I want to

16    be sure that you understand that if I find that you have

17    validly waived your right to counsel, you do not have the

18    right to have an attorney appointed as stand-by counsel to

19    assist you.

20           I refer you to United States v. Chavez, 461 F.3d

21    1201, at page 1205 through -06, Tenth Circuit, 2006, which

22    is a case where the Tenth Circuit said that neither the

23    Federal Constitution nor the Tenth Circuit law requires

24    that stand-by counsel be made available for a defendant

25    who has validly waived the right to counsel.

1          Now, you are free on bond, as I mentioned earlier,

2     thus, you have more freedom to prepare your case, your

3     defense than a defendant in custody.  At this point you

4     haven't asked me for stand-by counsel, but at this point I

5     am not inclined to appoint stand-by counsel or advisory

6     counsel to assist you in this case.

7          If you do decide, you get to the point where you

8     need to have advisory counsel or stand-by counsel, you can

9     go ahead and submit a request for stand-by counsel to be

10     appointed or advisory counsel to be appointed to you to

11     assist you.  But you need to do that by filing a motion

12     and proceeding in accordance with 18 United States Code

13     Section 3006A.  All right?

14          THE DEFENDANT:  All right.

15          THE COURT:  The second issue I want to address with

16     you is to make sure that you are aware that as long as you

17     remain eligible for representation under the Criminal

18     Justice Act, you also have the right to have an

19     investigator, an expert or other service provider

20     appointed.  Mr. Tatum had one appointed, he is setting

21     here in the courtroom.  And you have the right to continue

22     that.

23          But, again, you would have to proceed to request

24     that in accordance with 18 United States Code Section

25     3006A(e).  So you understand you have those rights, but

1    you are going to have to justify, the same way Mr. Tatum

2    had to justify them to me.  And that will probably result

3    in your having to file a supplemental or a new current

4    financial affidavit so that I can see that you are

5    qualified to receive those services.  And you have to

6    explain to me what you need that person to do, okay?

7          THE DEFENDANT:  So those services would be free to

8    me?

9          THE COURT:  They will be free to you if you

10   qualify.  And you just need to follow the procedure by

11   going down to the clerk's office and getting the forms, or

12   online.  I understand the forms are online.  You would

13   submit them.  I just want to make sure you understand you

14   have those rights as long as you qualify.

15         THE DEFENDANT:  I comprehend that.

16         THE COURT:  All right.  Is there anything further

17   to be said by either party?

18         MR. KIRSCH:  Your Honor, I have a related matter

19   but nothing on this self-representation issue.  Thank you.

20         THE COURT:  All right.  Mr. Tatum?

21         MR. TATUM:  Your Honor, if you grant her request, I

22   would ask the Court to make my termination effective,

23   perhaps, close of business on Tuesday the 19th.  And the

24   reason I am requesting that is because normally I would

25   have had a chance to review the Government's James

1       proffer, discuss that with Ms. Vigil.  But because of my

2       schedule, while it was only filed, I think, Wednesday --

3       yesterday, because, as you pointed out, that is a very

4       complex situation, what I would like to do is have time

5       the rest of today and Monday to write a letter to her

6       explaining the status of all of the motions.

7               Your Honor put a detailed order out, and there are

8       so many motions filed by all of the defendants and things

9       that it is a little complex to understand.

10              So I would ask that you continue my appointment

11      until close of business Tuesday, the 19th of August, to

12      allow me to review the James proffer, which I have not had

13      time to do.  And then at least write her a letter

14      explaining what I understand her obligations to be,

15      because the Court has set deadlines to respond to that,

16      and suggested how she might want to handle that.  And then

17      explain the suppression issue, where that stands, and then

18      just make arrangements, you know, to transfer materials to

19      her, things like that.

20              So if you grant the request, I would ask you stay

21      my withdrawal until close of business Tuesday, the 19th.

22      I can get everything done by then.  I have a hearing on

23      Monday afternoon that will take some of my time or I would

24      do it today.

25              THE COURT:  Okay.  And I will state for the record,

1  according to my records, the only outstanding motions that

2  remain in this case are the motions you filed; Document

3  No. 140, which is the motion for James hearing to exclude

4  hearsay statements and for a pretrial evidentiary hearing

5  to determine admissibility of co-conspirator hearsay

6  statements.  And Document 142, the motion to suppress

7  evidence, illegal search of home, and violation of

8  attorney/client privilege.  And then today's motion, which

9  is the motion for you to be allowed to withdraw.

10  Those are only motions I show on the record that

11  still remain standing.

12  MR. TATUM:  Judge, you have entered an interim

13  order with respect to the suppression of that -- there was

14  a letter from a previous lawyer found in the search.  The

15  Government, I believe, in their response, conceded they

16  would not offer that in their case-in-chief.  So you are

17  right, that still is outstanding.  To the extent that in

18  the trial, if something should happen, the Government

19  decides they want to offer it, we would have to renew that

20  issue.

21  Again, because that is kind of a complex situation,

22  I think that is another point that I need to explain in a

23  letter to Ms. Vigil, what might trigger, you know, an

24  unfortunate event in the trial.  I would like to explain

25  that to her and the James proffer situation, and then make

1    arrangements to transfer the file and answer any final

2    questions she has.

3         I believe I can take care of all of that by Tuesday

4    afternoon.

5         THE COURT:  All right.  Ms. Vigil, I have advised

6    you on the advantages of having counsel and the

7    disadvantages and dangers of proceeding without an

8    attorney, the nature of the charges and the possible

9    consequences in the event you are convicted of those

10   charges.  Are you certain at this point you still want me

11   to allow Mr. Tatum to withdraw as your counsel and proceed

12   to represent yourself?

13        THE DEFENDANT:  Yes.

14        THE COURT:  All right.  The Court, having advised

15   Ms. Vigil of the risks and limitations of proceeding to

16   represent herself and inquiring into her abilities and

17   willingness to represent herself in this Court and her

18   willingness to abide by the Court's rules and Rules of

19   Criminal Procedure and Evidence, the Court finds that

20   Ms. Vigil has knowingly, voluntarily, and intentionally

21   waived her right under the United States Constitution to

22   have the Court appoint a lawyer to represent her.

23        The Court finds that Ms. Vigil is voluntarily

24   exercising her informed free will to receive further

25   representation of court-appointed counsel and exercising

1    her right under the case of _Faretta_ and its progeny to

2    represent herself in these proceedings.

3         Defendant Vigil's motion for self-representation by

4    defendant and withdrawal by defendant's present counsel is

5    granted.  The Court will allow Mr. Tatum to withdraw as

6    counsel and for Ms. Vigil to proceed pro se.

7         The Court will make this order effective as of

8    close of business on Tuesday, August 19th, as requested by

9    Mr. Tatum, to give Mr. Tatum sufficient time to prepare a

10   closing letter to advise Ms. Vigil of what needs to be

11   done proceeding forward in this case on her own.

12        Is there anything further that needs to be brought

13   to my attention, Mr. Tatum?

14        MR. TATUM:  Judge, one other thing.  I think the

15   bond condition regarding contact with co-defendants, now

16   that Ms. Vigil --

17        THE COURT:  That is not before me.

18        MR. TATUM:  She would have to file something?

19        THE COURT:  She will have to file a motion on her

20   own.

21        MR. TATUM:  I will explain that in the closing

22   letter.

23        MR. KIRSCH:  Your Honor, you may want a separate

24   motion on this matter, as well.  I believe that after

25   Mr. Brokaw and Mr. Pawelski were allowed to represent

1   themselves, we asked for the order discovering disclosure

2   of grand jury materials to be modified to allow them to

3   possess those materials directly.

4         I will make an oral motion, if the Court allows, or

5   if the Court prefers, a written motion.  I will make a

6   written motion to allow that very same modification to the

7   grand jury disclosure to be made with respect to

8   Ms. Vigil.

9         THE COURT:  I think it would better in this case,

10  for purposes of future matters, to have that be in

11  writing.  So if you can just submit a revised motion with

12  Ms. Vigil, I will approve that.  But I would like to have

13  everything documented in writing.

14        MR. KIRSCH:  Yes, Your Honor.  We will get that in.

15        Then I have just one question, if I could, Your

16  Honor.  And, again, I think I know the answer to this, but

17  will the -- I don't think we discussed the jury selection

18  date with respect to the trial at our last conference.

19  Will that occur a week before, in accordance with the

20  Court's standard procedures?

21        THE COURT:  It depends.  I have to look at my

22  calendar to see what I have the week before, if I am in

23  trial.  If I don't issue an order, then it will happen the

24  morning of the trial.

25        MR. KIRSCH:  Okay.  Thank you, Your Honor.

```
 1        THE COURT:  All right.  Is there anything further
 2   from anybody?  All right.  Court will be in recess.
 3        (Proceedings conclude at 9:50 a.m.)
 4
 5        R E P O R T E R ' S    C E R T I F I C A T E
 6
 7        I, Darlene M. Martinez, Official Certified
 8   Shorthand Reporter for the United States District Court,
 9   District of Colorado, do hereby certify that the foregoing
10   is a true and accurate transcript of the proceedings had
11   as taken stenographically by me at the time and place
12   aforementioned.
13
14        Dated this 23rd day of September, 2015.
15
16        _____
17        s/Darlene M. Martinez
18        RMR, CRR
19
20
21
22
23
24
25
```