IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**District Judge Christine M. Arguello**

Civil Action No. 18-cv-00146-CMA
(Criminal Action No. 13-cr-00392-CMA-1)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GEORGE THOMAS BROKAW,

    Defendant/Movant.

---

ORDER OF DISMISSAL

---

Movant, George Thomas Brokaw, has filed *pro se*, a Motion under 28 U.S.C. § 2255 (Docket No. 552), challenging the validity of his convictions and sentences in this criminal action. The Court must construe Mr. Brokaw's filing liberally because he is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the § 2255 Motion will be denied.

**I. Procedural History**

Following a jury trial in November 2014, Mr. Brokaw was convicted of six counts of filing a false claim for a tax refund, in violation of 18 U.S.C. § 287; one count of conspiring to violate 18 U.S.C. § 287, in violation of 18 U.S.C. § 286; one count of corruptly endeavoring to obstruct or impede the administration of the internal revenue laws, in

1

violation of 26 U.S.C. § 7212(a); and, one count of conspiracy to violate 26 U.S.C. § 7212(a), in violation of 18 U.S.C. § 371. (Docket No. 433). Mr. Brokaw was sentenced to a total prison term of 78 months. (*Id.*). The Court of Appeals for the Tenth Circuit affirmed the convictions and sentences in *United States v. George Thomas Brokaw*, No. 15-1057 (10th Cir. June 2, 2016) (unpublished). (Docket No. 539). Mr. Brokaw did not file a petition for certiorari review in the United States Supreme Court.

On January 18, 2018, Mr. Brokaw filed a Motion under 28 U.S.C. § 2255 (Docket No. 552) in which he claims that his convictions and sentences are illegal because he was charged in a legally flawed indictment; this Court lacked jurisdiction to convict and sentence him on the criminal charges; and, his trial counsel was constitutionally ineffective. (*Id.*). Although the § 2255 Motion is not filed on the court-approved form, the Court overlooks the deficiency because the Motion is untimely.

**II. Analysis**

Pursuant to 28 U.S.C. § 2255, a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence.

The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, the one-year limitation period ran from the date on which Mr. Brokaw's conviction became final.[1]  *See* § 2255(f)(1).  Movant's judgment of conviction became final on August 31, 2016, when the 90-day period expired to seek certiorari review of the Tenth Circuit's June 2, 2016 decision in the United States Supreme Court.  *See United States v. Burch*, 202 F.3d 1274, 1278 (10th Cir. 2000); *see also* Sup. Ct. R. 13.1 (a petition for writ of certiorari to review a judgment entered by a United States court of appeals must be filed within 90 days after entry of the judgment).  The one-year period elapsed on August 31, 2017. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (adopting the anniversary method for calculating the one-year limitation period in § 2255(f)).  However, Mr. Brokaw did not file the § 2255 Motion until January 2018, more than four months later.

Movant acknowledges in the § 2255 motion that the one-year limitation period had already passed at the time of his filing.  (Docket No. 552 at 5).  He argues, however, that he is entitled to equitable tolling because he was charged in a legally flawed indictment and this Court lacked jurisdiction to convict and sentence him.  (*Id.* at 5-45).  Mr. Brokaw further contends that he is actually innocent of the offenses for which he was convicted. (*Id.* at 6).

The one-year limitation period in § 2255(f) is not jurisdictional and is subject to equitable tolling if a petitioner can show "'(1) that he has been pursuing his rights

---

[1] Mr. Brokaw does not allege any facts in the § 2255 motion to suggest that one of the other subsections of § 2255(f) is potentially applicable here, nor do the filings in this case indicate that a different commencement date applies.

diligently, and (2) that some extraordinary circumstance stood in his way.'" *United States v. Grealish*, No. 13-4182, 559 F. App'x 786 (10th Cir. May 27, 2014) (unpublished) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (applying equitable tolling to the one-year statute of limitations in 28 U.S.C. § 2244)).  Mr. Brokaw bears the burden of demonstrating that equitable tolling is appropriate in this action.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Yang v. Archuleta*, 525 F.3d 925 (10th Cir. 2008); *see also U.S. v. Garcia-Rodriguez*, 2008 WL 1868019, No. 07-8077 (10th Cir. April 28, 2008) (unpublished opinion) (relying on *Yang* for conclusion that the movant in a § 2255 motion bears the burden to show specific facts in support of a claim of extraordinary circumstances and due diligence).

Mr. Brokaw cites to the correct legal standard for the application of equitable tolling (*see id.* at 2-3), but his allegations fail to meet that standard.  Movant's assertions that the indictment was legally flawed and this Court lacked jurisdiction over his person do not constitute extraordinary circumstances that prevented him from filing a § 2255 motion before the one-year period elapsed.  Moreover, Mr. Brokaw does not state any facts to show that he pursued his post-conviction rights diligently.

Furthermore, Mr. Brokaw has not raised a colorable claim of actual innocence.  A credible showing of actual innocence provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (considering claim of actual innocence in context of one-year limitation period in 28 U.S.C. § 2244(d)). However, "tenable actual-innocence gateway pleas are rare." *Id.* "[A]ctual innocence means factual innocence, not mere legal insufficiency."  *Bousley v. United* States, 523 U.S. 614, 623

(1998).  In the § 2255 Motion, Mr. Brokaw cites to alleged legal deficiencies in his federal criminal proceeding, but does not point to any evidence of his actual innocence.  *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to make a viable claim of actual innocence, a habeas petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."); *see also United States v. McAbee*, No. 685 F. App'x 682, 686 (10th Cir. April 20, 2017) (unpublished) (applying the *Schlup* standard to a § 2255 motion).

Because Mr. Brokaw fails to state facts to demonstrate that extraordinary circumstances prevented him from filing a timely § 2255 motion, despite his diligent efforts, or that he is factually innocent of the crimes for which he was convicted, he is not entitled to equitable tolling of the one-year limitation period.  Consequently, the § 2255 Motion will be denied as untimely.

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), this Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution."  *U.S. v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  In the present case, the Court concludes that Mr. Brokaw has not made a substantial showing of the denial of a constitutional right.  Therefore, the Court denies a certificate of

appealability.   Accordingly, it is

ORDERED that the Motion UNDER 28 U.S.C. § 2255 (Docket No. 552) is DENIED as time-barred under 28 U.S.C. § 2255(f).   It is

FURTHER ORDERED that the Motion for Judicial Notice (Docket No. 554), is DENIED AS MOOT.   It is

FURTHER ORDERED that a certificate of appealability is DENIED.

DATED January 22, 2018, at Denver, Colorado.

BY THE COURT:

*[signature]*

CHRISTINE M. ARGUELLO
United States District Judge