George Thomas Brokaw
C/o Reg. No.: 39965-013
FCI-Englewood Satellite Camp
9595 W. Quincy Ave.
Littleton, Co 80123

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 06 2018

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO, DENVER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) : ) : ) : ) : ) : ) : ) : ) : ) : ) | TRAVERSE IN REPLY TO DISTRICT COURT'S OPPOSITION AND ORDER OF DENIAL AND JUDGMENT AGAINST DEFENDANT'S PETITION PURSUANT TO 28 U.S.C. § 2255, WITH REQUEST FOR RECONSIDERATION, OR IN THE ALTERNATIVE, A CERTIFICATE OF APPEALABILITY UNDER § 2253(c)(2) |
| Plaintiff, | | |
| | | Civil Action No. 18-cv-00146-CMA (Crim. Action No. 13-cr-00392-CMA |
| GEORGE THOMAS BROKAW, | | JUDGE: CHRISTINE M. ARGUELLO (United State District Judge) |
| Defendant/Movant. | | |

COMES NOW, George Thomas Brokaw, a sentient man (hereinafter "Brokaw"), as Petitioner/Movant, without benefit of counsel, pro persona, de bene esse, to file the herewith Traverse in Reply to United States District Court's jurisdictional opposition with Order of Denial and Judgment Against Defendant's Petition Pursuant to 28 U.S.C. § 2255, with Request for Reconsideration, or in the Alternative, a Certificate of Appealability under Section 2253(c)(2). See Court's Order of Denial and Final Judgment (a decree nisi), issued January 22, 2018.

The aforesaid <u>non-judicial</u> Order and Judgment are <u>advisory only</u>, and cannot be binding on Petitioner/Movant without his consent, because District Court Judge, Christine M. Arguello, lacks any judicial powers under the Constitution to render any

"order" or "judgment" that is not suspect and a mere hypothetical interpretation of the facts and law presented by Petitioner/Movant Brokaw, that are material with respect to his Section 2255 Motion. Her Honor's rendition of an order or judgment, which cannot pertain to what is called "judicial business" is purely ministerial with what appears to be yet further attempt to prejudice Brokaw's private rights to liberty and due process of law by means of a violation of U.S. Const. Articles I through III, separation of powers by asserting acts under color of U.S. Const. Art. III judicial powers, in this legislative court.

This Constitutional violation cannot be "consent cured" by Brokaw.

Under the aforesaid premise, Petitioner/Movant presents the following verified Traverse in rebuttal to Her Honor's conclusory allegations and statements unsupported by law with a request for reconsideration of the Order and Judgment, or in the alternative, a certificate of appealability under § 2253(c)(2).

## I.
## Introduction

Her Honor, the District Court Judge, in drafting her statements of Procedural History and Analysis, resorts to various misstatements of legal terminology associated with events germane to a proper recitation of procedural history and analysis of the instant court's hypothetical jurisdiction assumed to reach unconstitutional ends as relates to the indictment and conviction of Petitioner/Movant Brokaw. The following is an attempt to correct certain misstatements of procedural history and analysis of Brokaw's claim for equitable tolling as relates to Brokaw's

-2-

factual innocence and sufficient claim of "actual innocence."

Her Honor states, "Following a <u>jury trial</u> in November 2014, Mr. Brokaw was convicted... ." The term "jury trial" has constitutional implications under U.S.Const. Amendment Six and Amendment Seven which can only be conducted according to the due course of the common law of England. Both technically and constitutionally, no modified form of "jury trial" as promulgated in legislative courts lacking judicial powers satisfies the requirement for the "trial of all Crimes" in U.S. Const. Art. 3, § 2, cl. 3. There is no constitutional authority to try any capital or infamaous crime by an "advisory jury" of the "State and district" by special commissioners, that are neither "peers" nor duly empaneled in a court that is not capable of technically and constitutionally being "open" and in "session."

An advisory jury, even if required to be twelve in number, and called a jury, were rather in the nature of <u>special commissioners</u> or referees. The trial judge, was not, properly speaking, a judge, or her tribunal a court; least of all, a court of record. The proceedings before her were not according to the course of the common law; her authority was created and defined by, and rested upon, the acts of Congress only. A body of men and women, so free from judicial control, was not a common-law jury; nor was a trial by them a <u>trial by jury</u>, within the meaning of the Seventh Amendment to the Constitution. It was no more a jury, in the constitutional sense, that it would have been, if it had consisted, as has been more usual in statutes authorizing trials by a jury before a justice of the peace, of less than twelve men. It is importantant to recognize the functions of the Commission

-3-

(special commissioners), are those of referees, appointed to make preliminary investigation of and report upon matters for subsequent <u>judicial examination</u> and <u>determination</u>. In the court of first instance there was no decision maker empowered with any judicial function whatsoever. So, any verdict by such advisory jury carried no weight in the passing of any verdict of conviction of Petitioner/Movant that had any verity for holding Brokaw accountable for the crimes he was accused of committing.

It should be noted that "Federal courts [under U.S. Const. Art. III] are forbidden from issuing advisory opinions by the case-or-controversy requirement." Black's Law Dict. 1201 (9th ed. 2009)(defining "advisory opinion").

## II.
## Corrected Statement of Procedural History

Her Honor states, "Following a <u>jury trial</u> in November 2014, Mr. Brokaw was convicted of six counts... ." (Order of Dismissal (doc. 556), p.1, ¶2). Brokaw, a non-federal citizen, natural-born as an Ohioan to lawfully wedded parents, is constitutionally entitled to a "trial by jury" contemplated pursuant U.S. Const. Art. III, § 2, cl. 3, and the Sixth and Seventh Amendments, in a <u>court of competent jurisdiction</u>. Brokaw as a defendant in the court of first instance was not accorded a constitutional trial by jury. Brokaw was tried in an Article I, legislative court, which includes the Article IV territorial courts created by statute, which in fact includes the instant court, the United States District Court for the District of Colorado. Such "court" is wholly incapable of possessing any of the judicial power of the United States and as such is incapable of being a <u>court of</u>

-4-

<u>justice</u>, capable of dispensing due process of law and administering justice.

The jurisdiction of the aforesaid court was an indispensable matter necessary as an element of the nature and cause of the action contemplated by the Sixth Amendment. The plaintiff bringing the action was to bear the burden of proving jurisdiction and cause it to appear in the record of the court. No such element of jurisdiction was disclosed to deceive the defendant and the so-called jurors. There can be no presumption of jurisdiction called hypothetical jurisdiction. Jurisdiction is a <u>judicial question</u> that the instant court lacked judicial discretion to determine. Such question is only proper for the determination of court of justice.

On page 2 of her Honor's Order of Dismissal (doc. 556), 2nd paragraph, Her Honor sates, "he [Brokaw] claims that his convictions and sentences are illegal because he was charged in a <u>legally flawed</u> indictment; this court <u>lacked jurisdiction</u> to convict and sentence him on the criminal charges; and, his <u>trial counsel</u> was <u>constitutionally inneffective</u>." (Emphasis added). Her Honor also expresses objection the 2255 Motion was not on a court approved form but that this defficiency will be overlooked because "the Motion is untimely" and the issue is moot.

Her Honor's bald statements lack any legal or constitutional grounds of support presented in Brokaw's Motion. Her Honor's obvious obfuscation of facts material to Brokaw's presentation in his 2255 Motion are intentional and tainted with blind indifference.

Defendant/Movant Brokaw addresses Her Honors meritless

accusations as follows:

**1. Legally flawed indictment.** The Federal Grand Jury indictment "flaw" was not negligible, it was error to the court and a fatal variance affecting Brokaw's "substantial rights" to constitutional provision under the Fifth Amendment, which the U.S. Supreme Court held in <u>United States v. Johnson</u>, where "the record fails to disclose that there was an indictment returned against [an accused] by any grand jury in <u>open</u> <u>court</u>, or otherwise (citing Ledbetter v. United States (CCA 5th) 108 F. 52, and others)...to constitute a <u>valid</u> <u>indictment</u> for an infamous crime in Federal court, it must have been publicly present in <u>open</u> <u>court</u>, the grandjurors present answering to their names, the indictment then being delivered by the foreman to the court and the fact entered in the record." See also <u>Crain v. United States</u>, 162 U.S. 625, 645, 40 L. ed. 1097, 1102, 1103, 16 S.Ct. 952; <u>Ex Parte Bain</u>, 121 U.S. 1, 30 L.ed. 849, 7 S.Ct. 781; <u>Gagon v. United States</u>, 193 U.S. 457, 48 L.ed. 747, 24 S.Ct. 510.

Inasmuch as the initiation of prosecution through grand juries forms a vital feature of the federal system of criminal justice, the law governing its procedures and the appropriate consideration to determine the legality of its actions are matters of first importance. Therefore, in deciding that the defendants were held to answer for an infamous crime on what was <u>merely a scrap of paper</u> and not "the indictment of a grand jury" as required by the Fifth Amendment, the court of first instance went beyond that which relates to special circumstance of a particular case. See <u>Johnson</u>, supra.

There is no evidence in the record the indictment was

publicly presented in <u>open</u> <u>court</u>. This fatal variance worked a substantial injury and prejudice against Brokaw, affecting defendant's substantial rights and constitutes grounds for reversing Brokaw's conviction to protect his constitutional protection against double jeopardy.

2. **Court lacked jurisdiction.** Where the indictment was not presented in a court that was constitutionally "open" and in "session" there could be no tribunal competent to accommodate the sitting of a judge competent to conduct judicial business on criminal proceedings brought to the court through a valid indictment. Thus, only a valid indictment properly presented in a court that is open and in session provides the court jurisdiction over the person of the accused and the subject-matter of the case or controversy.

To determine whether a court is "open" and in "session" according to the meaning of those legal terms, as defined and accepted in common legal parlance, turns on the legal definitions thereof found in a common dictionary of law, to wit:

> "**<u>Open</u> <u>court</u>.** Common law requires a trial to be in open court....a court which has been formally convened and declared open for the transaction of its proper <u>judicial</u> <u>business</u>, or a court which is freely open to spectators. For accused's right to an open/public trial, see Public trial." Black's Law Dict. 1090 (6th ed. 1990)(defining "open court").

> "**<u>Public</u> <u>trial</u>.** Term "public trial" contemplated in Constitution [Amend. VI] is a trial which is not secret, one that the public is free to attend. Court <u>session</u> which is "public" is also "open", and, therefore under normal conditions, a "public trial" is one open to general public at all times." Black's Law Dict. 1232 (6th ed. 1990)(defining "public trial").

> "**<u>Session</u>.** Strictly speaking, the word "session," as applied to a <u>court</u> <u>of</u> <u>justice</u> [under U.S. Const., Art. III]...is the

time during which it actually sits for the transaction of <u>judicial business</u>... ." Black's Law Dict. 1371 (6h ed. 1990)(defining "session").

"<u>Judicial business</u>. Such as involves the exercise of <u>judicial power</u>... " Black's Law Dict. 847 (6th ed 1990)(defining "judicial business").

"<u>Judicial power</u>. The authority vested in courts and judges, as distinguished from the executive or legislative power. A power involving exercise of judgment and discretion in determination of questions of right in specific cases affecting interests of person or property, as distinguished from ministerial power involving no discretion. Inherent authority not only to hear and determine controversies [U.S. Const., Art. III, § 2] between parties, but to make binding orders and judgments. [Judicial power is] [t]he primary source of powers of federal courts is provided in Art. III of U.S. Const., and Judiciary Act of 1789... ." Black's Law Dict. 849 (6th ed. 1990)(defining "judical power"). (emphasis added).

Thus, we are here accorded a conclusive presumption that only a U. S. Const., Art. III court of justice, possessing judicial powers, qualifies as being "open" and in "session" for presentment of a federal Grand Jury indictment which is valid to give the court jurisdiction over the person of the accused and the subject-matter of dispute, and authority to proceed to trial and judgment which can be binding on the parties to the proposed action.

The indictment thus returned by a body not lawfully empowered to act to give the court jurisdiction to conduct any proceedings on the matter other than to dismiss the matter, and concluding the innocence of the unlawfully accused.

If the court assumes jurisdiction and proceeds to trial and judgment, as was done in Brokaw's case, it is conducting proceedings under the forbidden doctrine of hypothetical jurisdiction which carries the court beyond the bounds of authorized judicial action and thus offends fundamental

separation-of-powers principles, and any judgment would be void. This conclusion should come as no surprise, since it is reflecte in a long line of Supreme Court cases. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 7 Wall. 506, 514, 19 L.ed. 264 (1869). The requirement that jurisdiction be established is a threshold matter "springs form the nature and limits of the judicial power of the United States" and is "inflexible and without exception." Mansfield C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382, 28 L.ed. 462, 4 S.Ct. 510 (1884). "For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires." Steel Co. v. Citizens for Better Env., 523 U.S. 83, 101-102, 140 L.Ed.2d 210, 118 S.Ct. 1003 (1998).

Only a court of competent jurisdiction can have an existing source of subject-matter jurisdiction. See Steel, supra at 89, with citation to Ex parte Phenix Ins.Co., 118 U.S. 610, 7 S.Ct. 25, 30 L.Ed. 274.

"A court of competent jurisdiction is a court with the power to adjudicate the case before it. See Black's Law Dict. 431 (10th ed. 2014)("[a] court that has the power and authority to do a particualr act; one recognized by law as possessing the right to adjudicate a controversy"). And a court's subject-matter jurisdiction defines its power to hear cases. See Steel, supra at 89 (subject-matter jurisdiction is "the court's statutory or

-9-

constitutional power to adjudicate the case"); <u>Wachovia Bank, N.A. v. Schmidt</u>, 546 U.S. 303, 316, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006)(Subject-matter jurisdiction...concerns a courts competence to adjudicate a particular category of cases"). It follows that a court of competent jurisdiction is a court with a grant of subject-matter jurisdiction covering the case before it. Cf. Pennoyer v. Neff, 95 U.S. 714, 733, 24 L.Ed. 565 (1878)("[T]here must be a tribunal competent by it constitution- that is by the law of its creation-to pass upon the subject-matter of the suit"). <u>Lightfoot v. Cendant Mort. Corp.</u>, 580 U.S. ___, 137 S.Ct.___, 196 L.Ed.2d 493, 2017 US LEXIS 785.

**3. Trial counsel was constitutionally ineffective.** Court appointed counsel was so ineffective he was incapable of counseling defentant Brokaw at any critical stage of the proceedings. He was unable to discern all the elements, which includes court's jurisdiction, constituting the nature and cause of the action against the accused as an action in rem under admiralty or provide adversarial confrontation that was meaningful. He provided no bona fide defense to the charges against Brokaw and instead created one by attempting a useless charade, failing to hold the prosecution to its heavy burden of proof beyond a reasonable doubt to survive the crucible of meaningful adversarial testing envisioned by the Sixth Amendment. Counsel failed to exercise the skill, judgment, and diligence of a reasonably competent defense attorney. For the aforesaid reasons, Brokaw fired his defense attorney and attempted to represent himself.

**4. The Motion is untimely.** Petitioner/Movant Brokaw's 2255

Motion is in fact and law timely because he is entitled to equitable tolling due to his aforesaid <u>actual innocence</u>. Brokaw has in fact met the standard for equitable tolling and did in fact and law raise a colorable claim of actual innocence.

Furthermore, Petitioner/Movant Brokaw pursued his post conviction rights diligently with appeal to the 10th Circuit Court of Appeals, a Habeas Corpus Petition under § 2241 as well as the exploration of other alternative avenues of relief. See **EXHIBIT "1"**.

Petitioner/Movant Brokaw has made a substantial showing of numerouse violations of Brokaw's constitutional rights, contrary to Her Honor's allegations. Defendant Brokaw, in the court of first instance, was tried in a legislative court violating the separation-of-powers doctrine covered in U.S. Const. Articles I through III. **He was** denied Fifth Amendment due process of law by not ever having a forensic hearing in any court possessing judicial powers. His right to Fifth Amendment public trial was violated in a court that was not constituionally open and in session. He was denied his Sixth Amendment right by having a court appointed counsel who did not even understand the elements associated with the nature and cause of the action to formulate a viable defense against the charges lodged against Brokaw. His appointed counsel acquiesced to the hypothetical jurisdiction of the U.S. District Court, an Art. IV territorial court, capable of rendering advisory only opinions that were not binding. And, he was denied Seventh Amendment right to trial by jury under the common law, as distinguished from a jury of non-peers composed of special commissioners who could only provide a verdict of

conviction that was no more than a recommendation from referees which was subject to the acceptance of a judge, not a mere magistrate lacking judicial powers, who either accepted or rejected the verdict with substitution of his or her own verdict was nevertheless still a non-binding advisory opinion without the consent of the parties. Yet, because such colorable claim of judicial powers violated separation-of-powers, no amount of consent could cure the advisory opinion for being binding on the parties of interest in that court.

As Her Honor has pointed out, under 28 U.S.C. § 2253(c)(2), this Court may issue a certificate of appealability when it enters a "final order" in the legislative sense applicable to administrative agencies under the "finality doctrine", which never qualifies as a judicial determination that settles the rights of the parties and disposes as all issues in controversy.

**RELIEF REQUESTED**

For the above stated reasons, Petitioner/Movant Brokaw requests Her Honor either <u>reconsider</u> Her Order of Dismissal and Final Judgment with determination that Petitioner's 2255 Motion was <u>timely submitted</u> or, in the alternative, provide a <u>certifiate of appealabilty</u> under 28 U.S.C. § 2253(c)(2).

SUBMITTED this ___1st___ day of February, 2018, under the penalty of perjury under the laws of the United States of America pursuant 28 U.S.C. § 1746.

By: _[signature]_
Autograph of Petitioner/Movant