IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**District Judge Christine M. Arguello**

Civil Action No. 18-cv-00146-CMA
(Criminal Action No. 13-cr-00392-CMA-1)

UNITED STATES OF AMERICA,

 Plaintiff,

v.

GEORGE THOMAS BROKAW,

 Defendant/Movant.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

 The matter before the Court is a "Traverse in Reply to District Court's Opposition and Order of Denial and Judgment Against Defendant's Petition Pursuant to 28 U.S.C. § 2255, with Request for Reconsideration, or, in the Alternative, a Certificate of Appealability under § 2253(c)(2)" (Docket No. 558), filed by Mr. Brokaw, *pro se*, on February 6, 2018. The Court construes the filing liberally[1] as a motion for reconsideration of the January 22, 2018 Order denying his § 2255 motion as untimely. (*See* Docket No. 556).

**I. Background**

 In 2014, Mr. Brokaw was convicted of six counts of filing a false claim for a tax refund, in violation of 18 U.S.C. § 287; one count of conspiring to violate 18 U.S.C. § 287, in violation of 18 U.S.C. § 286; one count of corruptly endeavoring to obstruct or

---

[1] *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*pro se* filings should be liberally construed); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (same).

1

impede the administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a); and, one count of conspiracy to violate 26 U.S.C. § 7212(a), in violation of 18 U.S.C. § 371.  (Docket No. 433).  He was sentenced to an aggregate prison term of 78 months.  (*Id.*).  The United States Court of Appeals for the Tenth Circuit affirmed the convictions and sentences in *United States v. George Thomas Brokaw*, No. 15-1057 (10th Cir. June 2, 2016) (unpublished).  (Docket No. 539).  Mr. Brokaw did not file a petition for certiorari review in the United States Supreme Court.

On January 18, 2018, Mr. Brokaw filed a Motion under 28 U.S.C. § 2255 in which he claimed that his convictions and sentences are illegal because he was charged in a legally flawed indictment; this Court lacked jurisdiction to convict and sentence him on the criminal charges; and, his trial counsel was constitutionally ineffective.  (Docket No. 552).  The Court concluded in a January 22, 2018 Order that the § 2255 motion was untimely under 28 U.S.C. § 2255(f) because it was filed more than one year after Mr. Brokaw's conviction became final on  August 31, 2016, and, Mr. Brokaw had not demonstrated that he was entitled to equitable tolling on the asserted basis of actual innocence.  (Docket No. 556).

**II.  Motion for Reconsideration**

The Tenth Circuit has instructed that a motion for reconsideration should be treated as a second or successive habeas petition if it substantially "asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."  *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (Rule 60(b) motion); *see also United States v. Pedraza*, 466 F.3d 932, 933 & n.1 (10th Cir. 2006) (Rule 59(e) motion).

"Conversely, a motion for reconsideration is a 'true' [Rule 59(e) or Rule 60(b)] motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, [*Gonzales v. Crosby*, 545 U.S. 524, 532 n. 4 (2005)]; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition [*id.*]." *Spitznas*, 464 F.3d at 1216.  *See also In re Lindsey,* 582 F.3d 1173, 1175 (10th Cir.2009) (per curiam) (applying *Spitznas* to § 2255 proceedings.)

### A.  Second or Successive Motion

In the motion for reconsideration, Mr. Brokaw argues the merits of the claims he raised in the § 2255 motion: that he was charged based on a legally flawed indictment, that the Court lacked jurisdiction to convict and sentence him; and that his court-appointed trial counsel was constitutionally ineffective.  (*See* Docket No. 558 at 6-10). As to these claims, the Court finds that the motion for reconsideration is, in part, a second or successive § 2255 motion.   *See Pedraza*, 466 F.3d at 933 & n.1.

Under 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b)(3), Mr. Brokaw must obtain from the Tenth Circuit an order authorizing this Court to consider a second or successive § 2255 motion.  In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2255 motion.  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir.2008).

A federal prisoner seeking authorization to file a second or successive § 2255 motion must demonstrate that his claims are based on either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be

sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense," 28 U.S.C. § 2255(h)(1), or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2).

Mr. Brokaw has not obtained authorization from the Tenth Circuit to file a second or successive § 2255 motion.  Therefore, the Court must dismiss the substantive claims for relief asserted in the motion for reconsideration, which constitute a second or successive § 2255 motion, for lack of jurisdiction or transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631, if it is in the interest of justice.  *In re Cline*, 531 F.3d at 1252.

The factors to be considered in deciding whether a transfer is in the interest of justice include

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

As discussed in the January 22, 2018 Order, the substantive claims that Mr. Brokaw asserted in the § 2255 motion and again in the motion for reconsideration are barred by the applicable one-year limitation period.  *See* 28 U.S.C. § 2255(f).  Further, the claims do not appear to have merit.  And, it was clear when the successive motion was filed that this Court lacked jurisdiction over the substantive claims.  Finally, the claims do not satisfy either requirement of § 2255(h).

The Court finds that a transfer of the successive motion is not in the interest of justice under the *In re Cline* factors.  Instead, the substantive claims asserted in the

motion for reconsideration, which constitute a second or successive § 2255 motion, will be denied for lack of jurisdiction.

### B. Motion to Reconsider Procedural Ruling

In the motion for reconsideration, Mr. Brokaw also challenges this Court's procedural ruling, in the January 22, 2018 Order, that his claims are barred by the one-year limitation period in 28 U.S.C. § 2255(f). (Docket No. 558 at 11). He continues to press his claim of actual innocence as a ground for equitable tolling of the limitation period and further argues that he acted diligently in attempting to preserve his federal rights. (*Id.*). Mr. Brokaw also contends that the Court lacked jurisdiction to deny his § 2255 motion. (*Id.* at 1-2).

A motion for reconsideration that challenges a court's dismissal of a § 2255 motion as untimely and asserts a jurisdictional defect in the habeas proceeding is a "true" motion for reconsideration. *See Spitznas,* 464 F.3d at 1216 (instructing that a motion asserting that the district court incorrectly dismissed a habeas petition based on a procedural bar constitutes a true Rule 60(b) motion). *See also United States v. Quintana-Naverette*, No. 08-3200, 317 F. App'x 742, 743-44 (10th Cir. Sept. 12, 2008) (unpublished) (affirming district court's denial of Rule 60(b) motion challenging dismissal of § 2255 motion as untimely); *United States v. Beltran-Lopez*, No. 09-cr-00209-WYD-1, 2009 WL 3571522 (D. Colo. Oct. 26, 2009) (treating motion to reconsider denial of § 2255 motion as untimely as a motion for reconsideration under Fed. R. Civ. P. 59(e)).

Because the motion for reconsideration was filed within 28 days after entry of the January 22, 2018 Order denying the § 2255 motion, it is construed under Fed. R. Civ. P. 59(e). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (stating

5

that a motion to alter or amend the judgment filed within the time limits of Fed. R. Civ. P. 59(e) is construed under that Rule).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10thCir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

In the motion for reconsideration, Mr. Brokaw asserts that he met the standard for equitable tolling in his § 2255 motion and raised a colorable claim of actual innocence.  (Docket No. 558 at 11).

The Court stated in the January 22 Order:

> A credible showing of actual innocence provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (considering claim of actual innocence in context of one-year limitation period in 28 U.S.C. § 2244(d)). However, "tenable actual-innocence gateway pleas are rare." *Id*. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United* States, 523 U.S. 614, 623 (1998).  In the § 2255 Motion, Mr. Brokaw cites to alleged legal deficiencies in his federal criminal proceeding, but does not point to any evidence of his actual innocence.  *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to make a viable claim of actual innocence, a habeas petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."); *see also United States v. McAbee*, No. 685 F. App'x 682, 686 (10th Cir. April 20, 2017) (unpublished) (applying the *Schlup* standard to a § 2255 motion).
>
> Because Mr. Brokaw fails to state facts to demonstrate that extraordinary circumstances prevented him from filing a timely § 2255

>motion, despite his diligent efforts, or that he is factually innocent of the crimes for which he was convicted, he is not entitled to equitable tolling of the one-year limitation period.

(Docket No. 556 at 4-5).

Mr. Brokaw does not explain how the Court erred in ruling that he failed to make a colorable showing of factual innocence. Further, he fails to point to any new reliable evidence that he is actually innocent of the crimes of conviction.

Moreover, although Mr. Brokaw asserts in the motion to reconsider that he pursued his federal claims diligently, he does not state any facts to suggest that extraordinary circumstances prevented him from filing a timely § 2255 motion. *See United States v. Grealish*, No. 13-4182, 559 F. App'x 786 (10th Cir. May 27, 2014) (unpublished) (recognizing that the one-year period in § 2255(f) is subject to equitable tolling if a petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'") (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (applying equitable tolling to the one-year statute of limitations in 28 U.S.C. § 2244)).

Lastly, Mr. Brokaw's assertion that his motion for reconsideration should be granted because the Court lacked jurisdiction to rule on his § 2255 motion is without merit.[2] Because Mr. Brokaw was charged with federal crimes and was convicted and sentenced in the District of Colorado, this Court has exclusive jurisdiction to rule on the § 2255 motion. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the

---

2 The Court notes that to the extent Mr. Brokaw argues that the Court lacked jurisdiction to rule on his § 2255 motion because the judgment entered in the criminal case was void due to a legally flawed indictment of other jurisdiction defect, his claim is successive and must be dismissed for lack of jurisdiction. *See United States v. Mazun*, No. 09-1340, 369 F. App'x 876, 878 (10th Cir. Feb. 16, 2010) (unpublished).

laws of the United States."); *United States v. Gonzales-Arenas*, No. 17-1277, 708 F. App'x 557, 556 (10th Cir. Dec. 19, 2017) (unpublished) ("We agree with the district court [that it had] jurisdiction over Mr. Gonzalez-Arenas's criminal case under 18 U.S.C. § 3231."). *See also Brace v. United States,* 634 F.3d 1167, 1169 (10th Cir.2011) (a movant seeking relief under 28 U.S.C. § 2255 must file a motion in the federal district court that imposed the sentence); 28 U.S.C. § 2255(a).

In sum, Mr. Brokaw has not asserted any grounds to warrant the Court's reconsideration of the January 22, 2018 Order denying his § 2255 motion.

### C. Motion to Reconsider Order Denying Certificate of Appealability

Mr. Brokaw also asks the court to reconsider the order denying him a certificate of appealability (COA). (Docket No. 558 at 12).

To obtain a COA, a movant must "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has clarified that where, as here, the district court denies a habeas petition on procedural grounds, a petitioner must show that reasonable jurists would find debatable both (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further." *Id.*

Mr. Brokaw has not satisfied his burden in the motion for reconsideration.

**III. Orders**

For the reasons discussed above, it is

ORDERED that the "Traverse in Reply to District Court's Opposition and Order of Denial and Judgment Against Defendant's Petition Pursuant to 28 U.S.C. § 2255, with Request for Reconsideration, or, in the Alternative, a Certificate of Appealability under § 2253(c)(2)" (Docket No. 558), filed by Mr. Brokaw *pro se* on February 6, 2018, which the Court has construed liberally as a motion for reconsideration, is:

DENIED for lack of jurisdiction as a second or successive § 2255 motion as to the substantive claims for relief that were raised in the original § 2255 motion; and, is

DENIED to the extent Mr. Brokaw asks the Court to reconsider the January 22, 2018 Order on the basis that: the § 2255 motion was timely based on the doctrine of equitable tolling; the Court lacked jurisdiction to rule on the § 2255 motion; and, the Court erroneously denied him a COA.

DATED February 15, 2018

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge